**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-_____ (____) |
| MARKET INC., *et al.*,[1] | : | |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |

**MOTION OF THE DEBTORS FOR AN ORDER EXTENDING**
**THE TIME WITHIN WHICH THE DEBTORS MUST FILE**
**THEIR SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors (the "Debtors") move the Court for the entry of an

order pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"):  (i) setting a deadline

45 days after the Petition Date (as defined below) by which the Debtors must file their respective

(a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases

and (c) statements of financial affairs (collectively, the "Schedules and Statements"); and

(ii) granting certain related relief.  In support of this Motion, the Debtors incorporate the

statements contained in the Declaration of James Dibbo in Support of First-Day Pleadings

(the "First Day Declaration") filed contemporaneously herewith and further respectfully state as

follows:

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636).  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

**Background**

1.      On the date hereof (the "Petition Date"), each of the Debtors commenced a

case under chapter 11 of the Bankruptcy Code.[2]  By a motion filed on the Petition Date, the

Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only

and administered jointly.

2.      Founded in 2006 as wholly-owned subsidiaries of Tesco PLC ("Tesco"),

the Debtors operate a chain of Fresh & Easy grocery stores offering high-quality, wholesome,

fresh prepared and ready-to-eat products at affordable prices.  The Debtors currently operate

167 stores located in California, Arizona and Nevada.  In addition to their stores portfolio, the

Debtors operate a state of the art production facility in Riverside, California (the "Campus")

including meat and produce facilities and a kitchen, each housed in its own building, providing

Fresh & Easy-branded fresh food products.  In close proximity to the Campus is one of the

Debtors' two distribution centers, with the other inactive distribution center located in Stockton,

California.  For the twelve months ending February 24, 2013, the Debtors generated

approximately $1.1 billion in revenue.

3.      As described in more detail in the First Day Declaration, the Debtors have

commenced these chapter 11 cases to effectuate a sale of a substantial portion of their assets on a

going concern basis to a stalking horse bidder, YFE Holdings, Inc. (the "Proposed Buyer"), a

company affiliated with The Yucaipa Companies, LLC, subject to any higher and better offers

received in connection with a proposed sale process.  The Debtors intend to liquidate all other

assets not included in the proposed sale.  The Debtors believe the proposed sale and the

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to
28 U.S.C. §§ 1408 and 1409.

liquidation of the remaining portion of the Debtors' assets represents the best strategy to maximize value for the Debtors' various stakeholders.

## Legal Basis for Relief Requested

4.     Bankruptcy Rules 1007(b) and (c) require a chapter 11 debtor to file with its voluntary petition — or within 15 days thereafter — its Schedules and Statements.  Local Rule 1007-1(b) automatically extends this 15-day deadline for an additional 15 days if a debtor has more than 200 creditors and if the petition is accompanied by a list of all such creditors and their addresses.  Bankruptcy Rule 1007(c) provides a bankruptcy court with the ability to extend a debtor's time to file its schedules and statements "for cause."

5.     Completing the Schedules and Statements requires the Debtors to collect, review and assemble a substantial amount of information.  As mentioned above, the Debtors' business is a large and complex enterprise, with potentially thousands of creditors and/or other parties in interest.  Given the size and complexity of the Debtors' business and financial affairs, and the critical matters that the Debtors' management and professionals were required to address prior to commencement of these chapter 11 cases — and must address in the early days of these cases — the Debtors respectfully request that the Court extend the deadline for filing the Schedule and Statements to 45 days from the Petition Date without prejudice to the Debtors' right to seek further extensions of such periods upon a showing of cause therefore pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1(b).  The substantial size, scope and complexity of these chapter 11 cases, and the volume of material that must be compiled and reviewed by the Debtors' limited staff to complete the Schedules and Statements for all of the Debtors during the hectic early days of these cases provide ample "cause" justifying, if not compelling, the requested extension.

6.      The additional time requested herein also should help ensure that such documents are as accurate as possible.  As such, the Debtors believe it would be an inefficient use of the Debtors' limited resources to commence preparation of the Schedules and Statements prior to the Debtors' closing their books for the month of September.  Further, given the volume of information provided in these documents and the fact that the information is required to be accurate as of the Petition Date, additional time will help ensure that the relevant information is fully processed through the Debtors' information systems and can be incorporated into the relevant schedules.  Rushing to complete the Schedules and Statements soon after the Petition Date likely would compromise the completeness and accuracy of the Schedules and Statements.

7.      In large chapter 11 cases such as these, courts in this District have routinely found cause to extend the deadlines imposed by Bankruptcy Rule 1007 and Local Rule 1007-1(b).  See, e.g., In re AFA Investment Inc., et al., Case No. 12-11127 (MFW) (Bankr. D. Del. Apr. 3, 2012) (allowing the debtors 52 days from the petition date to file their schedules and statements of financial affairs); In re Blitz U.S.A., Inc. et al., Case No. 11-13603 (PJW) (Bankr. D. Del. Dec. 28, 2011) (allowing the debtors 40 days from the petition date to file their schedules and statements of financial affairs); In re Trident Resources Corp., Case No. 09-13150 (MFW) (Bankr. D. Del. Sept. 10, 2009) (allowing the debtors 45 days from the petition date to file their schedules and statements of financial affairs); In re The Fairchild Corp., Case No. 09-10899 (CSS) (Bankr. D. Del. Apr. 5, 2009) (allowing the debtors 60 days from the petition date to file their schedules and statements of financial affairs).

## Consent to Jurisdiction

8.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Notice**

9.      Notice of this Motion shall be provided to:  (i) the Office of the United

States Trustee for the District of Delaware; (ii) the parties included on the Debtors' consolidated

list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions;

(iii) counsel to the Proposed Buyer; (iv) counsel to Tesco PLC; and (v) all parties entitled to

notice pursuant to Local Rule 9013-1(m).  Due to the nature of the relief requested herein, the

Debtors respectfully submit that no further notice of this Motion is necessary.


[The remainder of this page is intentionally blank.]

WHEREFORE, the Debtors respectfully requests that the Court enter an order substantially in the form annexed hereto as <u>Exhibit A</u>:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  September 30, 2013
        Wilmington, Delaware

Respectfully submitted,

/s/ Mark D. Collins
Mark D. Collins (DE 2981)
John H. Knight (DE 3848)
Lee E. Kaufman (DE 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

Paul D. Leake
Lisa Laukitis
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

PROPOSED ATTORNEYS FOR DEBTORS

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-_____ (___) |
| MARKET INC., *et al.*,[1] | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**ORDER GRANTING MOTION OF THE DEBTORS FOR AN ORDER
EXTENDING THE TIME WITHIN WHICH THE DEBTORS  MUST
FILE  THEIR SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

This matter coming before the Court on the Motion of the Debtors for an Order

Extending the Time Within Which the Debtors Must File Their Schedules and Statements of

Financial Affairs (the "Motion"),[2] filed by the above-captioned debtors (collectively,

the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having

considered the statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); the Court having found that (i) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this

district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances;

after due deliberation the Court having determined that the relief requested in the Motion is

necessary and essential for the Debtors' reorganization and such relief is in the best interests of

the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636).  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED.

2.        The time within which the Debtors must file their Schedules and

Statements is extended through and including November 14, 2013, without prejudice to the

Debtors' right to seek further extensions of such periods upon a showing of cause therefore.


Dated: _____, 2013        _____
       Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE