UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FRESH & EASY NEIGHBORHOOD MARKET INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| Debtors. | (Joint Administration Requested) |
| | **Hearing Date:** October 24, 2013 at 11:00 a.m. (EDT) |
| | **Obj. Deadline:** October 17, 2013 at 4:00 p.m.(EDT) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN REAL PROPERTY LEASES AND (II) GRANTING CERTAIN RELATED RELIEF

The above captioned debtors (collectively, the "Debtors") move this Court for the entry of an order pursuant to sections 105(a), 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code")  (i) authorizing the Debtors to reject certain real property leases and (ii) granting certain related relief.  In support of this Motion, the Debtors incorporate the statements contained in the Declaration of James Dibbo in Support of First-Day Pleadings (the "First Day Declaration") filed contemporaneously herewith and further respectfully state as follows:

### Background

1. On the date hereof (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2]  By a motion filed on the Petition Date, the

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636).  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

NYI-4546486v1
RLF1 9419182v.1

Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and administered jointly.

2.  Founded in 2006 as wholly-owned subsidiaries of Tesco PLC ("Tesco"), the Debtors operate a chain of Fresh & Easy grocery stores offering high-quality, wholesome, fresh prepared and ready-to-eat products at affordable prices. The Debtors currently operate 167 stores located in California, Arizona and Nevada. In addition to their stores portfolio, the Debtors operate a state of the art production facility in Riverside, California (the "Campus") including meat and produce facilities and a kitchen, each housed in its own building, providing Fresh & Easy-branded fresh food products. In close proximity to the Campus is one of the Debtors' two distribution centers, with the other inactive distribution center located in Stockton, California. For the twelve months ending February 24, 2013, the Debtors generated approximately $1.1 billion in revenue.

3.  As described in more detail in the First Day Declaration, the Debtors have commenced these chapter 11 cases to effectuate a sale of a substantial portion of their assets on a going concern basis to a stalking horse bidder, YFE Holdings, Inc. (the "Proposed Buyer"), a company affiliated with The Yucaipa Companies, LLC, subject to any higher and better offers received in connection with a proposed sale process. The Debtors intend to liquidate all other assets not included in the proposed sale. The Debtors believe the proposed sale and the liquidation of the remaining portion of the Debtors' assets represents the best strategy to maximize value for the Debtors' various stakeholders.

*The Dark Store Leases*

4.  As of the Petition Date, the Debtors were tenants under approximately 192 real property leases, of which approximately 183 are nonresidential leases and

approximately 9 are residential leases. The vast majority of these leases relate to stores the Debtors operate in various locations across Arizona, California and Nevada.

5. To date, the Debtors have identified 34 "dark store" leases, as set forth on <u>Exhibit A</u> attached hereto (collectively, the "<u>Dark Store Leases</u>").[3] The Debtors have ceased operations at each of the Dark Store Lease locations. Moreover, the Debtors have, or soon will have, physically vacated the properties and surrendered the keys, alarm codes or other means of access to the respective landlord (collectively, the "<u>Landlords</u>"), thereby affording the appropriate Landlord the ability to re-let the premises. The date of such surrender for each Dark Store Lease shall be the "<u>Surrender Date</u>".

6. After assessing the terms of each Dark Store Lease and the relevant retail lease market conditions in each Dark Store Lease location, the Debtors believe they could not assume and assign the Dark Store Leases in a manner that would provide any economic benefit to the Debtors' estates. Thus, to avoid the accrual of unnecessary administrative expenses that would arise absent the rejection of the Dark Store Leases, the Debtors have determined, in an exercise of their sound business judgment, to reject the Dark Store Leases <u>nunc</u> <u>pro</u> <u>tunc</u> as of the later of the Petition Date or the applicable Surrender Date.

7. The Debtors provided each of the Landlords with notice of this Motion by facsimile or overnight mail (collectively, the "<u>Rejection Notices</u>").

**Legal Basis for Relief Requested**

8. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). In addition, section 554 of the Bankruptcy Code allows the trustee to abandon property

---

[3] The Dark Store Leases include one residential real property lease. The premises that is the subject of this lease is vacant.

of the estate that is burdensome to the estate or that is of inconsequential value. 11 U.S.C. § 554(a).

9. Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. <u>NLRB v. Bildisco & Bildisco</u>, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); <u>see</u> also <u>In re Taylor</u>, 913 F.2d 102 (3d. Cir. 1990); <u>In re Buckhead America Corp.</u>, 180 B.R. 83 (Bankr. D. Del. 1995).

10. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. <u>See</u> <u>In re Trans World Airlines, Inc.</u>, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. <u>N.L.R.B. v. Bildisco</u> (<u>In re Bildisco</u>), 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") <u>aff'd</u>, 465 U.S. 513. Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." <u>L.R.S.C. Co. v. Rickel Home Centers, Inc.</u> (<u>In re Rickel Home Centers, Inc.</u>), 209 F.3d 291, 298 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.</u>, 83 F.3d 735,

741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

11. As described above, the Debtors no longer are operating stores at any of the Dark Store Lease locations. Further, the Debtors believe there is no way to monetize their leasehold interests in the Dark Store Lease locations. As such, there exists no reason for the Debtors to allow the accrual of additional liabilities under the Dark Store Leases, and the rejection of the Dark Store Leases is an exercise of the Debtors' sound business judgment.[4]

12. The Debtors further request that the Court approve rejection of the Dark Store Leases nunc pro tunc to the later of the Petition Date or the applicable Surrender Date. Courts have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities under the circumstances. See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case); In re Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that "rejection has been allowed nunc pro tunc to the date of the motion or the premises were surrendered . . ."). Courts that have permitted retroactive rejection generally have permitted rejection to be effective as of the date on which the non-debtor party to the lease was informed of the debtor's "unequivocal intent to reject the leases." In re Fleming, 304 B.R. at 96; see also In re Cynergy Data, LLC, Case No. 09-13038 (KG) (Bankr. D. Del. Dec. 9, 2009); In re Loewen Group Int'l, Inc., Case No. 99-1244 (PJW) (Bankr. D. Del. Aug. 18, 2000). By this Motion, the Debtors are hereby unequivocally informing the counterparties to the Dark Store Leases that the Debtors intend to unequivocally reject the Dark Store Leases as of the date on which this Motion is filed.

---

[4] Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) the assumption of any contract or unexpired lease.

-6-

Moreover, the Debtors no longer, or soon will not, occupy the premises at any of the Dark Store Lease locations. As such, rejection of the Dark Store Leases as of the later of the Petition Date or the applicable Surrender Date is appropriate.

**Requests for Immediate Relief & Waiver of Stay**

13. Pursuant Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek a waiver of any stay of the effectiveness of an order granting this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

**Consent to Jurisdiction**

14. Pursuant to Local Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Notice**

15. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (iii) counsel to the Proposed Buyer; (iv) counsel to Tesco PLC; (v) all Landlords to the Dark

Store Leases, as set forth in <u>Exhibit A</u> attached hereto; and (vi) all parties entitled to notice pursuant to Local Rule 9013-1(m).  Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

## **No Prior Request**

16. No previous request for relief sought herein has been made to this Court or any other court.

[The remainder of this page is intentionally blank.]

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit B: (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated: September 30, 2013
       Wilmington, Delaware

Respectfully submitted,

/s/ William A. Romanowicz
Mark D. Collins (DE 2981)
John H. Knight (DE 3848)
Lee E. Kaufman (DE 4877)
William A. Romanowicz (DE 5794)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Paul D. Leake
Lisa Laukitis
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

PROPOSED ATTORNEYS FOR DEBTORS