**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-12569 (KJC) |
| MARKET INC., *et al.*,[1] | : | |
| | : | (Joint Administration Requested) |
| Debtors. | : | |
| | : | **Hearing Date:** October 24, 2013 at 11:00 a.m. (EDT) |
| | : | **Obj. Deadline:** October 17, 2013 at 4:00 p.m. (EDT) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**GRANTING (I) ADEQUATE PROTECTION TO TESCO PLC**
**TO THE EXTENT OF SETOFF RIGHTS AND (II)  RELATED RELIEF**

The above-captioned debtors (collectively, the "Debtors") move the Court pursuant to sections 105(a), 361, 362(d), 363(e), 506(a), 507(b) and 553 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order in the form attached hereto as Exhibit A (the "Order"):  (i) granting adequate protection liens and claims to Tesco PLC ("Tesco") in respect of any valid setoff rights that Tesco may have in respect of its claims in these chapter 11 cases and (ii) granting certain related relief.  In support of this Motion, the Debtors incorporate the statements contained in the Declaration of James Dibbo in Support of First-Day Pleadings (the "First Day Declaration") and further respectfully state as follows:

---

[1]  The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636).  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

## Background

1. On the date hereof (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2] By a motion filed on the Petition Date, the Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and administered jointly.

2. Founded in 2006 as wholly-owned subsidiaries of Tesco PLC ("Tesco"), the Debtors operate a chain of Fresh & Easy grocery stores offering high-quality, wholesome, fresh prepared and ready-to-eat products at affordable prices. The Debtors currently operate 167 stores located in California, Arizona and Nevada. In addition to their stores portfolio, the Debtors operate a state of the art production facility in Riverside, California (the "Campus") including meat and produce facilities and a kitchen, each housed in its own building, providing Fresh & Easy-branded fresh food products. In close proximity to the Campus is one of the Debtors' two distribution centers, with the other inactive distribution center located in Stockton, California.

3. As described in more detail in the First Day Declaration, the Debtors have commenced these chapter 11 cases to effectuate a sale of a substantial portion of their assets on a going concern basis to a stalking horse bidder, YFE Holdings, Inc. (the "Proposed Buyer"), a company affiliated with The Yucaipa Companies, LLC, subject to any higher and better offers received in connection with a proposed sale process. The Debtors intend to liquidate all other assets not included in the proposed sale. The Debtors believe the proposed sale and the

---

[2] This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

liquidation of the remaining portion of the Debtors' assets represents the best strategy to maximize value for the Debtors' various stakeholders.

### Legal Basis for Relief Requested

4.  Tesco is the Debtors' ultimate parent company and largest single creditor by a large margin. Since its founding in 2006, Tesco has funded Debtor Fresh & Easy Neighborhood Market Inc. ("Fresh & Easy") and Debtor Fresh & Easy Property Company LLC through substantial capital contributions and intercompany loans. After giving effect to the voluntary conversion of certain such intercompany loans to equity of Fresh & Easy, as described in the First Day Declaration, one or both Debtors remain obligated to Tesco in respect of more than $738 million in principal amount of intercompany loans (the "Intercompany Indebtedness").

5.  On August 25, 2010, Fresh & Easy and Tesco entered into a Tax Sharing Agreement (the "Tax Sharing Agreement") that provided for payment by Tesco to Fresh & Easy in certain circumstances. While the current amount owed to Fresh & Easy in respect of the Tax Sharing Agreement has not yet been determined, Fresh & Easy believes the unpaid amount as of the Petition Date (the "Tax Sharing Obligation") is approximately $165 million.

6.  In recent months, Tesco has met the Debtors' liquidity needs primarily through advances by Tesco against the anticipated amount of the Tax Sharing Obligation, and the Debtors may request additional advances to meet their liquidity needs from time to time in the future. In addition, Tesco has taken other steps to support the successful restructuring of the Debtors as a going concern through the proposed sale (the "Proposed Sale") to the Proposed Buyer or another bidder. These actions include, inter alia, funding the settlement of vendor claims prior to filing, funding or guaranteeing certain of the Debtors' employee obligations and voluntary severance payments and agreeing to provide $120 million in financing to the Proposed Buyer in connection with the Proposed Sale.

7. Postpetition, Tesco may have rights to withhold further advances against the Tax Sharing Obligation, which may be subject to, among other things, withholding under section 542(b) of the Bankruptcy Code or any rights Tesco may have to seek relief from the automatic stay to exercise setoff rights under section 553 of the Bankruptcy Code and applicable non-bankruptcy law.  In order to induce Tesco to make additional advances in light of these potential rights, the Debtors seek to obtain an Order providing Tesco with adequate protection claims and liens as set forth in the Order.  Conditioned on the relief sought herein being granted, Tesco is willing to continue to support the Debtors by providing additional advances against the Tax Sharing Obligation to the extent necessary to provide liquidity to pay postpetition ordinary course operating expenses of the Debtors through the consummation of the Proposed Sale.

