# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | :| |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-12569 (KJC) |
| MARKET INC., *et al.*,[1] | : | |
| | : | (Joint Administration Requested) |
| Debtors. | : | |
| | : | **Re: Docket No. ___** |

**ORDER GRANTING ADEQUATE PROTECTION**
**TO TESCO PLC TO THE EXTENT OF SETOFF AND RELATED RELIEF**

This matter coming before the Court upon the Motion of the Debtors for an Order Granting (i) Adequate Protection to Tesco PLC ("Tesco") to the Extent of Setoff Rights and (ii) related relief (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation and consideration and sufficient cause having been shown;

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NYI-4546652v1
RLF1 9419395v.1

IT IS HEREBY ORDERED THAT:[3]

1. The Motion is GRANTED as set forth herein.

2. This Court has core jurisdiction over this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.  The Court has authority to enter this Order as a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The notice given by the Debtors of the Motion and the Hearing thereon constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 2002 and 4001(d) and the Local Rules.

4. As adequate protection, Tesco is hereby granted, for and in an amount equal to any diminution in value as of the Petition Date of any setoff right rights Tesco may have, whether between the Tax Sharing Obligation and the Intercompany Indebtedness or otherwise, (i) an allowed superpriority administrative claim against each Debtor (jointly and severally) subject only to the Carve Out (as defined below) and with priority over any and all administrative expenses and all other claims against the Debtors, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all other administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all other administrative expenses or other claims arising under any other provision of the Bankruptcy Code, including, without limitation, sections 105, 326, 503(b), 506(c), 507(a), 507(b) or 726 of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment (the "<u>Adequate Protection Claim</u>"); and (ii) a valid, binding, continuing, enforceable, fully-perfected lien and

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

security interest securing the Adequate Protection Claim on all pre- and postpetition property of the Debtors' estates (other than avoidance actions under chapter 5 of the Bankruptcy Code and the proceeds thereof), whether now existing or hereafter acquired, and the proceeds, product, offspring or profits of such property (the "Adequate Protection Lien").  The Adequate Protection Lien shall be subject and subordinate only to the Carve Out and to valid and non-avoidable liens existing on the Petition Date that are perfected as of the Petition Date or as permitted by section 546(b) of the Bankruptcy Code, and shall have priority over any and all other liens on such property, including, without limitation, any liens arising after the Petition Date or granted pursuant to sections 364(c) or 364(d) of the Bankruptcy Code.

5.    The "Carve Out" means (a) all fees required to be paid to the Clerk of the Bankruptcy Court and to the U.S. Trustee under section 1930(a) of title 28 of the United States Code and section 3717 of title 31 of the United States Code, (b) court expenses payable under 28 U.S.C. § 156(c), (c) all reasonable fees and expenses incurred by a trustee under section 726(b) of the Bankruptcy Code not to exceed $25,000 and (d) all unpaid fees and expenses allowed by the Court for the professionals of the Debtors or the official committee of unsecured creditors that are retained pursuant to sections 327 and 1103 of the Bankruptcy Code, as applicable (and unpaid out-of-pocket expenses allowed by the Court for any members of the official committee of unsecured creditors (but excluding fees and expenses of third-party professionals employed by such members of the official committee of unsecured creditors)) not to exceed $2,000,000 with respect to such fees and expenses incurred after the earliest of (i) the date that the Adequate Protection Claim is payable by order of the Court, (ii) the date that Tesco is able to enforce rights or remedies in respect of the Adequate Protection Claim or the Adequate Protection Lien by order of the Court, (iii) the date of dismissal of any of the chapter 11 cases, (iv) the date of conversion of any of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, (v)

the date of entry of an order appointing a chapter 11 trustee in any of the chapter 11 cases or (iv) the date of entry an order appointing an examiner with enlarged powers in any of the chapter 11 cases.

6. The rights of the Debtors, the official committee of unsecured creditors in these cases, Tesco and all other parties in interest to assert or dispute the Tax Sharing Obligation, the Intercompany Indebtedness and the extent, if any, of Tesco's setoff rights, including, without limitation, the extent, if any, of the Adequate Protection Claim and the Adequate Protection Lien, are expressly preserved.

7. The grant of adequate protection to Tesco pursuant to this Order is without prejudice to Tesco's right to seek modification of the adequate protection provided hereby so as to provide different or additional adequate protection, and the rights of any party in interest to oppose any such request.

8. Nothing in this order shall limit the rights of the Debtors to use, sell or lease property of the estate in accordance with section 363 of the Bankruptcy Code, subject, in the case of transactions requiring the approval of the Court, to such additional or substitute adequate protection as may be ordered by the Court.

9. Without further order of the Court or notice to any party, the Debtors are hereby authorized to take such actions and enter into such agreements they deem necessary or desirable to effectuate the terms of this Order, including entry into and performance under any agreement between Fresh & Easy and Tesco providing for Tesco to make advances to the Debtors in respect of Tax Sharing Obligation. Absent further Order of the Court, except as agreed to in writing between the Debtors and Tesco, Tesco shall not be obligated to pay or advance any portion of the Tax Sharing Obligation.

-5-

10. The Adequate Protection Claim and the Adequate Protection Lien shall be in full force and effect in accordance with this Order without further action by the Debtors or any other party, and the Adequate Protection Lien shall be effective and perfected as of the Petition Date without the necessity of the execution, recordation or filing of any mortgages, security agreements, financing statements or other agreements; provided, however, that Tesco shall not take action against property of the estates of the Debtors to enforce the Adequate Protection Claim or the Adequate Protection Lien, except as authorized on motion by further Order of the Court.

11. This Order shall inure to the benefit of and shall be binding on the Debtors, its estates and any successors in interest, including without limitation any chapter 11 or chapter 7 trustee that may be appointed.

12. Notwithstanding any Bankruptcy Rule, this Order shall be immediately effective and enforceable upon entry.

13. This Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: _____, 2013
      Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE