# ORIGINAL

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FRESH & EASY NEIGHBORHOOD MARKET INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 6** |

## ORDER (I) APPROVING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion of the Debtors for an Order (I) Approving the Continued Use of the Debtors' Cash Management System and (II) Granting Other Related Relief (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to: (i) maintain their Cash Management Systems in substantially the same form as described in the Motion; (ii) implement ordinary course changes to their Cash Management Systems; and (iii) open and close bank accounts; provided, however, that the Debtors give notice to the Office of the United States Trustee, Tesco PLC and any official committees appointed in these chapter 11 cases prior to opening or closing a bank account. Any new domestic bank account opened by the Debtors shall be opened at a bank that has an executed a uniform depository agreement on file with the Office of the United States Trustee for the District of Delaware, or at a bank that is willing to execute such an agreement, and (ii) established at an institution insured by the FDIC or the FSLIC and that is organized under the laws of the United States or any State therein.

3. The Debtors and, to the extent applicable, its agent, Jones Lang LaSalle Americas, Inc. ("JLL"), are authorized to continue to use the Bank Accounts under existing account numbers without interruption.

4. JLL, as agent on behalf of the Debtors, is authorized, but not directed, to continue to receive, collect, and disburse funds through the JLL Accounts as accounts of the applicable Debtor as debtor in possession without interruption. The Debtors are authorized, but not directed, to pay JLL its fees and expenses in connection with such services without interruption.

5. The Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the applicable Debtor as debtor in possession without interruption, and to receive, process, honor and pay any and all checks and drafts drawn

on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; unless, with respect to any particular check, the Debtors have delivered a stop payment notice to the applicable Bank.

6. The Debtors shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or business forms. Nonetheless, as soon as practicable after the Petition Date, the Debtors will include "D.I.P." on any checks that they print electronically. Further, upon depletion of the Debtors' check stock and/or business forms stock, the Debtors will obtain new check stock and/or business forms stock reflecting their status as debtors in possession.

7. For the avoidance of doubt, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

8. The Banks are authorized, but not directed, to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH Transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH Transfers are dated prior to, on, or subsequent to the Petition Date. The Banks shall not be liable to any party on account of: (i) following the Debtors' instructions or representations as to any order of this Court; (ii) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. The Banks are authorized, but not directed, to charge, and the Debtors are authorized to pay or honor, the Bank Fees related to the Bank Accounts. The Banks also are

authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. The Debtors are authorized to continue prefunding the Prefunded Services. The Banks are authorized, but not directed, to debit and credit the Bank Accounts as appropriate in connection with the Prefunded Services.

11. For the Banks at which the Debtors hold Bank Accounts that are party to a uniform depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order, the Debtors shall: (i) contact each Bank; (ii) provide such Bank with each of the Debtors' employer identification numbers; and (iii) identify each of their Bank Accounts being held at such Banks as being held by a debtor in possession in a bankruptcy case.

12. Notwithstanding anything to the contrary contained herein, any payment made, or authorization contained herein shall be subject to the requirements imposed on the Debtors under any order approving the use of cash collateral.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

14. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: October 1, 2013
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1 9416617v.1