**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| FRESH & EASY NEIGHBORHOOD | : Case No. 13-12569 (KJC) |
| MARKET INC., *et al.,*[1] | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Hearing Date:  October 24, 2013 at 11:00 a.m. (EDT)** |
| | : **Obj. Deadline:  October 17, 2013 at 4:00 p.m. (EDT)** |

**MOTION OF THE DEBTORS FOR AN**
**ORDER ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The above-captioned debtors (collectively, the "Debtors") hereby move the Court

for the entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules")

(i) establishing procedures for the interim compensation and reimbursement of expenses of

professionals and (ii) granting certain related relief.  In support of this Motion, the Debtors

respectfully state as follows:

---

[1]      The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636).  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

**Background**

1.      On September 30, 2013 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2]  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2.      Founded in 2006 as wholly-owned subsidiaries of Tesco PLC ("Tesco"), the Debtors operate a chain of Fresh & Easy grocery stores offering high-quality, wholesome, fresh prepared and ready-to-eat products at affordable prices.  The Debtors currently operate 167 stores located in California, Arizona and Nevada.  In addition to their stores portfolio, the Debtors operate a state of the art production facility in Riverside, California (the "Campus") including meat and produce facilities and a kitchen, each housed in its own building, providing Fresh & Easy-branded fresh food products.  In close proximity to the Campus is one of the Debtors' two distribution centers, with the other inactive distribution center located in Stockton, California.  For the twelve months ending February 24, 2013, the Debtors generated approximately $1.1 billion in revenue.

3.      The Debtors have commenced these chapter 11 cases to effectuate a sale of a substantial portion of their assets on a going concern basis to a stalking horse bidder, YFE Holdings, Inc. (the "Proposed Buyer"), a company affiliated with The Yucaipa Companies, LLC, subject to any higher and better offers received in connection with a proposed sale process.  The Debtors intend to liquidate all other assets not included in the proposed sale.  The Debtors believe the proposed sale and the liquidation of the remaining portion of the Debtors' assets represents the best strategy to maximize value for the Debtors' various stakeholders.

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

*Retention of Professionals*

4.     The Debtors have filed, or anticipate filing, applications to retain Jones Day as general restructuring counsel; Richards, Layton & Finger as local counsel; Pillsbury Winthrop Shaw Pittman LLP as special corporate counsel; and Alvarez & Marsal North America, LLC, as financial advisors and investment bankers.  The Debtors anticipate that, as these cases progress, they may need to retain other professionals.  In addition, one or more statutory committees (collectively, the "Committees") may be appointed in these cases.  It is anticipated that the Committees would retain counsel, and possibly other professionals, to assist them in fulfilling their obligations.

5.     By this Motion, the Debtors request the entry of an order authorizing and establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code (collectively, the "Professionals") on a monthly basis, on terms comparable to the procedures established in other large chapter 11 cases.  Such an order will streamline the professional compensation process and enable the Court and all other parties to monitor more effectively the professional fees incurred in these chapter 11 cases.

6.     Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a)     On or after the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation or expense reimbursement, may (i) file a monthly fee application (each a "Monthly Fee Application") with the Court and (ii) serve the Monthly Fee Application, by hand or overnight delivery, on:  (1) the Debtors, Fresh & Easy Neighborhood Market Inc., 2120 Park Place, Suite 200, El Segundo, California 90245 (Attn: Mary Kasper); (2) counsel to the Debtors, Jones

-3-

Day, 222 East 41st Street, New York, New York 10017 (Attn: Lisa Laukitis and Justin F. Carroll), and local counsel to the Debtors, Richards, Layton & Finger, 920 North King Street, Wilmington, Delaware 19801 (Attn: John H. Knight and Lee E. Kaufman); (3) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn.: Tiiara Patton); (4) counsel to Tesco PLC, Davis Polk & Wardwell, 450 Lexington Avenue New York, NY 10017 (Attention: Donald S. Bernstein and Damon P. Meyer); and (5) counsel to any Committee appointed in the Debtors' chapter 11 cases (each, a "Notice Party" and collectively, the "Notice Parties").  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.  All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable Third Circuit law.

(b)     Each Notice Party will have twenty (20) days after filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline").  Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to paragraph 6.c. hereof.

(c)     If any Notice Party objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection"), which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Professional may either:  (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d)     Each Professional may submit its first Monthly Fee Application on or after November 20, 2013, and such Monthly Fee Application shall be for the period from the Petition Date through and including October 31, 2013.

(e)     Beginning with the period ending December 31, 2013, and at three-month intervals thereafter or such other intervals convenient to the Court (the "Interim Fee Period"), each Professional may file with the Court and serve on the Notice Parties a request, pursuant to section 331 of the Bankruptcy Code, for interim Court approval and allowance of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Interim Fee Period (an "Interim Fee Application").  The Interim Fee Application, which shall be substantially in the form attached to the Proposed Order as Exhibit 1 and incorporated by reference herein, must include a brief description identifying (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Court or required by the Local Rules.  Objections, if any, to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day following service of the applicable Interim Fee Application.

