# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FRESH & EASY NEIGHBORHOOD MARKET INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: Oct. 24, 2013 at 11:00 a.m. (EDT) |
| | Obj. Deadline: Oct. 17, 2013 at 4:00 p.m. (EDT) |

## APPLICATION TO EMPLOY AND RETAIN RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") file this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to employ and retain Richards, Layton & Finger, P.A. ("**RL&F**") as their bankruptcy co-counsel *nunc pro tunc* to September 30, 2013 (the "**Petition Date**"), pursuant to Section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). In support of this Application, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

RLF1 9401836v.1

## BACKGROUND

2. On the Petition Date, voluntary petitions were filed by the Debtors under Chapter 11 of the Bankruptcy Code in this Court, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). Additional information regarding the Debtors' business and the background relating to events leading up to the Chapter 11 Cases can be found in the *Declaration of James Dibbo in Support of First Day Pleadings* (the "**First Day Declaration**") [Docket No. 3], filed with the Court on the Petition Date and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

4. The Debtors are seeking to employ and retain RL&F *nunc pro tunc* to the Petition Date to represent them as their co-counsel in connection with their Chapter 11 filings and prosecution of their bankruptcy cases. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order authorizing them to employ and retain RL&F as their attorneys under an evergreen retainer *nunc pro tunc* to the Petition Date and as further described in the affidavit of Mark D. Collins, a director at RL&F (the "**Collins Affidavit**"), attached hereto as **Exhibit B**.

A. **Services to be Provided**

5. Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render the following professional services:

> a) to prepare all necessary petitions, motions, applications, orders, reports, and papers necessary to commence the Chapter 11 Cases;

b) to advise the Debtors of their rights, powers, and duties as debtors and debtors in possession under Chapter 11 of the Bankruptcy Code;

c) to prepare on behalf of the Debtors all motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estates;

d) to take action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors;

e) to assist the Debtors with the sale of any of their assets pursuant to section 363 of the Bankruptcy Code;

f) to prepare the Debtors' disclosure statement and any related motions, pleadings, or other documents necessary to solicit votes on the Debtors' plan of reorganization;

g) to prepare the Debtors' plan of reorganization;

h) to prosecute on behalf of the Debtors, any proposed Chapter 11 plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

i) to perform all other necessary legal services in connection with the Chapter 11 Cases.

### BASIS FOR RELIEF

6. Under Section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C § 328(a).

7. The Debtors believe that RL&F is well qualified to represent them in their bankruptcy cases in an efficient and timely manner. The Debtors have selected RL&F as their

co-counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, its proximity to the Court, and its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

8.  To that end, RL&F has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as co-counsel to the Debtors.

9.  By separate application, the Debtors are also seeking to employ the law firm of Jones Day as co-counsel in the Chapter 11 Cases. Jones Day and RL&F have discussed a division of responsibilities regarding the Debtors' representation in the Chapter 11 Cases and will make every effort to avoid and/or minimize duplication of services.

A.  **Professional Compensation**

(i)  Professional Fees

10.  RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Subject to those provisions, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the Collins Affidavit. The Debtors submit that these rates are reasonable.

11.  Prior to the Petition Date, the Debtors paid RL&F a total retainer of $200,000.00 (the "**Retainer**") in connection with and in contemplation of the Chapter 11 Cases. The Debtors propose that the retainer monies paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout the

Chapter 11 Cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

12.   RL&F submits that an evergreen retainer is appropriate here. Evergreen retainer agreements reflect normal business terms in the marketplace. See In re Insilco Techs., Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("it is not disputed that the taking of evergreen retainers is a practice now common in the marketplace . . . [and] the practice in this district has been engaged in since at least the early 1990s"). Moreover, RL&F and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Accordingly, approval of the proposed evergreen retainer is thus warranted under the standards articulated in Insilco. Id.

    (ii)    Expenses

13.   It is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, long-distance telephone charges, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research charges, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court. RL&F believes that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

**B.   Disinterestedness**

14.   To the best of the Debtors' knowledge and as disclosed herein and in the Collins Affidavit: (a) RL&F is a "disinterested person" under Section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) RL&F's

directors and associates have no connection to the Debtors, their creditors, or their related parties except as may be disclosed in the Collins Affidavit.

**C.      Rule 5002**

15.     As set forth in the Collins Affidavit, no director or associate of RL&F is a relative of, or has been so connected with, any Judge of the of the United States Bankruptcy Court for the District of Delaware.  Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

## NOTICE

16.     No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases.  The Debtors have provided notice of this Application to:  (a) the Office of the United States Trustee for the District of Delaware, (b) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (c) counsel to the Proposed Buyer; (d) counsel to Tesco PLC; and (e) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Application has been made to this or any other court.

RLF1 9401836v.1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief the Court deems just and proper.

Dated: October 3, 2013

Fresh & Easy Neighborhood Market Inc., et al.
Debtors and Debtors in Possession

By: _____
James Dibbo
Chief Financial Officer of the Debtors