## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-12569 (KJC) |
| MARKET INC., *et al.,*[1] | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR, *NUNC PRO TUNC* AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this application (the "Application") for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Prime Clerk LLC ("Prime Clerk") as administrative advisor in these chapter 11 cases, nunc pro tunc as of September 30, 2013 (the "Petition Date") pursuant to the applicable terms of the Agreement for Services, dated September 20, 2013 (the "Services Agreement") attached hereto as Exhibit A and as described herein.  In support of this Application, the Debtors submit the Declaration of Michael J. Frishberg, Co-President and Chief Operating Officer of Prime Clerk, (the "Frishberg Declaration"), a copy of which is attached hereto as Exhibit B and incorporated herein.

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636).  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

## Background

1.      On the Petition Date, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2]  The Debtors chapter 11 cases are consolidated for procedural purposes only and administered jointly.

2.      Founded in 2006 as wholly-owned subsidiaries of Tesco PLC ("Tesco"), the Debtors operate a chain of Fresh & Easy grocery stores offering high-quality, wholesome, fresh prepared and ready-to-eat products at affordable prices.  The Debtors currently operate 167 stores located in California, Arizona and Nevada.  In addition to their stores portfolio, the Debtors operate a state of the art production facility in Riverside, California (the "Campus") including meat and produce facilities and a kitchen, each housed in its own building, providing Fresh & Easy-branded fresh food products.  In close proximity to the Campus is one of the Debtors' two distribution centers, with the other inactive distribution center located in Stockton, California.  For the twelve months ending February 24, 2013, the Debtors generated approximately $1.1 billion in revenue.

3.      The Debtors have commenced these chapter 11 cases to effectuate a sale of a substantial portion of their assets on a going concern basis to a stalking horse bidder, YFE Holdings, Inc. (the "Proposed Buyer"), a company affiliated with The Yucaipa Companies, LLC, subject to any higher and better offers received in connection with a proposed sale process.  The Debtors intend to liquidate all other assets not included in the proposed sale.  The Debtors believe the proposed sale and the liquidation of the remaining portion of the Debtors' assets represents the best strategy to maximize value for the Debtors' various stakeholders.

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.        On the Petition Date, the Debtors filed an application for an order appointing Prime Clerk as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f) (the "Section 156(c) Application"). The Debtors believe that administration of these chapter 11 cases will require Prime Clerk to perform duties outside the scope requested in the Section 156(c) Application.  Therefore, to enable Prime Clerk to provide services outside the scope of any order approving the Section 156(c) Application, the Debtors submit this Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, for an order authorizing the Debtors to employ and retain Prime Clerk as Administrative Advisor for the Debtors in accordance with the Services Agreement attached hereto as Exhibit A.

## Prime Clerk's Qualifications

5.        Prime Clerk is a relatively new chapter 11 administrator, but it is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals previously have acted as debtor's legal counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.

## Services to be Provided

6.        Pursuant to the Services Agreement, the Debtors seek to retain Prime Clerk to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

(a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(e) Provide such other processing, solicitation, balloting and other administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the clerk's office.

## Professional Compensation

7. The fees Prime Clerk will charge in connection with providing services to the Debtors are set forth in the Services Agreement. The Debtors respectfully submit that Prime Clerk's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Prime Clerk as Administrative Advisor. The Debtors believe Prime Clerk's rates are more than reasonable given the quality of Prime Clerk's services and its professionals' bankruptcy expertise. Additionally, Prime Clerk will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Services Agreement.

8. Prime Clerk intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides pursuant to the Services Agreement. Prime Clerk will comply with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the District of Delaware (the "U.S. Trustee")  and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

9.    Prior to the Petition Date, the Debtors provided Prime Clerk a retainer in the amount of $25,000.  Prime Clerk seeks to first apply the retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Services Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

10.    Additionally, under the terms of the Services Agreement, the Debtors have agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in the Services Agreement.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

## Disinterestedness

11.    Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Frishberg Declaration, Prime Clerk is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

12. Prime Clerk believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Legal Basis for Relief Requested**

13. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

14. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

15. Local Rule 2014-1 further requires that an entity seeking to employ a professional under Bankruptcy Code section 327 must file:

> [A] supporting affidavit or verified statement of the professional person and a proposed order for approval. Promptly after learning of any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

Del. Bankr. L.R. 2014-1(a).

16.     In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Prime Clerk pursuant to the terms of the Services Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.  The Debtors also believe that the terms and conditions of the Services Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

17.     Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Prime Clerk as the Administrative Advisor in these chapter 11 cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## Consent to Jurisdiction

18.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Notice

19.     Notice of this Application shall be provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (iii) counsel to the Proposed Buyer; (iv) counsel to Tesco PLC; and (v) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Application is necessary.

## **No Prior Request**

20.    No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  October 3, 2013
       Wilmington, Delaware

Respectfully submitted,

_____
Chief Financial Officer of the Debtors