UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-12569 (KJC) |
| MARKET INC., *et al.*,[1] | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**DEBTORS' APPLICATION FOR AN ORDER
AUTHORIZING THEM TO RETAIN AND EMPLOY JONES DAY
AS COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE**

The above-captioned debtors (collectively, the "Debtors") hereby apply to the Court for entry of an order pursuant to sections 327(a) and 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing them to retain and employ Jones Day as counsel in these chapter 11 cases, *nunc pro tunc* as of September 30, 2013 (the "Petition Date"). In support of this Application, the Debtors submit (i) the Declaration of Lisa Laukitis, a partner of Jones Day (the "Laukitis Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein, and (ii) Jones Day's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit B and incorporated herein, and further respectfully states as follows:

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

**Background**

1.      On September 30, 2013 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2] The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2.      Founded in 2006 as wholly-owned subsidiaries of Tesco PLC ("Tesco"), the Debtors operate a chain of Fresh & Easy grocery stores offering high-quality, wholesome, fresh prepared and ready-to-eat products at affordable prices.  The Debtors currently operate 167 stores located in California, Arizona and Nevada.  In addition to their stores portfolio, the Debtors operate a state of the art production facility in Riverside, California (the "Campus") including meat and produce facilities and a kitchen, each housed in its own building, providing Fresh & Easy-branded fresh food products.  In close proximity to the Campus is one of the Debtors' two distribution centers, with the other inactive distribution center located in Stockton, California.  For the twelve months ending February 24, 2013, the Debtors generated approximately $1.1 billion in revenue.

3.      The Debtors have commenced these chapter 11 cases to effectuate a sale of a substantial portion of their assets on a going concern basis to a stalking horse bidder, YFE Holdings, Inc. (the "Proposed Buyer"), a company affiliated with The Yucaipa Companies, LLC, subject to any higher and better offers received in connection with a proposed sale process.  The Debtors intend to liquidate all other assets not included in the proposed sale.  The Debtors believe the proposed sale and the liquidation of the remaining portion of the Debtors' assets represents the best strategy to maximize value for the Debtors' various stakeholders.

---

[2]     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     By this Application, the Debtors seek to retain and employ Jones Day as counsel in these chapter 11 cases to represent the Debtors in all aspects of their reorganization, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, *nunc pro tunc* as of the Petition Date, pursuant to the engagement letter between Jones Day and the Debtors, dated as of August 30, 2013, a copy of which is attached as <u>Exhibit C</u> hereto (the "<u>Engagement Letter</u>").[3]

**Legal Basis for Relief Requested**

*Jones Day's Qualifications*

5.     Jones Day is particularly well qualified to serve as the Debtors' counsel in these chapter 11 cases. Jones Day is one of the largest law firms in the world, with a national and international practice, and has substantial experience in virtually all aspects of the law that may potentially arise in these chapter 11 cases, including bankruptcy, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, mergers and acquisitions, real estate, securities and tax expertise.

6.     Jones Day's restructuring practice group consists of approximately 74 attorneys practicing in offices throughout the United States and overseas. Jones Day's restructuring lawyers have played significant roles in a wide array of chapter 11 cases, including those of AbitibiBowater Inc.; Adelphia Communication Corporation; AES Eastern Energy, L.P.; AFA Investment Inc.; American Airlines Inc.; Bi-Lo LLC; Boscov's, Inc.; Calpine Corporation; Chemtura Corporation; Chrysler LLC; Dana Corporation; FLYi, Inc.; Forum Health, Inc.; Fountainebleau Las Vegas Holdings LLC; Franciscan Communities St. Mary of Woods, Inc.;

---

[3] Any references to or summaries of the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the summaries provided herein.

General Maritime Corporation; GSI Group, Inc.; Harry & David Holdings, Inc.; Hostess Brands, Inc.; Interep National Radio Sales, Inc.; Lehman Brothers Holdings, Inc.; Levitz Home Furnishings, Inc.; Los Angeles Dodgers LLC; Meridian Automotive Systems, Inc.; Metaldyne Corporation; MF Global Holdings Ltd.; NexPak Corporation; Osyka Corporation; Penton Business Media Holdings; Performance Transportation Services, Inc.; Plant Insulation Company; PLVTZ, Inc.; Proliance International, Inc.; Qimonda Richmond, LLC; Rock US Holdings Inc.; Specialty Products Holding Corp.; TOUSA, Inc.; Tribune Company; Tower Automotive, Inc.; and WHX Corporation.

    7. Jones Day is also familiar with the Debtors' business.  In connection with various prepetition matters, Jones Day's professionals have worked closely with the Debtors' management and other professionals, and, as a result, have become well acquainted with the Debtors' history, operations, assets and liabilities and related matters.  Accordingly, Jones Day has developed substantial knowledge regarding the Debtors that will result in effective and efficient services in these chapter 11 cases.

