# EXHIBIT D

**Schedule B to the Engagement Letter;**
**Section 12 to the Engagement Letter**

(Note: capitalized terms used in this Exhibit D but not defined in such Exhibit shall have the respective meanings ascribed to them in the Engagement Letter)

**Schedule B to the Engagement Letter**

**Real Estate Compensation**

**Lease Terminations, Assignments and Subleases.**

(i) In connection with the lease of (i) any Property listed on Schedule A-2 and (ii) any other Property as to which Company has directed Consultant to conduct claim reduction negotiations, for each such lease which is terminated, Consultant shall earn and be paid a fee ("**Claim Reduction Fee**") in the dollar amount equal to 2.0% of the amount by which the Termination Cost, as defined below, for the applicable lease, is less than the Threshold Amount, as defined below, for that lease. "**Termination Cost**" for a lease termination, assignment or sublease means the amount of consideration paid to a landlord to effect a lease termination, assignment or sublease. "**Threshold Amount**" means the full amount of a claim calculated, as of the effective date of the lease termination, pursuant to Section 502(b)(6) of the United States Bankruptcy Code, that the landlord would have had with regard to the lease if the lease had been rejected as of the lease termination date in a case under the Bankruptcy Code, whether or not the Company is in fact a debtor in a case under the Bankruptcy Code at that time.

(ii) For each lease of a Property that is listed on Schedule A-1 that is assigned or subleased, Consultant shall earn and be paid a fee in the dollar amount equal to the sum of (x) 2.0% of the Gross Proceeds, as defined below, paid to Company to effect the assignment or sublease, plus (y) a Claim Reduction Fee, as defined above. "**Gross Proceeds**" means the amount of all consideration paid to or on behalf of the Company to effect the assignment or sublease. For assignments and sublease transactions, Termination Cost, if any, will be reduced by the amount of rent or other lease charges scheduled to be paid by the assignee or subtenant.

(iii) For each closed sale of an owned Property, except the Stockton, CA distribution center ("**Stockton DC**") and the Stockton, CA kitchen facility ("**Stockton Kitchen**"), Consultant shall earn and be paid a fee in the dollar amount equal to 3.0% of the gross purchase price. As to the Stockton DC and the Stockton Kitchen, Company has advised Consultant that Company intends to enter into a "stalking horse" agreement with one of the parties listed on Schedule B-1 or any of its affiliates (the "Original Prospects"). Consultant shall prepare and implement a marketing program to obtain the highest and best bid against the stalking horse bidder, subject, if applicable, to Court-approved procedures in the Bankruptcy Case. If the Stockton DC sale closes, then Consultant shall earn and be paid a fee in the dollar amount equal to either (i) if one of the Original Prospects is the winning bidder, 0.75% of the gross purchase price; or (ii) if the winning bidder is not one of the Original Prospects, 0.75% of the gross purchase price for the first $50.0 million of gross purchase price plus 2.0% of any additional gross purchase price. If the Stockton Kitchen sale closes, then Consultant shall earn and be paid a fee in the dollar amount equal to either (i) if one of the Original Prospects is the winning bidder, 0.75% of the gross purchase price; or (ii) if the winning bidder is not one of the Original Prospects, 0.75% of the gross purchase price for the first $7.0 million of gross purchase price plus 2.0% of any additional gross purchase price.

**Payment of Fees.** Fees shall be earned as set forth above. Fees for owned Property transactions shall be payable at closing and for leased Property transactions shall be payable within ten business days after receipt of an invoice from Consultant therefore.

+++++++++++++++++++++++++++

## Schedule B-1

## ORIGINAL PROSPECTS

1. KTR Partners

2. Panattoni Development

3. Hillwood Enterprises

4. Pitco Foods

5. Ares Management

6. Medline Industries, Inc.

7. Fortress Investment Group

8. TPG Capital

++++++++++++++++++++++++++++++++++++++++++++++++++++++++

## Section 12 to the Engagement Letter

12. <u>Survival of Fee</u>.  In the event Company, or its successors or assigns, enters into any transaction with a landlord of a Property or other party during the term of this Agreement, the result of which would entitle Consultant to a fee for Real Estate Services pursuant to this Agreement, then Consultant shall be entitled to its fee pursuant to the terms of this Agreement. If Consultant has conducted documented substantive negotiations with a landlord or other party prior to the termination of this Agreement and an agreement with such landlord or other party is entered into within one hundred eighty (180) days after the termination of this Agreement, which agreement ultimately leads to the consummation of a transaction(s), the result of which would otherwise have entitled Consultant to a fee for Real Estate Services pursuant to this Agreement, then  Consultant shall be entitled to a fee for such transaction(s) in accordance with the terms of this Agreement.  Consultant must provide to Company, as part of its otherwise required reporting, a written list of such parties with whom it had documented substantive negotiations within ten (10) business days after termination of this Agreement.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++