# EXHIBIT D

**Proposed Order**

NYI-4545487v3
RLF1 9443557v.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| FRESH & EASY NEIGHBORHOOD | : | Case No. 13-12569 (KJC) |
| MARKET INC., *et al.*,[1] | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN (A) ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS AND (B) ALVAREZ & MARSAL SECURITIES, LLC AS INVESTMENT BANKERS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND (II) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(d)**

Upon the application (the "Application") filed by the Debtors[2] pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-2 for entry of an order authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC ("A&M-NA"), and Alvarez & Marsal Securities, LLC ("A&M-S and together with A&M-NA, "A&M") as financial advisors and investment bankers in these chapter 11 cases, nunc pro tunc to the Petition Date on the terms and conditions set forth in that certain engagement letter between the Debtors and A&M (the "Engagement Letter"), a copy of which is attached to the Application as Exhibit A as more fully set forth in the Application; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest; and upon consideration of the A&M Declarations;

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application or the A&M Declarations.

and it appearing that this Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ A&M as their financial advisors and investment bankers *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter, except as provided by this Order.

3. The terms of the Engagement Letter including the Indemnification Provisions (as modified in the Application) are reasonable terms and conditions of employment and are approved, as hereinafter modified.

4. A&M-S will file fee applications for interim and final allowance of compensation and reimbursement of fees and expenses in accordance with section 328(a) of the Bankruptcy Code, and such Bankruptcy Rules as may then be applicable, and any procedures or orders of this Court.  A&M-S shall be compensated based on the rates set forth in the Engagement Letter and the Application, and A&M-S' compensation shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; provided, however, that the U.S. Trustee and the Court retain all rights to object to A&M-S' interim and

final fee application (including expense remburement) on all grounds, including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; provided further, however, the amount of hours expended by A&M-S shall not by itself demonstrate that A&M-S' compensation is reasonable or unreasonable.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&M-S' fees.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&M's compensation.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approvals of fee applications, A&M-S and its professionals shall be excused from keeping time summaries for services rendered in one-tenth (0.10) of an hour increments and instead A&M-S is hereby authorized to keep reasonably detailed time records in half-hour (0.50) increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

6. A&M-NA shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

7. A&M-S shall be exempt from the requirements set forth in any Interim Compensation Order entered in these chapter 11 cases with respect to their professional fees

only.  A&M-S shall comply with the requirements set forth in any Interim Compensation Order and Local Rule 2016-2(e) with respect to any expenses they incur during the course of their engagement in these chapter 11 cases.

8. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE