IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FRESH & EASY NEIGHBORHOOD MARKET INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 88 *230* |

**ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN (A) ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS AND (B) ALVAREZ & MARSAL SECURITIES, LLC AS INVESTMENT BANKERS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND (II) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(d)**

Upon the application (the "Application") filed by the Debtors[2] pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-2 for entry of an order authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC ("A&M-NA"), and Alvarez & Marsal Securities, LLC ("A&M-S and together with A&M-NA, "A&M") as financial advisors and investment bankers in these chapter 11 cases, nunc pro tunc to the Petition Date on the terms and conditions set forth in that certain engagement letter between the Debtors and A&M (the "Engagement Letter"), a copy of which is attached to the Application as Exhibit A as more fully set forth in the Application; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest; and upon consideration of the A&M Declarations; and it appearing that this Court has jurisdiction over the matters raised in the Application

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application or the A&M Declarations.

RLF1 9561516v.1

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ A&M-NA as their financial advisors, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter, except as provided by this Order.

3. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ A&M-S as their investment bankers, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter, except as provided by this Order.

4. The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified, including the following Indemnification Provisions:

    (a)    A&M shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    (b)    The Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence,

willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of A&M contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to A&M's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution or reimbursement.

5. The terms of section 4(b) of the Engagement Letter are further modified in accordance with the following:

(a) For purposes of section 4(b)(i) of the Engagement Letter, the definition of the term "Potential Bidder(s)" means as such term is defined in the Bidding Procedures approved pursuant to the Court's Order (I) Approving Procedures In Connection With the Sale of a Substantial Portion of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (II) Authorizing the Debtors to Enter Into a Stalking Horse APA In Connection Therewith, (III) Authorizing the Payment of Stalking Horse Protections, (IV) Setting Bid Deadline, Auction and Sale Approval Hearing Dates, (V) Establishing Notice Procedures and Approving Forms of Notice and (VI) Approving Procedures Related to Assumption

RLF1 9561516v.1

and Assignment of Executory Contracts and Unexpired Leases (Docket No. 186) (the "Bidding Procedures"); provided, however, a Potential Bidder(s) for purposes of section 4(b)(i) of the Engagement Letter includes only a bidder that expresses an interest in purchasing a material portion of the Debtors' assets.

(b) For Purposes of section (4)(b)(i) of the Engagement Letter, the term "Qualified Bid(s)" means as such term is defined in the Bidding Procedures; provided, however, a Qualified Bid(s) for purposes of section 4(b)(i) of the Engagement Letter includes only a bid that provides for the purchase of a material portion of the Debtors' assets.

(c) For purposes of section 4(b)(ii) of the Engagement Letter and solely with respect to assets not subject to sale under that certain Asset Purchase Agreement, dated September 10, 2013, between the Debtors and YFE Holdings, Inc. (the "Excluded Assets"), A&M-S will receive a transaction fee in the amount of 5 percent of any Aggregate Consideration (as defined in the Engagement Letter) above that of any existing offers for such Excluded Assets; provided, however, A&M-S only will earn such transaction fee if the purchase of the Excluded Assets (i) closes at or near the same time as the Sale Transaction and (ii) the Excluded Assets are part of a going concern sale transaction.

6. A&M-S will file fee applications for interim and final allowance of compensation and reimbursement of fees and expenses in accordance with section 328(a) of the Bankruptcy Code, and such Bankruptcy Rules as may then be applicable, and any procedures or orders of this Court. A&M-S shall be compensated based on the rates set forth in the Engagement Letter and the Application, and A&M-S' compensation shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; provided, however, that the U.S. Trustee and the Court retain all rights to object to A&M-S' interim and final fee application (including expense reimbursement) on all grounds, including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; provided further, however, the amount of hours expended by A&M-S shall not by itself

demonstrate that A&M-S' compensation is reasonable or unreasonable. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&M-S' fees. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&M's compensation.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approvals of fee applications, A&M-S and its professionals shall be excused from keeping time summaries for services rendered in one-tenth (0.10) of an hour increments and instead A&M-S is hereby authorized to keep reasonably detailed time records in half-hour (0.50) increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

8. A&M-NA shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

9. A&M-S shall be exempt from the requirements set forth in any Interim Compensation Order entered in these chapter 11 cases with respect to their professional fees only. A&M-S shall comply with the requirements set forth in any Interim Compensation Order

-6-

and Local Rule 2016-2(e) with respect to any expenses they incur during the course of their engagement in these chapter 11 cases.

10. With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, A&M agrees, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, that any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of these cases.

11. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: November ___, 2013
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE