**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRESH & EASY NEIGHBORHOOD MARKET INC., *et al.*,[1] | Case No. 13-12569 (KJC) (Jointly Administered) |
| Debtors. | Re: Docket No. 308 |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
DEBTORS' MOTION FOR (I) AN ORDER (A) APPROVING BIDDING
PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN OF THE
DEBTORS' ASSETS (B) AUTHORIZING THE DEBTORS TO ENTER INTO A
STALKING HORSE APA IN CONNECTION THEREWITH AND (C) GRANTING
CERTAIN RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE
SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) APPROVING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS
AND LEASES AND (C) GRANTING CERTAIN RELATED RELIEF**

Roberta A. DeAngelis, the United States Trustee for Region 3 (the "United States Trustee"), by and through her undersigned attorney, hereby files this objection ("Objection") to the Debtors' Motion for (I) an Order (A) Approving Procedures in Connection with the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into a Stalking Horse APA in Connection Therewith and (C) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving the Assumption and Assignment of Certain Contracts and Leases and (C) Granting Certain Related Relief (Docket No. 308) (the "Motion"), and in support of that Objection states as follows:

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

**Preliminary Statement**

1.      The Motion seeks approval of a rushed sale of certain Real Property Assets[2] to the stalking horse EM-80 UAV Darkco LLC ("Darkco").  The United States Trustee objects to the time allotted between the bidding procedures hearing and auction process because it denies parties in interest an opportunity to effectively participate in the proposed sale process.

2.      The Debtors' proposed sale timeline provides potential bidders with a mere 10 business days, taking into account the upcoming holiday, between the bidding procedures hearing and the bid deadline.  Given the fact that the sale involves 53 parcels of real property located in three (3) states (Arizona, California and Nevada), such time is insufficient for potential purchasers to perform due diligence.  Such a truncated sale process will likely chill competitive bidding, thereby eliminating any competition to Darkco's stalking horse bid.

3.      There is room to extend the operative dates, as the Stalking Horse APA requires closing of the proposed sale transaction no later than 90 days after November 13, 2013. *See* Stalking Horse APA, § 3.E.  In addition, the extension of time is necessary to allow for a full and fair bidding process.

4.      For these reason, set forth in detail below, the United States Trustee respectfully requests this Court issue a ruling denying the Motion.[3]

**Jurisdiction**

5.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3]      The United States Trustee has issues with respect to other aspects of the relief sought by the Motion, which have been conveyed to counsel for the Debtors. The United States Trustee believes those issues have been consensually resolved, but to the extent they are not resolved, the United States Trustee reserves her right to raise them at the hearing on the bid procedures on November 22, 2013.

U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

6.      Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

7.      Under section 307 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the United States Trustee has standing to be heard on the Motion and the issues raised in this Objection.

### <u>Statement of Facts</u>

8.      On September 30, 2013 (the "<u>Petition Date</u>"), each of the Debtors field voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9.      On October 9, 2013, the United States Trustee appointed an official committee of unsecured creditors (the "<u>Committee</u>").  *See* Docket No. 101.

10.      On November 13, 2013, the Debtors filed the Motion, which seeks, among other things, approval of certain bidding procedures for the sale of the Debtors' Real Property Assets.

11.      The Motion seeks a rapid sale process, calling for approval of the bid procedures by November 22, 2013, a bid deadline of December 10, 2013 and a sale hearing on

December 16, 2013, an eighteen day period.  This aggressive time period provides ten (10) business days for an interested party to conduct due diligence and submit a bids.  It should be noted that as well that the Thanksgiving holiday falls during this time period.

12.     Upon information and belief, Darkco has been involved in the Real Property Assets sale process since September 2013, two months later on November 13, 2013, after conducting what it deemed to be sufficient due diligence regarding the assets, Darkco and the Debtors executed the Stalking Horse APA.  Notwithstanding, according to the Stalking Horse APA, Darkco has until "the thirtieth day (30th) day following the date of mutual execution" of the Stalking Horse APA to conduct additional due diligence ("<u>Additional Due Diligence Period</u>").  *See* Stalking Horse APA, § 4.  Based on the foregoing, Darkco technically has until December 13, 2013 to conduct additional due diligence regarding the Real Property Assets.  In total at the conclusion of the Debtors' proposed sale process, Darkco will have had three – months to evaluate and investigate the Real Property Assets.

13.     During the Additional Due Diligence Period, Darkco is permitted to perform due diligence regarding the "title reports, conducting surveys, reviewing additional documents and records and performing inspections, including Phase I environmental inspections."  *See* Motion, ¶14; Stalking Horse APA, § 4.  If at the conclusion of that Additional Due Diligence Period Darkco identifies any issues with any of the Real Property Assets then, after providing the required notice to the Debtors and permitting them an opportunity to cure, it may exclude the subject property from its bid and reduce its Purchase Price accordingly.

14.     The Stalking Horse APA requires closing of the proposed sale transaction no later than 90 days after November 13, 2013.  *See* Stalking Horse APA, § 3.E.  Therefore, the

Debtors have until mid – February 2014 to conduct the sale process and close the proposed sale without being in breach of the Stalking Horse APA.

## Objection

15.     Section 363(b)(1) of the Bankruptcy Code permits a debtor-in-possession to sell property of the estate outside the ordinary course of business. The debtor-in-possession bears the burden of proof to show that the sale is in the best interests of the creditors and the estate:

> The sale of assets which is not in the debtor's ordinary course of business requires proof that: (1) there is a sound purpose for the sale; (2) the proposed sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the buyer has acted in good faith.  The element of 'good faith' is of particular importance as the Third Circuit made clear in *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 149-50 (3d Cir. 1986)."

*In re Exaris Inc.,* 380 B.R. 741 (Bankr. Del. 2008) (some citations omitted).

16.     Initially, the Court must determine that the bidding procedures will bring the best and highest price for the debtors' assets. The debtors must show that the assets have been fully marketed and that the sale is sufficiently publicized in order to prove that the assets will be sold for a fair and reasonable price. *See In re Abbotts Dairies, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986).

17.     The speed at which the Debtors propose to sell the Real Property Assets creates a risk that potential buyers will not have an opportunity to evaluate and investigate the Real Property Assets to submit an informed bid, thereby reducing competition for purchase of the Debtors' assets and, concomitantly, the proceeds to be realized from the sale of those assets.

18.     Darkco, the stalking horse bidder, at the end of the Debtors' proposed process will have had three (3) months to conduct due diligence.  However, under that same

timeline, the Debtors are proposing to provide potential bidders with only ten (10) business days to evaluate and investigate 53 parcels of real property located in three states.

19.     Assuming that a potential bidder or interested party receives effective notice of the sale, such an abbreviated schedule makes it unlikely that such person will be able to, or will choose to, participate in a post-petition sale process in any meaningful manner.  The proposed timeline seems calculated to impair or chill rather than promote bidding.

20.     There is room to extend the operative dates, as the Stalking Horse APA does not require closing of transaction until mid-February 2014.  *See* Stalking Horse APA, § 3(E).

21.     Based on the foregoing, the United States Trustee respectfully requests that the Court deny the Motion.

22.     The United States Trustee leaves the Debtors to their burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

**WHEREFORE,** for the reasons set forth above, the United States Trustee respectfully requests that the Court sustain the Objection and grant such other relief as the Court deems appropriate, fair and just.

Dated: November 21, 2013
      Wilmington, Delaware

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: *[/s/ Tiiara N. A. Patton](.)* .
    Tiiara N. A. Patton
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    Phone:   (302) 573-6491
    Fax:     (302) 573-6497