UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| FRESH & EASY NEIGHBORHOOD MARKET INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| Debtors. | (Jointly Administered) |
|  | Re: Docket No. 308 |

**ORDER (I) APPROVING PROCEDURES IN CONNECTION WITH THE
SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,
(II) AUTHORIZING THE DEBTORS TO ENTER INTO A STALKING HORSE
APA IN CONNECTION THEREWITH, (III) AUTHORIZING THE PAYMENT OF
STALKING HORSE PROTECTIONS, (IV) SETTING BID DEADLINE, AUCTION
AND SALE APPROVAL HEARING DATES, (V) ESTABLISHING
NOTICE PROCEDURES AND APPROVING FORMS OF NOTICE, AND
(VI) APPROVING PROCEDURES RELATED TO ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Sale Motion"),[2] dated November 13, 2013, of Fresh & Easy Neighborhood Market Inc. and Fresh & Easy Property Company LLC, as debtors in possession (together, the "Debtors") in the above-referenced chapter 11 cases, pursuant to sections 105(a), 363(b), 365, 503(b) and 507 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for (i) approval of the procedures (the "Bidding Procedures") to be used in connection with the sale of certain of the Debtors'

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Fresh & Easy Neighborhood Market Inc. (7028) and Fresh & Easy Property Company LLC (9636). The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Sale Motion.

assets (the "Bid Assets"), (ii) authorization to enter into the Stalking Horse APA (as defined below) in connection therewith, (iii) authorization to pay the Stalking Horse Protections (as defined below) in connection therewith, (iv) the setting of dates for the Bid Deadline, Auction and Sale Hearing (each as defined in the Bidding Procedures) (if needed) and (v) the approval of procedures related to the assumption and assignment of executory contracts and unexpired leases, all as more fully described in the Sale Motion; and the Court having held a hearing to consider the relief requested therein (the "Bidding Procedures Hearing") with the appearances of all interested parties noted in the record of the Bidding Procedures Hearing; and upon the record of the Bidding Procedures Hearing, the Declaration of Dennis E. Stogsdill in support of the Sale Motion and all of the proceedings before the Court;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.   The Court has jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The Debtors have provided due and proper notice of the Sale Motion and Bidding Procedures Hearing to the Notice Parties (as defined below) and no further notice is necessary. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion (including, without limitation, with respect to the Bidding Procedures and Stalking Horse

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See FED. R. BANKR. P. 7052. This order shall be deemed to incorporate any findings of fact and conclusions of law made on the record at the Bidding Procedures Hearing pursuant to Bankruptcy Rule 7052.

-2-

Protections) has been afforded to all interested persons and entities, including but not limited to the Notice Parties.

C.   The Debtors' proposed notice of the Sale Motion, the Bidding Procedures, the Auction and the Sale Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

D.   The Bidding Procedures in the form attached hereto as Annex 1 are fair, reasonable, and appropriate and are designed to maximize the recovery from a sale of the Bid Assets (the "Sale").

E.   The Bidding Procedures and the Stalking Horse APA were each negotiated in good faith and at arm's length among the Debtors and the Proposed Purchaser (as defined below). The process for selection of the Proposed Purchaser was fair and appropriate under the circumstances and is in the best interests of the Debtors' estates.

F.   The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and, thereby: (i) approve of the Bidding Procedures as contemplated by the agreement for the sale of the Properties (as defined in the Stalking Horse APA), dated as of November 13, 2013 (the "Stalking Horse APA"), between the Debtors as sellers and EM-50 UAV DARKCO LLC (the "Proposed Purchaser"), attached as Exhibit D to the Sale Motion; (ii) authorize the Debtors to pay a break-up fee and expense reimbursement (together, the "Stalking Horse Protections"), under the terms and conditions set forth in the Stalking Horse APA and the Bidding Procedures; (iii) set the dates of the Bid Deadline, Auction (if needed) and Sale Hearing; (iv) establish notice procedures and approve the forms of notice; and (v) approve the procedures related to assumption and assignment of executory contracts and unexpired leases.

-3-

G. The Stalking Horse Protections, as approved by this Order, are fair and reasonable and provide a benefit to the Debtors' estates and creditors.

H. If necessary, the payment of the Stalking Horse Protections, under this Order and upon the conditions set forth in the Stalking Horse APA and the Bidding Procedures, is (i) an actual and necessary cost of preserving the Debtors' estates, within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code; (ii) reasonably tailored to encourage, rather than hamper, bidding for the Bid Assets; (iii) of substantial benefit to the Debtors' estates and creditors and all parties in interest herein; (iv) reasonable and appropriate; and (v) material inducements for, and conditions necessary to ensure that the Proposed Purchaser will continue to pursue its proposed agreement to purchase the Properties.

I. Entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties-in-interest herein.

J. The Notice of Assignment and Cure and Notice of Successful Bidder are reasonably calculated to provide each counterparty to the Assumed Contracts and Assumed Leases with proper notice of its potential assumption and assignment, any cure amounts, if any, relating thereto, and the Assignment Procedures.

K. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Bidding Procedures attached hereto as <u>Annex 1</u> are approved, fully incorporated into this Order and the Debtors are authorized and directed to act in accordance therewith. The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

-4-

2.  Any objections to the Sale Motion or the relief requested therein that have not been adjourned, withdrawn or resolved are overruled in all respects on the merits.

3.  The form of Sale Notice attached to the Sale Motion as <u>Exhibit F</u> is approved.

4.  Within one (1) business day after entry of this Order, the Debtors shall serve the Sale Notice on (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) all applicable state and local taxing authorities; (iv) the Internal Revenue Service; (v) the Securities & Exchange Commission; (vi) the United States Attorney General/Antitrust Division of Department of Justice; (vii) the applicable state attorneys general in the states where the Debtors conduct business; (viii) the National Association of Attorneys General; (ix) the applicable state environmental protection agencies and the applicable division(s) of the United States Environmental Protection Agency; (x) counsel to Tesco; (xi) all entities who are known to possess or assert a claim against the Debtors; and (xii) all parties entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>"). On or about the same date, the Debtors will publish the Sale Notice once in the National Edition of The Wall Street Journal.

5.  Service of the Sale Notice on the Notice Parties in the manner described in the Sale Motion constitutes good and sufficient notice of the Auction and the Sale Hearing. No other or further notice is required.

6.  Upon entry of this Order, the Proposed Purchaser shall provide copies of all Purchaser Due Diligence Materials (as defined in the Stalking Horse APA) in its possession or control to the Debtors. To the extent any additional Purchaser Due Diligence Materials are developed by the Proposed Purchaser after entry of this Order, such materials shall be developed and delivered to the Debtors as soon as reasonably practicable so that they may be shared with

other Potential Bidders prior to the Bid Deadline in accordance with the terms of the Bidding Procedures attached hereto as <u>Annex 1</u>.

7.  If no Qualified Bids with respect to the Bid Assets other than the Stalking Horse APA are received on or before the Bid Deadline, the Debtors shall not conduct the Auction with respect to the Bid Assets and, instead, shall seek approval of the sale of the Bid Assets pursuant to the Stalking Horse APA at the Sale Hearing.  The Debtors will file a notice with the Court if the Auction is cancelled or if the date of the Auction is changed and will post such notice to http://cases.primeclerk.com/freshandeasy.

8.  In the event the Debtors receive, on or before the Bid Deadline, one or more Qualified Bids in addition to the Stalking Horse APA, an Auction shall be conducted at the offices of Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071 on December 12, 2013 at 10:00 a.m. (Pacific Time), or such later time on such day or such other place as the Debtors shall notify all Qualified Bidders.

9.  Within one (1) business day after the conclusion of the Auction, the Debtors shall file a notice identifying the Successful Bidder(s) (the "<u>Notice of Successful Bidder</u>").

10. <u>Objection Deadline to Sale Order</u>.  Objections to the terms of the Sale Order shall be in writing, filed and served, so as to be actually received by: (i) the Debtors, Fresh & Easy, 2120 Park Place, Suite 200, El Segundo, California 90245 (Attention: Mary Kasper); (ii) co-counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017-6702 (Attention: Paul D. Leake and Lisa Laukitis); (iii) co-counsel to the Debtors, Richards Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Mark D. Collins); (iv) the U.S. Trustee, 884 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attention: Tiiara Patton); (v) counsel to EM-50 UAV DARKCO LLC,

Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 (Attention: Jeremy E. Rosenthal) and Potter Anderson Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attention: Jeremy Ryan); (vi) proposed counsel to the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attention: Jeffrey N. Pomerantz) and 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attention Bradford J. Sandler); and (vii) any other official committee(s) appointed in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code (collectively, the "Service Parties") by December 10, 2013 at 4:00 p.m. (Eastern Time) with regard to the Proposed Purchaser, and at the Sale Hearing if the Successful Bidder is a bidder other than the Proposed Purchaser.

