## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | :   Chapter 11 |
|  | : |
| OLD FENM INC., *et al.*,[1] | :   Case No. 13-12569 (KJC) |
|  | : |
| Debtors. | :   (Jointly Administered) |
|  | : |
|  | :   **Re: Docket No. 611 & 674** |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023, 9014 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE CALIFORNIA WAGE AND HOUR CLASS PLAINTIFFS, (II) CERTIFYING A CLASS OF WAGE AND HOUR EMPLOYEE CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, (VI) GRANTING RELATED RELIEF**

Upon consideration of the joint motion (the "Joint Motion") of the above-captioned debtors (the "Debtors") and Deanna Weatherspoon, Rene F. Luna, Yessenia Martinez, and Dandre Jackson (collectively, the "Class Representatives"), on behalf of themselves and similarly situated class members (together with the Class Representatives, and as defined in the Settlement Agreement (excluding opt outs), the "Class," and each member within the Class "Class Member(s),"[2] and together with the Class Representatives and the Debtors the "Parties"), pursuant to Section 105 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7023, 9014

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] The definitions of "Class" and "Class Member(s)" excludes individuals who have entered or may in the future enter an individual settlement and release with the Debtors that includes Released Claims as that term is defined in the Settlement Agreement.

and 9019 and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules") for the entry of

an order (the "Order") (a) approving the *Settlement Agreement and Release* dated as of March 11,

2014 (the "Settlement Agreement")[3] among the Parties under Bankruptcy Rule 9019; (b)

certifying the Class for settlement purposes only, appointing The Cooper Law Firm P.C. and

Blumenthal Nordrehaug & Bhowmik as co-lead class counsel ("Co-Lead Class Counsel") and

the law firms of (i) The Carter Law Firm, (ii) Aegis Law Firm, P.C., (iii) Mahoney Law Group,

and (iv) Jose Garay, APLC, together with Co-Lead Class Counsel, as class counsel ("Class

Counsel"), appointing Deanna Weatherspoon, Rene F. Luna, Yessenia Martinez, and Dandre

Jackson as Class Representatives and preliminarily approving the Settlement Agreement under

Civil Rule 23 and Bankruptcy Rules 7023 and 9014; (c) approving the form and manner of

notice to Class Members of the conditional class certification and settlement; (d) scheduling a

fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement

pursuant to Civil Rule 23 and Bankruptcy Rules 7023 and 9014; (e) after the Fairness Hearing,

finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rules

7023 and 9014, (f) granting related relief (the "Joint Motion"); and the Bankruptcy Court having

reviewed and considered the Joint Motion, and upon the arguments of counsel made, and the

evidence adduced, at the hearing held on April 1, 2014 (the "Preliminary Hearing") where all

interested persons had an opportunity to be heard; and upon the record of the Preliminary

Hearing, and the Declarations of Scott B. Cooper, Norman Blumenthal, Samuel A. Wong, Sam

Kim, Roger R. Carter and Jose Garay (attached as Exhibit D, Exhibit E and Exhibits H-K, to the

---

[3] All capitalized terms not otherwise defined in this order shall have the same definitions as those set forth in the Settlement Agreement.

Joint Motion, respectively), and these chapter 11 cases and proceedings, and after due deliberation thereon and good cause appearing therefore;

The Court finds that:

A.      On March 11, 2014, the notice of the Joint Motion ("Notice") was served by first class mail on the parties listed on the proof of service of the Notice filed with the Court [Docket No. 639].

B.      The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given.

C.      A full opportunity has been offered to the parties-in-interest to participate in the hearing on the Joint Motion.

D.      For purposes of the Class settlement, Class Counsel has sufficient experience handling wage and hour employee class action litigation to adequately represent the Class, and the Class Representatives do not have interests antagonistic to those of the Class.

E.      For the purpose of the Class settlement only, and without prejudice to any other proceedings involving the Debtors or their successors: (i) the Class, consisting of approximately 5,960 Class Members, is so numerous that joinder of all Class Members is deemed impracticable; (ii) there are questions of law or fact deemed common to the Class; (iii) the claims of the Class Representatives are deemed typical of the Class; (iv) the law firms of (1) The Cooper Law Firm P.C., (2) Blumenthal Nordrehaug & Bhowmik (3) The Carter Law Firm, (4) Aegis Law Firm, P.C., (5) Mahoney Law Group, and (6) Jose Garay, APLC have fairly and adequately protected the interests of the Class; (v) questions of law or fact common to the Class Members are deemed to predominate over any questions affecting on the individual Class Members; and (vi) the class settlement mechanism is deemed superior to other available methods of resolving the alleged

3

employee wage and hour claims and other claims released in the Settlement Agreement.

Therefore, the Class should be certified for settlement purposes only, pursuant to Civil Rules

23(a) and (b)(3) and Bankruptcy Rule 7023 made applicable through Bankruptcy Rule 9014,

with said Class consisting of all non-exempt, non-managerial employees who worked at or

reported to any of the Debtors' California Retail Stores or the Debtors' Food Production Facility,

Campus Kitchen Facility or Distribution Center in Riverside, California between April 9, 2006

and November 26, 2013 and who do not timely request to opt out of the Class; provided however,

that the definition of the Class and of Class Members excludes individuals who have entered or

may in the future enter an individual settlement and release with the Debtors that includes

Released Claims as that term is defined in the Settlement Agreement.

      F.      Notice should be given to all of the Class Members, affording them the

opportunity to opt-out of the Class or object to the proposed Settlement Agreement.

