**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| OLD FENM INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| Debtors. | (Jointly Administered) |

## AFFIDAVIT OF SERVICE

I, Steven Gordon, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On May 29, 2014, at my direction and under my supervision, employees of Prime Clerk caused the Weatherspoon Class Notice attached hereto as **Exhibit A**, customized for each class member, to be served via overnight mail on certain individuals added to Schedule 1 to the settlement agreement on May 29, 2014.

Dated: June 5, 2014

_____
Steven Gordon

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on June 5, 2014, by Steven Gordon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

BENJAMIN JOSEPH STEELE
NOTARY PUBLIC STATE OF NEW YORK
No. 02ST6240268
Qualified in New York County
My Commission Expires October 07, 2017

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

2

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| OLD FENM INC., *et al.,*[1] | : | Case No. 13-12569 (KJC) |
|  | : |  |
| Debtors. | : |  |
|  | : | (Jointly Administered) |
|  | : |  |

# <u>Supplement to Class Notice</u>

**PLEASE READ BOTH THIS SUPPLEMENT AND THE ENCLOSED CLASS NOTICE
CAREFULLY AND IN THEIR ENTIRETY**

This document supplements the enclosed Class Notice. Because you were mailed the Class Notice and Opt Out Form after the deadline to opt out of or object to the settlement (*i.e.* May 15, 2014), to the extent you wish to opt out of or object to the settlement, your deadline has been extended to **June 18, 2014**.[2]

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Class Notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| OLD FENM INC., *et al.,*[3] | : | Case No. 13-12569 (KJC) |
| | : | |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |

**Class Notice**

**IF YOU ARE OR WERE A NON-EXEMPT, NON-MANAGERIAL EMPLOYEE OF FRESH & EASY NEIGHBORHOOD MARKET INC. OR FRESH & EASY PROPERTY COMPANY LLC AT ANY CALIFORNIA RETAIL STORE AND/OR THE FOOD PRODUCTION FACILITY, CAMPUS KITCHEN FACILITY OR DISTRIBUTION CENTER IN RIVERSIDE, CALIFORNIA DURING THE PERIOD APRIL 9, 2006 TO NOVEMBER 26, 2013, THIS NOTICE MAY AFFECT YOUR RIGHTS.**

**PLEASE READ IT CAREFULLY AND IN ITS ENTIRETY.[4]**

*A court authorized this notice. This is not a solicitation.*

The purpose of this Class Notice is to advise you of how your rights may be affected by the *Settlement Agreement and Release* dated as of March 11, 2014 (the "Settlement Agreement") reached between the Parties to three purported class action lawsuits filed by certain former employees of Fresh & Easy Neighborhood Market Inc. and/or Fresh & Easy Property Company LLC (referred to hereafter as the "Debtors") and related proofs of claim filed in the above-captioned chapter 11 proceedings.[5]

---

[3]    The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

[4]    Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Settlement Agreement.

[5]    Any description of the Settlement Agreement in the Class Notice, and any reference to the terms of the Settlement Agreement in the Class Notice, is only a summary of the agreement and is not meant to modify or amend any terms of the Settlement Agreement. In the event of a conflict or inconsistency between the Class Notice and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control. A copy of the Settlement Agreement and the *JOINT MOTION SEEKING TO (I) APPROVE A SETTLEMENT, (II) CERTIFY A CLASS OF CALIFORNIA WAGE AND HOUR CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT, (V) APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT,*

## 1. Why Should I Read This Notice?

This Class Notice is given pursuant to an Order of the U.S. Bankruptcy Court dated **March 31, 2014 [Docket No. 677]** granting preliminary approval of the proposed Settlement Agreement resolving two purported class proofs of claim (Claim ## 261 and 227) (the "Class Proofs of Claim") and the underlying actions of <u>Deanna Weatherspoon et al. v. Fresh & Easy Neighborhood Market, Inc., et al.</u>, Case No. JCCP4705, Docket No. BC435637 (Cal. Super. Ct. Apr. 09, 2010) (the "Weatherspoon/Martinez Action"), and <u>Jackson v. Fresh & Easy Neighborhood Market Inc.</u>, Case No. 37-2012-00088312 (Cal. Super. Ct. Dec. 20, 2012) (the "Jackson Action," and together with the Weatherspoon/Martinez Action, the "Actions"). The class proofs of claim and underlying Actions were filed on behalf of Deanna Weatherspoon, Rene F. Luna, Yessenia Martinez, and Dandre Jackson (the "Class Representatives") and the class they seek to represent.