8. The adequate protection claims and liens sought herein would be subject to a full reservation of rights by all parties in interest, including the right to challenge the validity of any claims or setoff rights asserted by Tesco, and any adequate protection would be limited solely to any diminution in valid setoff rights resulting from postpetition advances to the Debtors by Tesco in respect of the Tax Sharing Obligations.

9. Granting limited adequate protection to Tesco, conditioned on the validity of its setoff rights, is clearly in the best interests of the Debtors, their estates and all parties in interest.  The Debtors understand that, consistent with past practice, if the relief requested by this Motion is granted, Tesco is willing to make advances to the Debtors against the Tax Sharing Agreement at intervals and amounts to be mutually agreed by the Debtors and Tesco, in their sole discretion.  Tesco's advances in respect of the Tax Sharing Obligation will be used to ensure that the Debtors have sufficient liquidity to operate until the consummation of the Proposed Sale and the wind-down of the Debtors' remaining assets.

10. The relief sought herein will permit Tesco to preserve any setoff rights it may have while still permitting the Debtors to retain access to their most critical source of funding until most of their operations are sold or wound down. In short, granting the relief sought in the Motion removes the need for Tesco to withhold further advances or to assert its setoff rights at this time, while preserving for future determination the question of the validity and extent of such rights. The relief accordingly does nothing more than preserve the status quo for all parties while assuring continuity of the Debtors' operations. In light of Tesco's potential setoff rights, pending further order of the Court, except as agreed between the Debtors and Tesco, Tesco would not be obligated to make any payment or advances on account of the Tax Sharing Obligation.

11. To the extent that Tesco has a valid right to set off the Tax Sharing Obligation and the Intercompany Indebtedness, it is a secured creditor to the extent of the amount of such setoff right. 11 U.S.C. § 506(a)(1). To the extent that the automatic stay remains in effect as to any setoff rights Tesco may have, and Tesco makes further payments on account of the Tax Sharing Obligation, Tesco's setoff interest would suffer diminution on account of the imposition of the automatic stay or the Debtors' use of property in which Tesco has an interest. Such diminution entitles Tesco to adequate protection. *See* 11 U.S.C. §§ 361, 362(d), 363(e). Adequate protection is evaluated on a case-by-case basis and may be provided in various forms, including the grant of superpriorty administrative claims. *See In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ("[T]he determination of adequate protection is a fact specific inquiry . . . left to the vagaries of each case . . . .") (citation and quotation omitted).

12. Here, the adequate protection being provided to Tesco is limited to a superpriority claim secured by a first priority lien on all property of the estates of the Debtors (other than avoidance actions under chapter 5 of the Bankruptcy Code and the proceeds thereof),

whether now existing or hereafter acquired, that is not subject to existing valid, perfected and non-avoidable liens as of the Petition Date and a junior lien other property of the estates, subject in each case to a carve out for the payment, *inter alia*, of certain allowed fees and expenses for professionals of the Debtors and the official committee of unsecured creditors, and the fees of the Clerk of the Court and the U.S. Trustee.  Such adequate protection will compensate Tesco solely for any diminution in its valid setoff rights, if any, as a result of postpetition advances against the Tax Sharing Obligation.   Given that limited adequate protection will provide the opportunity for the Debtors to access a necessary source of liquidity and that the Order will preserve the rights of all parties in respect of Tesco's claims and setoff, the relief sought herein is clearly in the best interests of the estates and should be approved.

## Consent to Jurisdiction

13. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Notice

14. Notice of this Motion shall be provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (iii) counsel to the Proposed Buyer; (iv) counsel to Tesco PLC; and (v) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

## No Prior Request

15. No previous request for relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated:  September 30, 2013<br>Wilmington, Delaware | Respectfully submitted,<br><br>/s/ William A. Romanowicz<br>Mark D. Collins (DE 2981)<br>John H. Knight (DE 3848)<br>Lee E. Kaufman (DE 4877)<br>William A. Romanowicz (DE 5794)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:  (302) 651-7701<br><br>-and-<br><br>Paul D. Leake<br>Lisa Laukitis<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017<br>Telephone:  (212) 326-3939<br>Facsimile:  (212) 755-7306<br><br>PROPOSED ATTORNEYS FOR DEBTORS |