(f)     Each Professional shall file and serve its Interim Fee Application within forty-five (45) days of the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.  The first Interim Fee Application shall cover the period from the Petition Date and through and including December 31, 2013, and may be filed on or before February 14, 2014.

(g)     The Debtors shall request a hearing on the pending Interim Fee Applications at least every six (6) months.  The Debtors, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate.

(h)     The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.  In addition, any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by such Professional.  There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i)     Neither (i) the payment of or the failure to pay in whole or in part, a Monthly Fee Application nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals.  All fees and expenses

paid to the Professionals are subject to disgorgement until final allowance by the Court.

7.      The Debtors also request that each member of a Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.  Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization is unavailable under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Third Circuit law or the practices of this Court.

8.      In addition, the Debtors request that the Court limit the notice of interim and final fee application requests to:  (i) the Notice Parties; and (ii) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice.  The Debtors further request that:  (x) the Notice Parties be entitled to receive interim and final fee applications and any notice of hearing thereon (collectively, the "Hearing Notice"); and (y) all other parties entitled to notice be entitled to receive only the Hearing Notice.  Providing notice of interim and final fee application requests in this manner will permit the parties most active in these chapter 11 cases to review professional fees.

**Legal Basis for Relief Requested**

9.      Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After

> notice and a hearing, the court may allow and disburse to such
> applicant such compensation or reimbursement.

11 U.S.C. § 331.

10.    Section 331 of the Bankruptcy Code establishes the general rule that professionals may apply to the court for compensation for services and/or reimbursement of expenses only three times per year.  However, section 331 of the Bankruptcy Code also expressly allows a court to permit the more frequent filing of such applications.  In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently."  In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727 (Bankr. D. Del. 2000).  Courts regularly have entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis.

11.    In In re Knudsen Corp., 84 B.R. 668, 671-72 (B.A.P. 9th Cir. 1988), the court analogized the conditional payment of interim compensation prior to court approval to payment under rolling retainer agreements, which contemplate the payment of a lump sum at the beginning of a case and the periodic deduction of fees and expenses from that lump sum as they accrue.  The court noted that retainer agreements are expressly authorized under section 328(a) of the Bankruptcy Code, which states, in relevant part, "[t]he trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer."  From this express authorization of retainers, the Knudsen court inferred the authorization of interim compensation procedures similar to those proposed in this Motion:

> It makes little sense that the court could allow payment of a lump
> sum or periodic retainer before fees are earned, but not after.  The
> critical factor is that the fees must not be finally allowed (i.e., they
> must be subject to repayment) until a detailed application is filed,

an opportunity for objection has been provided, and the court has
reviewed the application.

Knudsen, 84 B.R. at 671.  Thus, the court held that, while the ultimate allowance and

disbursement of compensation and expenses is permitted only in accordance with section 331 of

the Bankruptcy Code, that section does not prohibit the conditional transfer of funds pursuant to

section 328 of the Bankruptcy Code.  Id.

12.     In Mariner, the court embraced the rationale and conclusion of the

Knudsen decision, holding that section 328 of the Bankruptcy Code "permits a court to approve a

procedure which allows monthly conditional interim payments to be made to a professional

without prior court approval, subject to later review and disgorgement."  Mariner, 257 B.R.

at 730.  From Knudsen, Mariner adopted a non-exclusive list of factors for courts to consider

before allowing such compensation procedures:  (i) the case is unusually large, with

exceptionally large fees accruing each month; (ii) an extended payment period would place an

undue hardship on counsel; (iii) counsel can respond to any reassessment of fees; and (iv) the fee

retainer procedure itself is the subject of a noticed hearing prior to any payment thereunder.  Id.

13.     The Debtors submit that the Compensation Procedures sought herein are

appropriate considering the factors articulated by the Mariner court.  Moreover, the proposed

Compensation Procedures are consistent with those established in other large chapter 11 cases in

this District.  See, e.g., In re OnCure Holdings, Inc., Case No. 13-11540 (KG) (Bankr. D. Del.

Jul. 23, 2013); In re AFA Investment Inc., Case No. 12-11127 (MFW) (Bankr. D. Del.

Apr. 20, 2012); In re Harry & David Holdings, Inc., Case No. 11-10884 (MFW) (Bankr. D. Del.

Apr. 26, 2011).

RLF1 9434047v.1

## Consent to Jurisdiction

14.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Notice

15.     Notice of this Motion shall be provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (iii) counsel to the Proposed Buyer; (iv) counsel to Tesco PLC; and (v) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

## No Prior Request

16.     No previous request for relief sought herein has been made to this Court or any other court.

[The remainder of this page is intentionally blank.]

RLF1 9434047v.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  October 2, 2013
      Wilmington, Delaware

Respectfully submitted,

*/s/ Lee E. Kaufman*
Mark D. Collins (DE 2981)
John H. Knight (DE 3848)
Lee E. Kaufman (DE 4877)
Amanda R. Steele (DE 5530)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

Paul D. Leake
Lisa Laukitis
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*PROPOSED ATTORNEYS FOR DEBTORS*