***Services to Be Provided by Jones Day***

    8. The employment of Jones Day as the Debtors' restructuring counsel pursuant to the terms of this Application is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and to implement their chapter 11 strategy.  The Engagement Letter describes, among other things, (a) services that Jones Day anticipates performing for the Debtors in these chapter 11 cases, (b) the terms and conditions of Jones Day's proposed engagement by the Debtors and (c) the means by which conflicts of interest will be identified, disclosed and avoided.  The Debtors anticipate that Jones Day will render general legal services to the Debtors as needed throughout the course of these chapter 11 cases, including any bankruptcy, corporate, employee benefits, environmental, finance, intellectual property,

labor and employment, litigation, real estate, securities and tax advice.  In particular, the Debtors anticipate that Jones Day will perform, among others, the following legal services:

    (a)    advising the Debtors of their rights, powers and duties in continuing to operate and manage their respective businesses and properties under chapter 11 of the Bankruptcy Code;

    (b)    preparing on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed in these chapter 11 cases;

    (c)    advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in these chapter 11 cases;

    (d)    advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

    (e)    reviewing the nature and validity of any liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

    (f)    advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

    (g)    advising the Debtors in connection with the formulation, negotiation and promulgation of a plan or plans of reorganization and related transactional documents;

    (h)    advising and assisting the Debtors in connection with any asset sales and potential property dispositions;

    (i)    advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructurings and recharacterizations;

    (j)    assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

    (k)    commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization;

      (l)      advising and assisting the Debtors in negotiations with the Debtors' suppliers, certain customers, creditors and other stakeholders;

      (m)      providing non-bankruptcy services for the Debtors to the extent requested by the Debtors; and

      (n)      performing all other necessary and appropriate legal services in connection with these chapter 11 cases for or on behalf of the Debtors.

9.      The Debtors require knowledgeable counsel to render these essential professional services. As noted above, Jones Day has substantial expertise in all of these areas. Moreover, as also indicated above, Jones Day has obtained valuable institutional knowledge of the Debtors' business and financial affairs as a result of its representation of the Debtors prior to the Petition Date. Accordingly, the Debtors respectfully submit that Jones Day is uniquely well qualified to perform these services and represent the Debtors' interests in these chapter 11 cases.

*Compensation and Fee Applications*

10.      Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of this Application, Jones Day intends to: (i) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered; and (ii) seek reimbursement of actual and necessary out-of-pocket expenses.[4]

11.      The names, positions, resident offices and current hourly rates of those Jones Day lawyers currently expected to spend significant time on these chapter 11 cases are attached to the Laukitis Declaration as Schedule 3.[5] Jones Day's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and

---

[4]    The hourly rates charged by Jones Day professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident.

[5]    Schedule 3 is a non-exclusive list of such lawyers. Jones Day reserves the right to increase its billing rates in accordance with its normal billing policies.

complexity similar to these chapter 11 cases.  For all of these reasons, Jones Day's rates are reasonable and favorable to the Debtors' estates.

13.     Jones Day's hourly billing rates are subject to periodic review and adjustments.  Prior to any increase in rates as set forth in <u>Schedule 3</u> of the Laukitis Declaration, Jones Day will file a supplemental affidavit with the Court and give ten business days' notice to the office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Debtors have received notice of and approved the proposed rate increase.

13.     Jones Day intends to maintain detailed contemporaneous time records and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures that may be established by the Court in these cases.  Jones Day has agreed to accept as compensation such sums as may be allowed by the Court.  Jones Day understands that interim and final fee awards are subject to approval by this Court.

***Disclosure Concerning Disinterestedness***

14.     The Laukitis Declaration discloses Jones Day's connections to the Debtors and parties in interest in these cases and is incorporated herein by reference.  In reliance on the Laukitis Declaration, the Debtors believe that:  (i) Jones Day has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants except as set forth in the Laukitis Declaration; (ii) Jones Day is not a creditor, equity security holder or insider of the Debtors; (iii) none of Jones Day's attorneys is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and

(iv) Jones Day neither holds nor represents an interest materially adverse to the Debtors or their respective estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason. Accordingly, the Debtors believe that Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

## Consent to Jurisdiction

15. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Notice

16. Notice of this Application shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, as identified in their chapter 11 petitions; (iii) counsel to the Proposed Buyer; (iv) counsel to Tesco PLC; and (v) all parties entitled to notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Application is necessary.

## No Prior Request

No previous request for relief sought herein has been made to this Court or any other court.

[The remainder of this page is intentionally blank.]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit D: (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated: October 3, 2013　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

_____
Chief Financial Officer of the Debtors