11. The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, Courtroom 5, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, on December 19, 2013 at 2:00 p.m. (Eastern Time) or such other date and time that the Court may later direct; provided, however, that the Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

12. As soon as practicable after the conclusion of the Auction, but no later than two business days prior to the Sale Hearing, the Debtors shall file a final form of the relevant asset purchase agreement(s) constituting the Successful Bid(s). As soon as practicable after the conclusion of the Auction, but no later than before the Sale Hearing, the Debtors shall file a final form of order approving the Sale as agreed upon between the Debtors and the Successful Bidder(s) (as defined in the Bidding Procedures). The Debtors shall provide counsel to the

Creditors' Committee with a copy of and an opportunity to review such order at least one day prior to the Sale Hearing.

13.    <u>Stalking Horse Protections</u>.  Pursuant to sections 105, 363, 364, 503 and 507 of the Bankruptcy Code, the Debtors are hereby authorized, empowered and directed to pay the Stalking Horse Protections to the Proposed Purchaser in accordance with the terms of the Stalking Horse APA without further order of this Court.  The amount and calculation of the Break-Up Fee and Expense Reimbursement (each as defined in the Stalking Horse APA) are hereby approved.  The Stalking Horse Protections shall be allowed as administrative expense claims in each of the Debtors' chapter 11 cases as super-priority administrative expense priority obligations under Section 364(c)(1) of the Bankruptcy Code with priority over all expenses of the kind specified in Sections 502(b) and 507(b) of the Bankruptcy Code.  The Proposed Purchaser shall be entitled to receive the Stalking Horse Protections in accordance with the terms and conditions of the Stalking Horse APA and the Bidding Procedures.  In the event that a sale transaction with an Alternate Bidder(s) that is the Successful Bidder(s) that results in the Proposed Purchaser being entitled to receive the Stalking Horse Protections pursuant to the terms of the Stalking Horse APA (an "<u>Alternative Transaction</u>") is approved by this Court, then the Debtors will pay the Break-Up Fee and Expense Reimbursement to the Proposed Purchaser by wire transfer of immediately available funds within five (5) business days of this Court's entry of an order approving the sale(s) contemplated by the Alternative Transaction.

14.    <u>Assignment Procedures</u>. The assignment procedures set forth in the Sale Motion (the "<u>Assignment Procedures</u>") are hereby approved.  Within one (1) business day after entry of this Order, the Debtors shall file a schedule (the "<u>Assignment Schedule</u>") listing the Assumed Contracts and Assumed Leases proposed to be assumed and assigned pursuant to the Stalking

-8-

Horse APA. The Assignment Schedule shall be filed with the Court with an accompanying notice, substantially in the form attached to the Sale Motion as Exhibit E (a "Notice of Assignment and Cure"), which form of notice is hereby approved, and a copy of the Notice of Assignment and Cure will be served by first class mail on each of the non-Debtor counterparties to the Assumed Contracts and Assumed Leases (and, via email and/or fax, on such party's counsel of record, if known), that will include: (i) the title of the Assumed Contracts and Assumed Leases to be assumed; (ii) the name of the counterparty to the Assumed Contracts and Assumed Leases; (iii) any applicable cure amounts; (iv) a statement that the assignee is the Proposed Purchaser or its designee, or any other Successful Bidder(s); and (v) the deadline by which any such Assumed Contracts and Assumed Leases counterparty must object. The Notice of Assignment and Cure that the Debtors shall file with the Bankruptcy Court will include a comprehensive list of the Assumed Contracts and Assumed Leases with the corresponding cure amounts. Within two (2) business days after (i) an amendment adding or removing a contract or lease from the Assignment Schedule or (ii) the receipt of a Qualified Bid seeking the assumption and assignment of a contract or lease not listed on the Assignment Schedule (any such contract or lease, an "Additional Contract"), the Debtors shall file a revised Notice of Assignment and Cure with the Court and provide notice to each affected counterparty by email, facsimile or overnight courier service (and, via email and/or fax, on such party's counsel of record, if known).