      G.      Based on the range of possible outcomes and the cost, delay, and uncertainty

associated with further litigation, the Settlement Agreement is fair, reasonable, cost effective and

in the best interest of the Debtors' estates, and preliminary approval of the Settlement Agreement

is warranted.

      H.      The Settlement Agreement should be preliminarily approved.

      I.      Notice to all individuals identified on <u>Schedule 1</u> to the Settlement Agreement by

first class mail, postage prepaid, at their last known address as indicated in the records of the

Debtors (and as updated by the Administrative Agent's searches for current addresses to the

extent contemplated under the Settlement Agreement) is reasonable and the best notice

practicable under the circumstances and such mailing should be made by the Debtors'

Administrative Agent within ten (10) business days following the entry of this Order.

4

J.      The contents of the Class Notice (the "Class Notice") form annexed hereto as Exhibit A meets the requirements of Civil Rule 23(c)(2)(B) and 23(e)(1).  The Class Notice states the nature of the action, and the issues and defenses relevant to the action.  The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members (who do not opt out).  The Class Notice summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the Class or object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request.  Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and costs.  See FED. R. CIV. P. 23(h).

K.      The Fairness Hearing should be held no sooner than is appropriate under 28 U.S.C. §1715, which will provide Class Members with sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, to opt out of the Class or object to the proposed Settlement Agreement (under the deadlines set in the Class Notice) should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

L.      Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Joint Motion is preliminarily **GRANTED** as provided herein.

2.      The Settlement Agreement is hereby preliminarily approved.  The Class is comprised of all non-exempt, non-managerial employees who worked at or reported to any of the

Debtors' California Retail Stores or the Debtors' Food Production Facility, Campus Kitchen Facility or Distribution Center in Riverside, California between April 9, 2006 and November 26, 2013 and who do not timely request to opt out of the Class (excluding individuals who have entered or may in the future enter an individual settlement and release with the Debtors that includes claims otherwise subject to the Settlement Agreement), and is hereby certified for settlement purposes only, pursuant to Civil Rules 23(a) and (b)(3) and Bankruptcy Rule 9014 and 7023, with respect to their wage and hour related claims against the Debtors, all other claims alleged in the Actions and/or Class Proofs of Claim and/or all other claims seeking to be released under the Settlement Agreement, and the Class is permitted to maintain their Class Proofs of Claim (in the combined, reduced and allowed amount set forth in the Settlement Agreement) for settlement purposes.  Civil Rule 23 is made applicable to this matter through Bankruptcy Rules 9014 and 7023.

3.     Deanna Weatherspoon, Rene F. Luna, Yessenia Martinez and Dandre Jackson are hereby appointed as Class Representatives.

4.     The law firms of The Cooper Law Firm P.C. and Blumenthal Nordrehaug & Bhowmik are hereby appointed as co-lead class counsel ("Co-Lead Class Counsel") and the law firms of (i) The Carter Law Firm, (ii) Aegis Law Firm, P.C., (iii) Mahoney Law Group, and (iv) Jose Garay, APLC  together with Co-Lead Class Counsel, are hereby appointed as Class Counsel.

5.     The form of the Class Notice and the service of the Class Notice by the Debtors' Administrative Agent by first class mail, postage prepaid, to each individual identified in Schedule 1 to the Settlement Agreement at his or her last known address contained in the Debtors' records (and as updated by the Administrative Agent's searches for current addresses to the extent contemplated under the Settlement Agreement) is hereby approved.

6

6.      The Class Notice shall be mailed by first class mail by the Debtors' Administrative Agent to the individuals identified in Schedule 1 to the Settlement Agreement within ten (10) business days following the entry of this Order.

7.      Prime Clerk shall serve as the Debtors' Administrative Agent for purposes of implementation of the Settlement Agreement and related functions (as provided for under the Settlement Agreement) and shall be compensated for its services out of the Settlement Payment (as defined in the Settlement Agreement).  Prime Clerk shall submit documentation supporting its request for fees and expenses associated with the implementation of this settlement, and payment and reimbursement of Prime Clerk's fees and expenses shall be subject to further Court approval.

8.      Objections or other responses to final approval of the Settlement Agreement, attorney's fees, costs and expenses and Class Representative enhancements must be mailed so as to be received by Class Counsel within thirty (30) days after the date of the initial mailing of the Class Notices, but no later than May 15, 2014.  Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement Agreement.

9.      Should a Class Member choose not to be bound by the Settlement Agreement, his or her completed and executed Opt-Out Form (in the form of the last page of the Class Notice) must be mailed to the Debtors' Administrative Agent as listed and described in the Class Notice, so that such Opt-Out Form is received within thirty (30) days after the date of the initial mailing of the Class Notice, but no later than May 15, 2014.

10.     Prior to the Fairness Hearing, counsel for the Debtors shall file a declaration attesting to the service of notice of this Settlement Agreement to the appropriate federal and state

7

officials pursuant to 28 U.S.C. §1715.  No final order approving the Settlement Agreement shall be entered until all applicable statutory notice periods have expired.

11.     The Court shall conduct the Fairness Hearing on June 26, 2014 at 2:00 p.m. (EDT).  The Court may adjourn the Fairness Hearing without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

12.     To the extent permitted by applicable law, neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal or administrative proceeding.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Joint Motion

14.     This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.


Dated: Wilmington, Delaware
       March 31, 2014

                                        _____
                                        The Honorable Kevin J. Carey
                                        United States Bankruptcy Judge

8