The Debtors operated a chain of Fresh & Easy grocery stores offering high-quality, wholesome, fresh prepared and ready-to-eat products at affordable prices (the "Retail Store(s)"). In addition to their Retail Store portfolio, the Debtors operated a state of the art production facility in Riverside, California including meat and produce facilities ("Food Production Facility") and a kitchen ("Campus Kitchen Facility"), each housed in its own building, providing Fresh & Easy-branded fresh food products. The Debtors also operated a distribution center in Riverside, California (the "Distribution Center").

On September 30, 2013, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "Bankruptcy Proceeding") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

After the filing of the bankruptcy, the Debtors and counsel representing the classes in the Actions and Class Proofs of Claim ("Class Counsel") reached an agreement, memorialized in the Settlement Agreement, to settle all claims in the Actions and Class Proofs of Claim arising both before and after the bankruptcy filing.

The Settlement Agreement provides that Class Representatives will represent all non-exempt, non-managerial employees who worked at or reported to any of the Debtors' California Retail Stores or the Debtors' Food Production Facility, Campus Kitchen Facility or Distribution Center in Riverside, California between April 9, 2006 and November 26, 2013 (the "Class"). Any employee who fits this description and does not opt out of the settlement will be deemed a member of the Class (a "Class Member"); provided however, that the definition of the Class and of Class Members excludes individuals who have entered or may in the future enter an individual

---

(continued…)

*(VI) SCHEDULE A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, (VII) FINALLY APPROVE THE SETTLEMENT AFTER THE FAIRNESS HEARING, AND (VIII) GRANT RELATED RELIEF* are available on the Administrative Agent's website for this Bankruptcy Proceeding: (http://cases.primeclerk.com/freshandeasy).

RLF1 10115486v.2

settlement and release with the Debtors that includes Released Claims as that term is defined in the Settlement Agreement.

The Settlement Agreement is subject to final approval by the Bankruptcy Court.  If the Court approves the Settlement Agreement, it will result in, among other things: (i) a distribution of monetary recovery to Class Members who do not request in writing to be excluded from the Settlement Agreement, (ii) dismissal of the Actions and a reduction and allowance of the Class Proofs of Claim as provided in the Settlement Agreement, along with  the release of certain actual or potential claims against the Debtors, (iii) an award of attorneys' fees and costs, (iv) payment of certain administrative and statutory fees and penalties, (v) a reserve to address certain claimants opting out of the Settlement Agreement, (vi) payment of certain taxes required to be paid by the Debtors as employers, and (vii) payment of certain enhancements to Class Representatives for their services acting as named representatives of the Class.

**2.      Description of the Class Actions.**

The Class Representatives instituted three separate putative class action lawsuits in California state court against the Debtors; the first action was filed in April 2010 on behalf of class representatives Deanna Weatherspoon and Rene F. Luna (the "Weatherspoon Action"), the second was filed in May 2011 on behalf of class representative Yessenia Martinez (the "Martinez Action"), and the third was filed in December 2012 on behalf of class representative Dandre Jackson (the "Jackson Action")

The Actions were filed by the following law firms: (i) Blumenthal Nordrehaug & Bhowmik, (ii) The Carter Law Firm, (iii) The Cooper Law Firm, P.C., (iv) Aegis Law Firm, P.C., (v) Mahoney Law Group, and (vi) Jose Garay, APLC (collectively, "Class Counsel").

The Weatherspoon Action and Martinez Action were consolidated in the County of Los Angeles Superior Court captioned Deanna Weatherspoon et al. v. Fresh & Easy Neighborhood Market, Inc., et al., Case No. JCCP4705, Docket No. BC435637 (Cal. Super. Ct. Apr. 09, 2010); Plaintiffs in the Weatherspoon Action filed a Third Amended and Consolidated Class Action Complaint on or about July 25, 2012, which constitutes the operative complaint in the Weatherspoon Action ("Weatherspoon Complaint"), and alleges the following causes of action: (1) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (3) Failure to Pay Wages of Terminated or Resigned Employees; (4) Failure to Pay Wages for All Hours Worked; (5) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions; (6) Violations of the Unfair Competition Law; and (7) Private Attorney General Act of Labor Code § 2698, et seq.