15. Any objections to the assumption and/or assignment of any Assumed Contracts and Assumed Leases identified on a Notice of Assignment and Cure, including to the cure amount set forth on such notice, must be in writing, filed with the Court, and be actually received by the Notice Parties no later than December 10, 2013 at 4:00 p.m. (Eastern Time), as indicated by the date noted on such Notice of Assignment and Cure (the "Assignment and Cure Objection

-9-

Deadline"), and must set forth a specific default under the Assumed Contracts and Assumed Leases and claim a specific monetary amount that differs from the amount, if any, specified by the Debtors in such Notice of Assignment of Cure. Counterparties to Additional Contracts shall have until 4:00 p.m. (Eastern Time) on the date that is seven (7) days following the Debtors' delivery of notice to file and serve objections to the assumption and assignment of an Additional Contract. Any supplemental objection with regard to adequate assurance of future performance of a Qualified Bidder other than the Proposed Purchaser shall be raised no later than at the Sale Hearing, provided that in the event that no adequate assurance information has been provided for a Qualified Bidder, the objection deadline shall be extended until two (2) business days after such information is supplied.

16. No later than three (3) business days after entry of this Order, the Stalking Horse Purchaser shall make available to the Debtors reasonable financial information substantiating a finding of adequate assurance of future performance under the Assumed Contracts and Assumed Leases (collectively, the "Adequate Assurance Information"). Subject to a counterparty to an Assumed Contract or Assumed Lease agreeing to maintain the confidentiality of such information, within three (3) business days after receipt from the Proposed Purchaser, the Debtors will provide the Proposed Purchaser's Adequate Assurance Information to the counterparties to the Assumed Contracts and Assumed Leases by email, facsimile or overnight courier service (or, via email and/or fax, on such party's counsel of record, if known).

17. Subject to a counterparty to an Assumed Contract or Assumed Lease agreeing to maintain the confidentiality of such information, within one (1) business day after the Bid Deadline, the Debtors shall provide any Qualified Bidder's Adequate Assurance Information to

-10-

the counterparties to the Assumed Contracts and Assumed Leases by email, facsimile or overnight courier service (or, via email and/or fax, on such party's counsel of record, if known).

18. <u>Resolution of Objections to Assumption and/or Assignment of Assumed Contracts and Assumed Leases</u>. If no objection is received by the applicable deadline, then the assumption and assignment of the applicable Assumed Contract or Assumed Lease is authorized pursuant to Section 365 of the Bankruptcy Code and the cure amounts, if any, set forth on the Notice of Assignment and Cure shall be binding upon the non-Debtor parties to the Assumed Contracts and Assumed Leases for all purposes and will constitute a final determination of total cure amounts required to be paid to the non-Debtor parties to the Assumed Contracts and Assumed Leases in connection with any potential assignment of such Assumed Contracts and Assumed Leases to the Successful Bidder(s). In addition, each non-Debtor party to such Assumed Contracts and Assumed Leases shall be forever barred from objecting to the assumption and assignment of such contract or lease or the cure information set forth in the Notice of Assignment and Cure, including, without limitation, the right to assert any additional cure or other amounts with respect to the Assumed Contracts and Assumed Leases arising or relating to any period prior to such assumption or assignment. Furthermore, if no timely objection is received by the applicable deadline, the Proposed Purchaser (or Successful Bidder(s), if applicable) shall enjoy all of the rights and benefits under all Assumed Contracts and Assumed Leases acquired under the Stalking Horse APA (or such other purchase agreement of an alternative Successful Bidder(s), if applicable) without the necessity of obtaining any party's written consent to the Debtors' assumption and assignment of such rights and benefits, and each such party shall be deemed to have waived any right to object to, contest, condition or otherwise restrict any such assumption and assignment.

NYI-4554238v7
RLF1 9625178v.1

19. If a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at a later date set by the Court. At the sole discretion of the Debtors, the pendency of a dispute relating to cure amounts will not prevent or delay the assumption and assignment of any Assumed Contracts and Assumed Leases. If an objection is filed only with respect to the cure amount listed on the Notice of Assignment and Cure, the Debtors may proceed with the assumption and assignment of the Assumed Contract or Assumed Lease and resolve the dispute regarding the cure amount at a later date as set by the Court. Any such dispute with respect to the cure amount will be resolved consensually, if possible, or, if the parties are unable to resolve their dispute, by the Court.

20. Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, to allow the Proposed Purchaser to deliver any notice provided for in the Stalking Horse APA, including, without limitation, a notice terminating the Stalking Horse APA, and allow the Proposed Purchaser to take any and all actions permitted under the Stalking Horse APA in accordance with the terms and conditions thereof.

23. To the extent this Order is inconsistent with any prior order or pleading in these cases, the terms of this Order shall govern.

-12-

24.  The Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order.  To the extent any provisions of this Order shall be inconsistent with the Sale Motion, the terms of this Order shall control.

Dated:  Wilmington, Delaware

_____Nov 22_____, 2013

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

-13-