The Jackson Action was filed in the County of San Diego Superior Court and is captioned Jackson v. Fresh & Easy Neighborhood Market Inc., Case No. 37-2012-00088312 (Cal. Super. Ct. Dec. 20, 2012); Plaintiff in the Jackson Action filed a Second Amended Class Action Complaint on or about March 14, 2013, which constitutes the operative complaint in the Jackson Action ("Jackson Complaint") and alleges the following causes of action: (1) Unfair Competition in Violation of Cal. & Prof. Code §§ 17200, et seq.; (2) Failure to Pay Overtime Wages in

3

Violation of Cal. Lab. Code §§ 510; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 201 and 203; (5) Failure to Pay Overtime Compensation in Violation of 29 U.S.C. §§ 201, et seq.; and (6) Labor Code Private Attorney General Act [Labor Code § 2698 et seq.].

The relief sought in the Actions was largely premised upon the Debtors' alleged failure to pay overtime at the correct rate, failure to pay all wages due, failure to provide meal and rest breaks, failure to provide accurate wage statements, failure to pay all wages upon employment termination and related penalties.

The Debtors deny the merits of the claims/allegations asserted in the Actions and further deny that, absent the Settlement Agreement, the Class Representatives could certify a class under Rule 23 of the Federal Rules of Civil Procedure or proceed with a class proof of claim in the Bankruptcy Proceedings. The Debtors contend, among other things, that they have complied at all times with applicable California and federal law. The Debtors further contend that the Class Proofs of Claim should not be permitted to proceed on a class-wide basis, and that only persons who filed timely proofs of claim in the Bankruptcy Court should be permitted to assert any claim in the Bankruptcy Proceeding. By way of this settlement, the Debtors do not in any way concede that any class-wide problem existed in connection with the alleged claims in the Actions, or that Plaintiffs are entitled to class-wide relief.

After the filing of the Bankruptcy Proceeding, the Debtors and Class Counsel reached an agreement to settle all claims alleged in and related to the Actions and Class Proofs of Claim arising both before and after Debtors' bankruptcy filing. The Parties have sought approval of this Settlement Agreement from the Bankruptcy Court.

## 3. Why Did I Get This Class Notice?

You received this Notice because the Debtors' records indicate that you were a non-exempt, non-managerial employee who worked at or reported to any of the Debtors' California Retail Stores or the Debtors' Food Production Facility, Campus Kitchen Facility or Distribution Center in Riverside, California between April 9, 2006 and November 26, 2013.

This Class Notice is to inform you of a proposed class action settlement pending in the U.S. Bankruptcy Court in the state of Delaware and how you can participate in or opt out of the settlement.

## 4. What Is The Class Action Settlement?

The parties have reached a proposed settlement of the Actions and Class Proofs of Claim referenced above and you are receiving this notice because the Bankruptcy Court has preliminarily approved the Parties' agreement. **The Settlement will affect all members of the Class who do not opt out and will entitle them to a portion of the class action settlement payment.**

4

Under the terms of the Settlement Agreement, the Debtors will pay a total of $2,000,000.00 to settle the Actions/Class Proofs of Claim (the "Settlement Payment"). This sum includes (i) cash payments to Class Members who do not opt out; (ii) Class Counsel's attorney's fees, costs and expenses, subject to approval by the Bankruptcy Court; (iii) enhancements of $7,500 paid to each Class Representative; (iv) payment of $10,000 to the California Labor Workforce Development Agency ("LWDA"); (v) reservation of a forty-five thousand dollar ($45,000) fund to address certain objections; (vi) certain tax withholdings; and (vii) certain administrative fees, costs and expenses.

**5. Who Is Included in the Settlement?**

All non-exempt, non-managerial employees who worked at or reported to any of the Debtors' California Retail Stores or the Debtors' Food Production Facility, Campus Kitchen Facility or Distribution Center in Riverside, California between April 9, 2006 and November 26, 2013 are included in the Settlement Agreement. The Class includes, but is not limited to, Customer Associates, Kitchen Table Associates / Bakers and Customer Ambassadors at the Retail Stores and non-exempt, non-managerial employees at the Debtors' Food Production Facility, Campus Kitchen Facility or Distribution Center in Riverside, California. The Class excludes all exempt employees and non-exempt, managerial employees such as Store Managers, Team Leads, and Assistant Managers.

**6. How Much Will Each Class Member Receive?**

A settlement formula has been developed that is intended to fairly and equitably distribute to each Class Member (that does not otherwise opt out of the Settlement Agreement) his or her share of the Settlement Payment.

The entire settlement amount is $2,000,000.00. The "Total Class Distribution Amount" (the total amount to be distributed to all Class members) will be determined by subtracting the following from the $2,000,000.00: (i) Class Counsel's attorney's fees and costs and expenses; (ii) enhancements of $7,500 paid to each Class Representative; (iii) payment of $10,000 to the LWDA; (v) reservation of a forty-five thousand dollar ($45,000) fund to address certain objections; (vi) the Debtor's portion of payroll and withholding taxes associated with the settlement; and (vii) certain administrative fees, costs and expenses, such as the mailing of this Class Notice and the processing of payments to Class members, not to exceed a cap of $65,000.

The amount that each individual Class Member will receive (each an "Individual Class Member Settlement Payment") is based on each Class Member's gross wages[6] and will be equal to the Total Class Distribution Amount multiplied by the fraction of an individual Class Member's Gross Wages (as the numerator) over the sum of the Gross Wages of all Class Members Excluding Opt-Outs (as the denominator), *i.e.*,

---

[6]    "Gross Wages" is defined as total wages earned by Class Members while employed by the Debtors during the Class Period (April 9, 2006 through November 26, 2013) and while working in positions covered by the Settlement Agreement.

5

$$\text{Individual Class Member Settlement Payment} = \text{Total Class Distribution Amount} \times \frac{\text{Class Member's Eligible Gross Wages}}{\text{Gross Wages of All Class Members Excluding Opt-Outs}}$$

The specific dollar amount you are projected to receive under the settlement is disclosed on Schedule 1, which is attached hereto.[7]  Importantly, Class Members shall be responsible for any and all personal tax liability incurred from receiving any settlement payments.  Thus, the amount listed on Schedule 1 to this Class Notice is a pre-tax amount, in that your personal tax liability has not yet been deducted.

Individual Class Member Settlement Payments will only be made if the Settlement Agreement is approved by the Bankruptcy Court and the Debtors confirm a chapter 11 plan that is in accordance with section 6 of the Settlement Agreement.  If the Settlement Agreement is not approved or the Debtors do not confirm a chapter 11 plan, then the Debtors will have no obligation to make Individual Class Member Settlement Payments, nor will they have any other obligations under the Settlement Agreement.

**7. How Will Class Counsel and Class Representatives Be Paid?**

From the inception of this litigation to the present, Class Counsel have undertaken representation of the Class on a contingent basis and have not received any payment for their services in prosecuting this case, nor have they been reimbursed for any out of pocket expenses. To date, Class Counsel has worked many hours and has spent thousands of dollars working on behalf of the Class.  If the Court approves the Settlement Agreement and if the Debtors' chapter 11 plan is confirmed, then Class Counsel, subject to Bankruptcy Court approval, will receive fees of 33% of the Settlement Payment and no more than $100,000 for their costs and expenses.

If the Court approves the Settlement Agreement and if the Debtors' chapter 11 plan is confirmed, then Class Representatives will receive an enhanced award in the amount of $7,500 each in addition to their Individual Class Member Settlement Payment.  The enhancement is to compensate the Class Representative for their efforts and the risks they undertook in representing the Class.

Class Counsel's request for attorneys' fees will be filed at the same time as the motion seeking both preliminary approval of the Settlement Agreement and (after a later hearing) final approval of the Settlement Agreement.  Class Counsel's compensation will be determined by the Bankruptcy Court at the hearing on final approval of the Settlement Agreement.  If you believe that Class Counsel's fees or expenses should not be approved in the amounts set forth in the Settlement Agreement, you may assert an objection as provided for below.

**8. How Will I Receive Payment?**

---

[7]    This amount is a projected amount based on the assumption that the Bankruptcy Court approves the Settlement Agreement, the proposed level of attorneys' fees and expenses, and the projected expenses to be deducted from the $2,000,000.

RLF1 10115486v.2

The Parties have agreed that the Debtors' Administrative Agent, Prime Clerk, will mail Individual Class Member Settlement Payment checks directly to Class Members. If you do not opt out of the Settlement Agreement, you *will not* have to submit proofs of claim, or take any other action, to receive your Individual Class Member Settlement Payment. **If your address changes from the time you receive this Notice, you are required to update your address with the Administrative Agent to receive your check and any other notices.**

### 9. When Will I Receive My Settlement Payment?

At this time, we anticipate the payments will be processed in July 2014, or as soon as reasonably practicable thereafter, in accordance with a chapter 11 plan filed by the Debtors (the "Chapter 11 Plan") to be confirmed by the Bankruptcy Court. Processing of payments and timing thereof is dependent upon the Bankruptcy Court's approval of both the Chapter 11 Plan and the Settlement Agreement. Importantly, one-third (1/3) of your payment will be treated as wages subject to W-2 reporting. The remaining two-thirds (2/3) will be treated as penalties. The Debtors' Administrative Agent will issue a Form W-2 for the portion of the settlement payments allocated to wages, and a Form 1099 for the portion of the settlement payments allocated to penalties. You may want to seek the advice of a tax consultant if you have any questions, as the Debtors will not share any responsibility for your individual tax liability. The Debtors will, however, pay the employer's portion of the payroll taxes.

### 10. What Am I Giving Up If I Participate In This Settlement?

The Settlement Agreement provides that once the Court enters an order finding the proposed settlement fair, adequate and reasonable, and all appeals have been resolved or all appeals periods have expired, those Class Members who have not timely requested exclusion by opting out shall be deemed to have fully, finally and forever released, relinquished and discharged the legal claims described below, **even if you separately filed a proof of claim in the Bankruptcy Proceeding**.

Specifically, upon the Settlement Effective Date and in exchange for the consideration provided, and except as to such rights or claims as may be created by the Settlement Agreement, all Class Representatives, Class Members (excluding Opt Outs)—regardless of whether they have submitted a timely and valid proof of claim in the Debtors bankruptcy cases—and their respective heirs, beneficiaries, devisees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (the "Releasing Person(s)"), shall hereby fully and forever completely release and discharge the Debtors and all of its past, present or future subsidiaries, parents, affiliates, officers, directors, employees, representatives, insurers, agents, counsel, successors, heirs, assigns, executors, administrators, and affiliated entities (each a "Released Party") from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature that were alleged in the Actions or which could reasonably have been alleged under California or federal law based on the factual allegations contained in the Actions, including any claims for unpaid wages, incorrect record-keeping or incorrect wage statements, from April 9, 2006 up to and including the Debtors' sale of substantially all of their

7

operating assets on November 26, 2013 (the "Release Period").  This release includes, but is not limited to any claims for restitution, equitable relief, wages, bonuses or incentive payments, penalties, interest, and/or attorneys' fees and costs of any kind arising under California or federal law for the claims asserted in the Actions or that could have been alleged under California or federal law based on the alleged facts in any of the complaints filed in any of the Actions, including without limitation, Wage Order 9-2001, Business and Professions Code sections 17200-17208, and California Labor Code sections 200-203, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1194 and 2698-2699.5 (the California Private Attorneys General Act) and 29 U.S.C. §§ 201 et seq. (collectively, "Released Claims").  Each Class Member (excluding Opt-Outs) acknowledges and agrees that his or her claims for meal and rest period violations and other claims alleged in the Actions, or claims that could have been alleged arising out of the facts pled in the Actions are disputed and that California Labor Code section 206.5 is therefore not applicable.

For the avoidance of doubt, upon the Settlement Effective Date, the Releasing Person agree that the execution of this Settlement Agreement and the Bankruptcy Court's final approval hereof will fully, completely and finally resolve any and all issues, disputes or controversies the Releasing Persons have asserted or may assert either inside or outside of the Debtors' bankruptcy cases that are alleged in the Actions or that could have been alleged under California or federal law based on the alleged facts in any of the complaints filed in any of the Actions.

Furthermore, with respect to the Released Claims only, each Releasing Person expressly warrants that he or she has read, understands and intends to waive the rights described in Section 1542 of the California Civil Code, which provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Thus, notwithstanding the provision of Section 1452, and for the express purpose of implementing a full and complete release and discharge of each Released Party, Releasing Persons expressly acknowledge that the Settlement Agreement is intended to include within its effect, without limitation, all Released Claims that Releasing Persons do not know or suspect to exist in his/her favor at the time of execution of the Settlement Agreement, and that the Settlement Agreement contemplated the extinguishment of any and all such Released Claim(s).

8

RLF1 10115486v.2

**11. What If I Want to Object to the Settlement Agreement?**

If you are satisfied with the Settlement Agreement including Class Counsel's fees and Class Counsel's expenses, the releases, and the calculation of your projected Individual Class Member Settlement Payment amount, which appears on Schedule 1 (attached hereto), *you do not need to do anything*. Your Individual Class Member Settlement Payment will be mailed to your last known address as indicated in Debtors' books and records or to such address that you have updated with the Administrative Agent. If you are concerned that the Debtors do not have your current address, please promptly notify Class Counsel as follows:

**Via Mail:**    Scott B. Cooper, Esq.
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, California 92614

**Via Phone:**    (949) 724-9200

If, on the other hand, you believe that the Settlement Agreement is unfair or inadequate or are dissatisfied with the amount shown on Schedule 1 or feel that Class Counsel's fees or expenses should not be approved, you may object to the Settlement Agreement and/or Class Counsel's fees and Class Counsel's expenses by mailing via certified mail, return receipt requested, a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection to The Cooper Law Firm, P.C., 2030 Main Street, Suite 1300, Irvine, California 92614, Attn: Scott B. Cooper, Esq. *Objections must be mailed so as to be received within thirty (30) days after the service of the Class Notice, but no later than May 15, 2014 (the "Objection Deadline") and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement Agreement and the award of attorneys' fees and costs, as described above.*

You may also object or comment in person or by counsel at the final hearing. If you intend to appear through an attorney, you will be solely responsible for the fees and costs of your attorney. If the court rejects either your written or oral objection, you still will be bound by the terms of the Settlement Agreement.

The hearing for final approval of the Settlement Agreement (the "Final Approval Hearing") is currently scheduled to occur on **June 26, 2014** at **2:00 p.m.** (**EDT**) in the courtroom of the Honorable Kevin J. Carey of the U.S. Bankruptcy Court for the District of Delaware located at 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801. The Final Approval Hearing may be adjourned or continued from time to time in the discretion of the Bankruptcy Court with or without notice by the Bankruptcy Court as the Bankruptcy Court may direct.

Unless otherwise ordered by the Court, if you or any other Class Member fails to timely file and serve written objections in the manner described above by the specified deadline, or

otherwise fail to comply with the procedures set forth herein, you will be deemed to have waived any objections to any or all aspects of the Settlement Agreement and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement and will not be allowed to appear before the Bankruptcy Court at the Final Approval Hearing.

## 12.     What if I Elect To Opt Out of the Settlement Agreement?

If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein (including receiving your Individual Class Member Settlement Payment), you may opt out of the Class by filling an out the "Opt Out Form," (included herein) and sign and mail that form by certified mail, return receipt requested, to the Debtor's Administrative Agent at:

Weatherspoon/Fresh & Easy Class Action Opt Out Processing
c/o Prime Clerk LLC
830 3rd Avenue 9th Floor
New York, NY 10022.

The Opt Out Form *must be received by the Debtors' Administrative Agent* within thirty days (30) after the service of the Class Notice, but no later than May 15, 2014 (the "Opt Out Deadline"). **All requests for exclusion from the Class received after the Opt Out Deadline will not be effective and such person will be deemed a member of the Class, even if you filed an individual proof of claim with respect to any Released Claims.**

Any Class Member who elects to opt out of the Settlement Agreement must pursue his or her claims with the Bankruptcy Court in accordance with the claims allowance process.  All Class Members who elect to opt out are stayed or enjoined from pursuing claims that are subject to this Settlement Agreement in state court or any other court that would otherwise have competent jurisdiction, unless the Bankruptcy Court determines otherwise.

To the extent you did not file a proof of claim in the Bankruptcy Court prior to the Bar Date (*i.e.* January 22, 2014 at 4:00 p.m. Eastern Time),[8] it is the Debtors' and Committee's position that any such claim filed by a Class Members after opting out of the Settlement Agreement would be late filed and should be disallowed and expunged.  If the proof of claim is disallowed and expunged the Class Member who opted out of the Settlement Agreement *will receive no recovery* on behalf of such claims.

---

[8]     On December 11, 2013, the Bankruptcy Court entered an order [Docket No. 428] (the "Bar Date Order") requiring any person holding or asserting a prepetition claim against the Debtors to file a written proof of claim with the Debtors' claims administrator on or before January 22, 2014 at 4:00 p.m. Eastern Time (the "Bar Date") [Docket No. 429].  Pursuant to the terms of the Bar Date Order, subject to certain exceptions, any person that failed to timely file a proof of claim by the Bar Date is forever barred, stopped and enjoined from, among other things, receiving a distribution under a chapter 11 plan, and is forever barred, estopped and enjoined from asserting a claim against the Debtors, their estates, a reorganized debtor and any of their successors or assigns.

10

RLF1 10115486v.2

As mentioned, the claim of any Class Member who opts out (even if they filed a timely proof of claim) will be subject to the claims allowance process in the Bankruptcy Court. The Debtors expect to object to claims that lack merit, are not timely filed, are filed in excess, and/or are not supported by proper documentation, and further anticipate that the ultimate recovery on such claims, if any, will be subject to the claims allowance process. While the structure of the Chapter 11 Plan has not yet been finalized, Class Members who opt out of the Settlement Agreement will likely recover, if at all, *pari passu* with other non-settling general unsecured creditors under the Chapter 11 Plan. The actual terms of the Chapter 11 Plan will be available on the Administrative Agent's website for this Bankruptcy Proceeding: http://cases.primeclerk.com/freshandeasy/

**13.    What if I Already Timely Filed a Individual Proof of Claim with the Bankruptcy Court?**

If you have timely filed an individual proof of claim alleging any claim duplicative of or subsumed by the claims asserted in the Actions or the Class Proofs of Claim (and/or arise out of the same or similar facts) and you do not opt out of the Settlement Agreement, you will receive your Individual Class Member Settlement Payment in the amount listed on Schedule 1 attached hereto, but will *consent to having your individual proof(s) of claim reduced, withdrawn, and/or expunged* since your Individual Class Member Settlement Payment will be in full satisfaction of any and all claims asserted in your individual proof(s) of claim that are duplicative of or subsumed by the claims asserted in the Actions and/or arise out of the same or similar facts.

A separately noticed motion will be filed with the Bankruptcy Court seeking to reduce, withdraw and/or expunge individual proofs of claim filed by Class Members who do not opt out of the Settlement Agreement and who have asserted claims that appear to the Debtors to be duplicative of or subsumed by the claims asserted in the Actions and/or arise out of the same or similar facts.

**14.    When Will the Court Decide Whether To Approve The Settlement?**

The Bankruptcy Court will hold a hearing on **June 26, 2014 at 2:00 p.m. (EDT)**, before the Honorable Kevin J. Carey of the U.S. Bankruptcy Court for the District of Delaware located at 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801. The purpose of the hearing, in part, will be to determine (1) whether the Settlement Agreement should be finally approved as fair, reasonable and accurate; (2) whether to finally approve all other aspects of the Settlement Agreement, including the aspects discussed herein; (3) whether to approve Class Counsel's request for attorneys' fees, costs and expenses and Class Representatives' service payments. The Court reserves the right to adjourn or continue the hearing without further notice to the Class.

You may attend the hearing if you wish, but are not required to do so in order to participate in the Settlement Agreement.

11

If the Court does not approve the Settlement Agreement, then the Actions may proceed, however, likely in the jurisdiction of the Bankruptcy Court.  If there are further actions taken in the case that affect your rights, you will receive notice as determined by the Bankruptcy Court.

Unless otherwise ordered by the Court, any Class Member who does not make his or her objection or opposition in the manner provided in this Class Notice shall be deemed to have waived all objection and opposition to the Settlement Agreement, including to the fairness, reasonableness and adequacy of the proposed Settlement Agreement, the distribution of settlement payments to Class Members, Class Counsel's fees, costs and expenses.  After the Final Approval Hearing, Class Members will have no other chance to object or oppose any of these items before Bankruptcy Court prior to approval of the Settlement Agreement.

**15. Who is the Judge In this Case?**

Judge Kevin J. Carey of the U.S. Bankruptcy Court for the District of Delaware located at 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801.

**16. What Are the Critical Dates?**

| EVENT | DEADLINE |
|---|---|
| Deadline to submit your written request to opt out of the Settlement Agreement | Opt Out Form must be received by the Debtors' Administrative Agent within thirty days after the service of this Class Notice, but *no later than* May 15, 2014. |
| Deadline to submit any written statement to Class Counsel objecting to or commenting on the Settlement Agreement (including the fairness of Class Counsel fees/expenses), who will file the objection with the Bankruptcy Court. **(only if you do not opt out of the Settlement Agreement)** | Written objections or comments must be received by Class Counsel within thirty days after the service of this Class Notice, but *no later than* May 15, 2014. |
| The final hearing to approve the Settlement. | The Bankruptcy Court will hold a hearing on **June 26, 2014 at 2:00 p.m. (EDT)**, before the Honorable Kevin J. Carey of the U.S. Bankruptcy Court for the District of Delaware located at 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801. |
| The approximate date that payment process will be complete. | July 2014 |

12

**17. Where Can I Find Additional Information?**

If you have questions, you may write or telephone Class Counsel at:

Scott B. Cooper
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, California 92614
(949) 724-9200

Norman B. Blumenthal
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, California 92037
(858) 551-1223.

---

This Class Notice is only a summary and does not describe all details of the Settlement Agreement.  For full details of the matters discussed in this Class Notice, you may wish to review the Settlement Agreement.  Please contact Class Counsel, as provide for above, for a copy of the Settlement Agreement and/or copies of the complaints filed in the Actions.  The complete record of all the non-confidential pleadings and papers filed in this case have also been electronically filed with the U.S. Bankruptcy Court for the District of Delaware.  Certain information will also be posted on a website maintained by Prime Clerk, which is located at: http://cases.primeclerk.com/freshandeasy.

**PLEASE CONTACT CLASS COUNSEL FOR MORE INFORMATION REGARDING THE SETTLEMENT OR THE CLAIMS PROCESS.**

RLF1 10115486v.2

**Schedule 1**\*

**Individual Class Member Settlement Payment**

| Name | Sum of Total Gross Wages | Estimated Settlement Payment\*\* |
|---|---|---|
|  |  |  |

---

\*      The Individual Class Member Settlement amounts listed on Schedule 1 are estimates only, and may be adjusted slightly upward once the final fees, expenses, and other adjustments are determined to calculate the Total Class Distribution Amount.

\*\*      Your estimated Individual Class Settlement Payment represents the gross, pre-tax amount payable to you, after deducting the employer's share of payroll taxes under the Settlement Agreement.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| OLD FENM INC., *et al.,* [1] | : | Case No. 13-12569 (KJC) |
| | : | |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |

**OPT OUT NOTICE FORM**

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate in the class action litigation and class proofs of claim filed in the above captioned case regarding the Weatherspoon/Martinez Action or the Jackson Action and **DO NOT** wish to receive any benefits from or be bound by the Settlement Agreement described herein.

I understand the consequences of opting out as set forth in the Class Notice and waive any right to receive any distribution under the Settlement Agreement.

_____            _____
SIGNATURE                                              ADDRESS


_____            _____
NAME (printed or typed)                           CITY, STATE AND ZIP CODE


_____            _____
DATE                                                      TELEPHONE


_____
EMAIL ADDRESS

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets):  Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636].  The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.