## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| OLD FENM INC., *et al.*,[1] | : | Case No. 13-12569 (KJC) |
| | : | |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | D.I. Ref. No. 611 and 677 |

## SUPPLEMENTAL DECLARATION OF SCOTT B. COOPER
## IN SUPPORT OF FINAL APPROVAL OF
## THE WEATHERSPOON CLASS ACTION SETTLEMENT

I, Scott B. Cooper, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and am

principal and founder of The Cooper Law Firm, P.C., one of the two firms serving as Co-Lead

Class Counsel in this case. I am over the age of 18, and if called as a witness, I would testify

truthfully to the matters set forth in this Declaration. All of the matters set forth herein are

within my personal knowledge, except those matters that are stated to be upon information and

belief. As to such matters, I believe them to be true.

2.     I submit this Supplemental Declaration in support of the request for final approval

of the class action settlement being considered by this Court on June 26, 2014, at 2:00 p.m.,

pursuant to the Court's previous order granting the *Joint Motion Seeking to (I) Approve a*

*Settlement, (II) Certify a Class of California Wage and Hour Claimants for Settlement Purposes*

*Only, (III) Appoint Class Counsel And Class Representatives, (IV) Preliminarily Approve the*

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

*Settlement Agreement, (V) Approve the Form and Manner of Notice to Class Members of the*

*Class Certification and Settlement, (VI) Schedule a Fairness Hearing to Consider Final*

*Approval of the Settlement, (VII) Finally Approve the Settlement After the Fairness Hearing and*

*(VII) Grant Related Relief* (the "Settlement Motion") [Docket No. 611].

      3.     My firm's litigation expenses in this case are currently $20,700.65, which reflects

an additional $3,939.35 in costs incurred after March 11, 2014, when I submitted my previous

Declaration in support of the Settlement Motion. Attached hereto as Exhibit A is an updated

itemization of the costs incurred by my firm to date. All of these costs were reasonably

necessary for the prosecution of this case. When added to the costs of other Class Counsel

(detailed in Exhibits E and H through K filed in support of the Settlement Motion), the total costs

requested by Class Counsel are $61,485.56.

      4.     My Declaration filed on March 11, 2014, in support of the Settlement Motion

(Exhibit D, Docket No. 611-5) was inadvertently missing Page 10. Attached hereto as Exhibit B

is a complete copy of said Declaration.

     I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct and that this Declaration was executed on June 23, 2014, in Irvine,

California.

                                                _____

                                             Scott B. Cooper

# EXHIBIT A

# The Cooper Law Firm, P.C.
## Account QuickReport
### All Transactions

| Type | Date | Num | Name | Memo | Paid Amount | Balance |
|---|---|---|---|---|---|---|
| **Advanced Client Costs** | | | | | | |
| **Fresh & Easy** | | | | | | |
| General Journal | 06/25/2010 | 26 | Stamps.com | Postage | 5.00 | 5.00 |
| Bill | 12/01/2010 | 0441954-IN | Premier Business Centers | Parking Validation | 21.60 | 26.60 |
| Check | 12/27/2010 | | Scott Cooper | Parking for Demurrer | 12.00 | 38.60 |
| Check | 09/07/2011 | 3330 | Los Angeles Superior Court | Fresh & Easy | 40.00 | 78.60 |
| General Journal | 10/25/2011 | 52 | Stamps.com | Postage | 0.64 | 79.24 |
| Credit Card Charge | 10/28/2011 | | Courtcall | Court Call | 108.00 | 187.24 |
| Credit Card Charge | 01/29/2012 | | Courtcall | Court Call | 78.00 | 265.24 |
| Credit Card Charge | 03/07/2012 | | LASC | Documents | 7.50 | 272.74 |
| Credit Card Charge | 04/27/2012 | | Courtcall | Courtcall | 78.00 | 350.74 |
| General Journal | 07/25/2012 | | Stamps.com | Postage | 1.95 | 352.69 |
| Bill | 07/31/2012 | 367254 | First Legal Network, LLC | Filing | 25.00 | 377.69 |
| Credit Card Charge | 09/09/2012 | | Fedex | Postage | 23.52 | 401.21 |
| Check | 09/27/2012 | ACH | Scott Cooper | Parking for deposition | 40.00 | 441.21 |
| Bill | 10/01/2012 | 2012090694061101 | Lexis Nexis | 2012090694061101 | 11.00 | 452.21 |
| Credit Card Charge | 10/08/2012 | | Hahn & Bowerstock | Deposition Transcript | 786.95 | 1,239.16 |
| Credit Card Charge | 10/23/2012 | | Courtcall | Fresh & Easy | 108.00 | 1,347.16 |
| General Journal | 10/25/2012 | | Stamps.com | Postage | 0.45 | 1,347.61 |
| Bill | 11/01/2012 | 2012100694061101 | Lexis Nexis | 2012100694061101 | 11.00 | 1,358.61 |
| General Journal | 11/25/2012 | | Stamps.com | Postage | 0.45 | 1,359.06 |
| Bill | 12/03/2012 | 2012110694061101 | File & ServeXpress LLC | 2012110694061101 | 6.00 | 1,365.06 |
| General Journal | 12/25/2012 | | Stamps.com | Postage | 0.45 | 1,365.51 |
| Bill | 01/02/2013 | 2012120694061101 | File & ServeXpress LLC | 2012120694061101 | 6.00 | 1,371.51 |
| General Journal | 01/25/2013 | | Stamps.com | Postage | 4.50 | 1,376.01 |
| Bill | 02/01/2013 | 201301694061101 | File & ServeXpress LLC | 2012120694061101 | 6.00 | 1,382.01 |
| Bill | 03/01/2013 | 201302694061101 | File & ServeXpress LLC | 201302694061101 | 6.00 | 1,388.01 |
| Bill | 04/01/2013 | 201303694061101 | File & ServeXpress LLC | 201303694061101 | 6.00 | 1,394.01 |
| Bill | 04/01/2013 | 201304694061101 | File & ServeXpress LLC | 201303694061101 | 6.00 | 1,400.01 |
| Bill | 04/01/2013 | 201304694061101 | File & ServeXpress LLC | 201303694061101 | 11.35 | 1,411.36 |
| Bill | 04/15/2013 | 374937 | First Legal Network, LLC | 374453 Fresh & Easy | 25.00 | 1,436.36 |
| General Journal | 04/25/2013 | | Stamps.com | postage | 1.84 | 1,438.20 |
| General Journal | 06/01/2013 | | | Westlaw Charges | 7.83 | 1,446.03 |
| Bill | 06/03/2013 | 201305694061101 | File & ServeXpress LLC | 201305694061101 | 6.00 | 1,452.03 |
| Check | 06/04/2013 | 3500 | James Toney | Retainer | 1,250.00 | 2,702.03 |
| Check | 06/04/2013 | 3505 | Mark S. Rudy, APC | Mediation | 2,600.00 | 5,302.03 |
| Credit Card Charge | 06/08/2013 | | Fedex | Postage | 62.83 | 5,364.86 |
| General Journal | 06/25/2013 | | Stamps.com | Postage | 0.92 | 5,365.78 |
| Credit Card Charge | 06/25/2013 | | Courtcall | Fresh & Easy | 108.00 | 5,473.78 |
| General Journal | 06/30/2013 | | | Westlaw Charges | 59.55 | 5,533.33 |
| Bill | 06/30/2013 | 377646 | First Legal Network, LLC | Filing | 25.00 | 5,558.33 |
| Bill | 07/01/2013 | 201306694061101 | File & ServeXpress LLC | 201303694061101 | 11.35 | 5,569.68 |
| Bill | 07/01/2013 | 201306694061101 | File & ServeXpress LLC | 201303694061101 | 6.00 | 5,575.68 |
| Bill | 07/08/2013 | 1307 | James Toney | Consultation Fees | 4,375.00 | 9,950.68 |
| General Journal | 07/25/2013 | | Stamps.com | Postage | 2.64 | 9,953.32 |
| Bill | 07/26/2013 | 0662817-IN | Premier Business Centers | Parking Validation | 36.00 | 9,989.32 |
| General Journal | 07/31/2013 | | | Westlaw Charges | 53.84 | 10,043.16 |
| Bill | 08/01/2013 | 201307694061101 | File & ServeXpress LLC | 201303694061101 | 6.00 | 10,049.16 |
| General Journal | 08/25/2013 | | Stamps.com | Postage | 2.44 | 10,051.60 |
| Bill | 09/03/2013 | 201308694061101 | File & ServeXpress LLC | 201308694061101 | 6.00 | 10,057.60 |
| Credit Card Charge | 09/07/2013 | | Fedex | Postage & Delivery | 55.48 | 10,113.08 |
| General Journal | 09/25/2013 | | Stamps.com | Postage | 0.46 | 10,113.54 |
| Bill | 10/01/2013 | 201309694061101 | File & ServeXpress LLC | 201309694061101 | 6.00 | 10,119.54 |
| Bill | 11/01/2013 | 201310694061101 | File & ServeXpress LLC | 201310694061101 | 6.00 | 10,125.54 |
| Bill | 12/02/2013 | 201311694061101 | File & ServeXpress LLC | 201311694061101 | 6.00 | 10,131.54 |
| Bill | 12/05/2013 | 383539 | First Legal Network, LLC | Filing | 25.00 | 10,156.54 |
| General Journal | 12/25/2013 | | Stamps.com | Postage | 2.44 | 10,158.98 |
| Bill | 12/30/2013 | 201312694061101 | File & ServeXpress LLC | 201312694061101 | 6.00 | 10,164.98 |
| Check | 01/08/2014 | 3606 | Clerk of the Court | Complex Fees | 1,000.00 | 11,164.98 |
| Bill | 01/21/2014 | 457882 | Morris James LLP | 457882 Fresh & Easy | 5,044.54 | 16,209.52 |
| Bill | 01/30/2014 | 21146 | Mark S. Rudy, APC | Mediation | 2,080.00 | 18,289.52 |
| Bill | 02/04/2014 | 201401694061101 | File & ServeXpress LLC | 201401694061101 | 6.00 | 18,295.52 |
| Credit Card Charge | 02/15/2014 | | Fedex | Postage & Delivery | 94.64 | 18,390.16 |
| Check | 02/19/2014 | 3623 | Luis Cuevas | Expense Reimbursement | 17.59 | 18,407.75 |
| Deposit | 02/24/2014 | 7547 | | RRC costs reimbursement | -2,017.82 | 16,389.93 |
| General Journal | 02/25/2014 | | Stamps.com | Postage | 3.99 | 16,393.92 |
| Bill | 02/26/2014 | 459293 | Morris James LLP | 459293 Fresh & Easy | 1,470.93 | 17,864.85 |
| Bill | 03/03/2014 | 201402694061101 | File & ServeXpress LLC | 201402694061101 | 6.00 | 17,870.85 |
| Deposit | 03/07/2014 | 10614 | | MLG/Costs Reimbursements | -1,008.91 | 16,861.94 |
| General Journal | 03/25/2014 | | Stamps.com | Postage | 0.48 | 16,862.42 |
| Bill | 03/27/2014 | 460243 | Morris James LLP | 460243 Fresh & Easy | 2,248.02 | 19,110.44 |
| Bill | 04/01/2014 | 201403694061101 | File & ServeXpress LLC | 201403694061101 | 6.00 | 19,116.44 |
| Bill | 04/03/2014 | 1908 | James Toney | Consultation Fees | 1,575.00 | 20,691.44 |
| Credit Card Charge | 04/03/2014 | | Riverside Court Web | F&E Document Retrieval | 3.50 | 20,694.94 |

2:39 PM

06/20/14

Cash Basis

# The Cooper Law Firm, P.C.
# Account QuickReport
## All Transactions

| Type | Date | Num | Name | Memo | Paid Amount | Balance |
|---|---|---|---|---|---|---|
| Credit Card Charge | 04/03/2014 | | Los Angeles Superior Court | Document Retrieval | 4.75 | 20,699.69 |
| General Journal | 04/25/2014 | | Stamps.com | Postage | 0.96 | 20,700.65 |
| Total Fresh & Easy | | | | | 20,700.65 | 20,700.65 |
| Total Advanced Client Costs | | | | | 20,700.65 | 20,700.65 |
| **TOTAL** | | | | | **20,700.65** | **20,700.65** |

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| OLD FENM INC., *et al.*,[1] | Case No. 13-12569 (KJC) |
| Debtors. | |
| | (Jointly Administered) |

## DECLARATION OF SCOTT B. COOPER

I, Scott B. Cooper, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and am principal and founder of The Cooper Law Firm, P.C., one of the two firms serving as Co-Lead Class Counsel in this case. I am over the age of 18, and if called as a witness, I would testify truthfully to the matters set forth in this Declaration. All of the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief. As to such matters, I believe them to be true. As of the signing of this Declaration, my *Pro Hac Vice* Application is pending before this Court.

2.      I submit this Declaration in support of the Joint Motion Seeking to (I) Approve a Settlement, (II) Certify a Class Of California Wage and Hour Claimants for Settlement Purposes Only, (III) Appoint Class Counsel and Class Representatives, (IV) Preliminarily Approve the Settlement Agreement, (V) Approve the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (VI) Schedule a Fairness Hearing to Consider Final Approval

---

[1]      The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

of the Settlement, (VII) Finally Approve the Settlement After the Fairness Hearing, and (VIII) Grant Related Relief.

### Background and Qualifications

3.      I am admitted in good standing to practice as an attorney in the State of California; the State of Georgia (currently inactive); the Ninth Circuit Court of Appeals; the Eleventh Circuit Court of Appeals; the United States District Courts for the Central, Northern and Southern Districts of California; and the United States District Court for the Northern District of Georgia. I have never been subject to discipline by any state bar.

4.      I received my undergraduate degree with highest distinction from U.C. Berkeley in 1991 and my law degree with honors from the University of Chicago Law School in 1994. Following law school, I was a judicial clerk for The Honorable Alicemarie H. Stotler in the U.S. District Court for the Central District of California. I then joined Latham & Watkins, where I practiced in the litigation department for almost four years before leaving to pursue plaintiff's trial work, which I have been doing exclusively since 1999.

5.      From 1999 through 2006, my practice was focused on representing plaintiffs in product liability cases, primarily those involving defects in automobiles. These were complex cases that routinely involved the production and analysis of thousands of pages of documents, multiple technical experts from both sides, hundreds of thousands of dollars in litigation costs, and multi-week trials. During that time, my partners and I prosecuted cases against virtually all of the major automobile manufacturers, including Ford, General Motors, Chrysler, Nissan, Toyota, Kia, and Hyundai, and tried cases in multiple states, including Texas, Florida, and Georgia.

6.     Since early 2007, my practice has been focused almost exclusively on wage and hour class action cases. I have been appointed as class counsel or co-class counsel in more than fifty wage and hour class actions in state and federal courts, both through contested motions for class certification and motions for approval of class action settlements. Recently, in a contested proceeding, a court appointed me as co-lead counsel in a wage & hour class action involving five related cases and at least ten law firms representing the plaintiffs. *Brihn v. PJ of Orange County One, L.P.*, Case No.: 30-2010-000386818-CU-CR-CXC, and consolidated cases (Orange County Superior Court).

7.     Within the past seven years, I have served as class counsel on cases that have resulted in substantial monetary recoveries for over 500,000 employees. My firm is currently litigating (along with other counsel) over 25 wage and hour class actions in state and federal courts throughout California. I have successfully prosecuted these cases against defendants such as AT&T, Bank of America, Cisco Systems, Home Depot, Kmart, Kraft Foods, Petco, Ralphs, Stater Bros., Toys 'R' Us, and Western Digital, among others.

8.     I have been asked to speak, and have presented topics, at multiple wage & hour and class action litigation seminars. These include a two-day annual wage and hour conference in Los Angeles organized by Bridgeport Continuing Education, an employment class action MCLE meeting organized by the Orange County Bar Association's Labor and Employment Law Section, and wage and hour seminar hosted by the Orange County Trial Lawyers Association. I was also invited to speak on wage and hour claims at the 2012 annual convention and MCLE seminar for the Consumer Attorneys of California.

9.     Other attorneys routinely associate my firm on wage and hour class actions due to my expertise.

-3-

10.    I was named to the Southern California Rising Stars list from 2004 through 2009 and have been named to the Southern California Super Lawyers list every year since 2010.

11.    I am the immediate Past President of the Orange County Trial Lawyers Association and am also on the Board of Governors of the Consumer Attorneys of California. I recently completed a three-year term on the Board of Directors for the Orange County Bar Association.

12.    I have litigated many class actions involving the same issues in this case, including cases alleging meal and rest period violations, failure to pay proper overtime wages, and derivative claims for non-exempt hourly employees.

### Procedural Background

13.    The proposed Class Representatives instituted three separate putative class action lawsuits in California state court against the Debtors. The first action was filed in April 2010 on behalf of class representatives Deanna Weatherspoon and Rene F. Luna (the "Weatherspoon Action"), the second was filed in May 2011 on behalf of class representative Yessenia Martinez (the "Martinez Action"), and the third was filed in December 2012 on behalf of class representative Dandre Jackson (the "Jackson Action"). For the balance of this Declaration, I will refer to the four named plaintiffs in the Actions as either "Plaintiffs" or "Class Representatives."

14.    The Weatherspoon Action and Martinez Action were consolidated in the County of Los Angeles Superior Court captioned Deanna Weatherspoon et al. v. Fresh & Easy Neighborhood Market, Inc., et al., Case No. JCCP4705, Docket No. BC435637 (Cal. Super. Ct. Apr. 09, 2010). Plaintiffs in the Weatherspoon Action filed a Third Amended and Consolidated Class Action Complaint on or about July 25, 2012, which constitutes the operative complaint in the Weatherspoon Action ("Weatherspoon Complaint"), and alleges the following causes of

-4-

action: (1) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (3) Failure to Pay Wages of Terminated or Resigned Employees; (4) Failure to Pay Wages for All Hours Worked; (5) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions; (6) Violations of the Unfair Competition Law; and (7) Private Attorney General Act of Labor Code § 2698, *et seq.*

15.    The Jackson Action was filed in the County of San Diego Superior Court and is captioned Jackson v. Fresh & Easy Neighborhood Market Inc., Case No. 37-2012-00088312 (Cal. Super. Ct. Dec. 20, 2012). Plaintiff in the Jackson Action filed a Second Amended Class Action Complaint on or about March 14, 2013, which constitutes the operative complaint in the Jackson Action ("Jackson Complaint") and alleges the following causes of action: (1) Unfair Competition in Violation of Cal. & Prof. Code §§ 17200, *et seq.*; (2) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 201 and 203; (5) Failure to Pay Overtime Compensation in Violation of 29 U.S.C. §§ 201, et seq.; and (6) Labor Code Private Attorney General Act [Labor Code § 2698 *et seq.*]. All of the claims alleged in the Weatherspoon Action and/or the Jackson Action (collectively, the "Actions"), or which could have reasonably been alleged based on the factual allegations contained in the Weatherspoon Complaint or the Jackson Complaint, are being settled pursuant to this Settlement Agreement.

16.    The Weatherspoon Action is being prosecuted by my firm, along with The Carter Law Firm, Aegis Law Firm, P.C., Mahoney Law Group, and Jose Garay, APLC. The Jackson Action is being prosecuted by the firm of Blumenthal Nordrehaug & Bhowmik.

17.    The proposed putative class in the Actions includes all non-exempt, non-managerial employees who worked at or reported to any of the Debtors' California Retail Stores or the Debtors' Food Production Facility, Campus Kitchen Facility or Distribution Center (all as defined herein) in Riverside, California between April 9, 2006 and November 26, 2013 (the "Class" or "Proposed Class").

18.    The Plaintiffs' requested relief includes claims arising under the Private Attorneys General Act ("PAGA"), the California Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 512, 1194, 1197, 1198 and 2699, California Business and Professions Code, the applicable Industrial Welfare Commission Wage Orders, and 29 U.S.C. §§ 201, et seq. The relief sought in the Actions is largely premised upon the Debtors' alleged failure to pay overtime at the correct rate, failure to pay all wages due, failure to provide meal and rest breaks, failure to provide accurate wage statements, failure to pay all wages upon employment termination, and related penalties.

### Mediation and Discovery

19.    On June 17, 2013, the first of two mediations was held, although the Parties could not reach a consensual resolution of the Actions.

20.    Both prior to and following the first Mediation, the Parties engaged in significant discovery, including the production of the Debtors' employment policies, detailed information regarding the putative class (including job titles, dates of employment, hourly pay rates, etc.), complete time punch data for the putative Class members, and bonus data for the putative class during the relevant time period. Debtors also produce contact information for a sampling of Class members, and Weatherspoon's counsel interviewed Class members regarding their individual employment experiences at Fresh & Easy and the policies at issue in the Actions. Furthermore, the Debtors took depositions of each of the four Class Representatives.

21.    On February 12, 2014, a second mediation took place between the Debtors and Class Counsel at the office of The Cooper Law Firm, P.C. in Irvine, California, where the Parties agreed to the terms memorialized in the Settlement Agreement.  Both mediation sessions were presided over by Mark Rudy, as well-known and respected mediator based in San Francisco, California, who has significant experience resolving California wage and hour class actions.

<strong><u>The Proposed Class Meets the Rule 23(a) Criteria</u></strong>

22.    **Numerosity.**  The proposed Class is consists of over 5,000 members, which is sufficient to meet the numerosity requirement.

23.    **Commonality.**  With respect to the commonality requirement, Plaintiffs believe each Class Member was subject to the same standard set of wage and hour policies underlying the claims made in the Actions.  Further, Plaintiffs believe that there are common questions of law among the Class, including: (1) whether quarterly bonuses were factored into the calculation of Class members' overtime rate; (2) if not, whether the bonuses were discretionary such that they need not be included in the overtime calculations; (3) whether employees were deprived of their rest breaks due to enforcement of a written rest break policy; and (4) whether employees were deprived of full 30-minute meal periods within the first five hour of work  Debtors contend that no commonality exists, deny liability, and claim that to the extent that any issues did exist, they were isolated, and do not reflect widespread violations.  Debtors contend that this case is not appropriate for certification.  Class Counsel recognize the risks associated with certifying the class and has factored those risks into the settlement value.

24.    **Typicality.**  Plaintiffs believe their wage and hour claims are typical of those brought by the proposed Class because, in Plaintiffs' view, they arise from the same factual basis and are based on the same legal theories applicable to the other Class members.  Likewise,

Plaintiffs believe their interests are entirely coextensive with the interests of the Class. Plaintiffs were non-exempt employees in the Debtors' facilities covered by the settlement during the relevant time period. Plaintiffs allege they experienced the same wage and hour violations as the Class members. Plaintiffs received bonuses that they allege should have been factored into their hourly overtime rates. They were also subjected to Defendant's rest break and meal break policies.

25.    **Adequacy.** The proposed Class Representatives fully understand and embrace their roles as representatives of the Class, including their fiduciary obligation to act at all times in the best interests of the Class. I am not aware of any interests that the Plaintiffs have that are adverse to the interests of the proposed Class Members, and I am not aware of any conflicts that would keep Plaintiffs from adequately representing the class. To my knowledge, no conflicts that exist between Plaintiffs and the other members of the Class that would impair their ability to serve as a representatives of the Class. Further, as set forth above, and in the accompanying Declarations of Class Counsel attached to the Motion as Exhibit E, Plaintiffs have retained counsel qualified to prosecute the class claims at issue in the Actions.

## The Case Satisfies the Rule 23(b)(3) Criteria

26.    All of the claims in the Actions arise out of the Debtors' alleged common and systematic wage and hour policies and violations of California labor laws, which satisfies the predominance requirement. Further, in my opinion, the nature of the wage and hour claims makes the Actions well suited for class treatment since liability depends on issues of law and fact that affect a large group of employees in the same way, and the amount of each Class member's individual claim would be relatively small, minimizing the incentives for employees to assert and prosecute their claims individually.

**The Settlement is Fair and Reasonable**

27. This settlement is in the best interest of the Class based on Class Counsel's investigation and discovery that lasted almost four years, a detailed knowledge of the issues present in the Actions, and two full days of negotiations facilitated by an experienced and knowledgeable mediator. Class Counsel balanced the terms of the proposed settlement against the probable outcome of class certification and liability on the merits. We also carefully considered the risks of trial and other normal perils of litigation, the status of the law dealing with wage and hour cases at class certification, the defenses and affirmative defenses asserted by Debtors, the difficulties of complex litigation, the lengthy process of establishing specific damages, and various possible delays and appeals. Finally, we considered all of this in the context of the pending bankruptcy proceedings, which add additional risk and uncertainty to the process.

28. The proposed settlement was reached as a result of arm's length negotiations. Though cordial and professional, the settlement negotiations have been, at all times, adversarial and non-collusive in nature. While Plaintiffs believe in the merits of the Actions, they also recognize the inherent risks of litigation and understand the benefit of the Class receiving settlement funds immediately as opposed to risking an unfavorable decision on class certification, on the merits of the case at trial, and/or on an appeal – again, all in the context of a bankruptcy proceeding.

29. Class Counsel are particularly experienced in employment law and wage and hour class actions. We are experienced and qualified to evaluate the class claims, to evaluate the settlement versus an adversary proceeding on a fully informed basis, and to evaluate the viability

-9-

light of the complexities of the case and uncertainties of class certification and litigation in the

bankruptcy setting, and is a fair result for the members of the Class.

## Attorneys' Fees and Costs

30.     I have been involved in this matter since the inception of the first filed case, the

Weatherspoon Action. Over the past four years, this case has required me to spend substantial

hours on this litigation that could have been spent on other matters. From March 19, 2010

through March 10, 2014, I spent 335.2 hours litigating this matter, which amounts to $217,880 in

attorneys' fees. Attached hereto as Exhibit A is a true and correct copy of my timesheet in this

matter, showing all tasks performed and the time spent on those tasks. I anticipate spending

additional time on this case seeking Court approval of the settlement and monitoring the

administration of the settlement and distribution of funds to the Class members.

31.     I was admitted to the California Bar in 1994 and bill at a rate of $650 per hour.

As discussed above, I have recognized expertise and experience in efficient class action

adjudication and resolution. Based on my review of rates charged by law firms in California, I

believe my rate is consistent with the rates of the law firms that routinely defend the cases that

Class Counsel bring. I have not yet received any fees and have advanced all costs. By contrast,

defense firms are able to bill their clients on a monthly basis.

32.     Moreover, my rate is comparable to those judicially approved for other plaintiff's

firms. *See, e.g., Faigman v. AT&T Mobility LLC,* 2011 U.S. Dist. LEXIS 15825, * 2 (N.D. Cal.

Feb. 15, 2011) (approving hourly rates of $650 an hour for partner services); *Richard v. Ameri-*

*Force Mgmt. Servs., Inc.*, Case No. 37-2008-00096019 (San Diego Super. Ct., August 27, 2010)

($695 to $750 an hour for partners); *Barrera v. Gamestop Corp.*, Case No. CV 09-1399 (C.D.

Cal. Nov. 29, 2010) ($700 an hour for partners); and *Anderson v. Nextel Retail Stores, LLC*, Case No. CV 07-4480 (C.D. Cal. June 20, 2010) ($655 to $750 an hour for partners).

33.    Courts in the following wage and hour class actions have fully approved fee requests in which I billed at the rate of $650 per hour:  *Schneider v. Space Systems/Loral, Inc.*, Case No. CV 11-02489 MMC (N.D. Cal., January 2014); *Williams v. Centerplate, Inc.*, Case No. 3:11-cv-02159-H-KSC (S.D. Cal., August 2013); *Martinez, et al. v Morgan Stanley & Co., Inc., et al*, Case No. 37-2009-00103267-CU-OE-CTL (San Diego Superior Court, May 2013); *McDermott v. Catalina Restaurant Group Inc.*, Case No. 30-2012-00574113-CU-OE-CXC (Orange County Superior Court, May 2013); *Skifstrom v. Americare Medservices, Inc.*, Case No. BC 410195 (Los Angeles County Superior Court, February 2013); *In re BCBG Wage and Hour Cases*, JCCP No. 4582 (Orange County Superior Court, January 2013); *Micciche v. Schneider Electric*, Case No. 11-01479 JVS (JCGx) (C.D. Cal., January 2013); *Jain v. Nvidia Corporation*, Case No. 1-11-CV206328 (Santa Clara County Superior Court, November 2012); *Plows et al. v. Rockwell Collins, Inc.*, Case No. SACV 10-1936 DOC (MANx) (C.D. Cal., August 2012); *Henshaw et al. v. Home Depot U.S.A., Inc.*, Case No. SACV 10-01392 CJC (RNBx) (C.D. Cal., August 2012); *Dunn v. The Kroger Company et al.*, Case No. BC323252 (Los Angeles County Superior Court, May 2012); *Smith v. California Pizza Kitchen, Inc.*, Case No. 37-2008-00083992-CU-OE-CTL (San Diego County Superior Court, February 2012).  No Court has found that this hourly rate is unreasonable.

34.    My firm's work in this case was entirely contingent on successfully resolving the wage and hour claims and collecting an award of attorneys' fees.  Our clients were not responsible for paying our attorneys' fees, and we would only collect attorneys' fees if we were successful on their behalf.  My firm has litigated this case for almost four years without any

payment of attorneys' fees and has advanced litigation costs on a contingency basis, carrying the risk that this time and the out-of-pocket costs would be lost if the case were not resolved successfully. If the case proceeded to trial, this time and the costs would have increased dramatically. The risks were substantial.

35.    By accepting this case on a contingent basis, The Cooper Law Firm was precluded from taking on other matters. I have turned down other cases while this case was pending due to my overall caseload, of which this case was a part.

36.    My litigation expenses in this case are currently $16,761.30. Attached hereto as Exhibit B is an itemization of the costs incurred by my firm to date. All of these costs were reasonably necessary for the prosecution of this case. I expect my firm will incur additional costs associated with seeking approval of the settlement and monitoring the administration of the settlement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on March 11, 2014, in Irvine, California.

Scott B. Cooper

# EXHIBIT A

**Name:** **Scott Cooper**
**Case:** ***Weatherspoon et al. v. Fresh & Easy***
**Rate:** **$650**

| Date | Description | Time |
|------|-------------|------|
| | | |
| 3/19/10 | Prepare and review emails re: status and strategy | 0.5 |
| 4/12/10 | Prep and review emails re: case assignment | 0.2 |
| 4/21/10 | Prep and review emails regarding status | 0.3 |
| 5/12/10 | Review and respond to emails regarding case assignment; research re: same | 1.3 |
| 5/18/10 | Prepare and review emails re: case assignment | 0.2 |
| 6/7/10 | Prepare and review emails re: case assignment | 0.3 |
| 6/8/10 | Prepare and review emails re: Demurrer and MJS; review same | 0.6 |
| 6/9/10 | Review Demurrer and MTS; research re: opposition; prepare and revlew emails re: same | 1.7 |
| 6/22/10 | Review and prepare emails re: other case; conference with counsel re: same | 0.4 |
| 6/23/10 | Prepare for and participate in phone conference re: status and strategy and related case; review file re: same | 0.7 |
| 6/24/10 | Prepare and review emails re: discovery and strategy; prepare sample discovery | 0.7 |
| 6/25/10 | Prepare and review emails re: status and strategy | 0.4 |
| 6/26/10 | Prepare and review emails re: discovery and investigation | 0.3 |
| 7/6/10 | Prepare and review emails re: discovery | 0.3 |
| 7/7/10 | Conference with counsel re: status and strategy | 0.4 |
| 8/9/10 | Prepare email re: CMC Statement | 0.1 |
| 8/16/10 | Prepare and review emails re: CMC | 0.3 |
| 8/25/10 | Prep and review emails regarding case status and discovery; review file re: same. | 0.5 |
| 8/28/10 | Review and respond to emails regarding case status and discovery | 0.2 |
| 9/1/10 | Review and respond to emails regarding CMC and case status; review file materials and discovery re: same; research re: class certification and demurrer; prep email regarding response to Demurrer | 2.6 |
| 9/16/10 | Review Department Guidelines re: Mtn for Preliminary Approval; research re: same; prep and review emails re: same | 0.7 |
| 9/21/10 | Prepare and review emails re: Demurrer and MJS; review same | 0.2 |
| 10/4/10 | Review and prepare emails re: demurrer and motion to strike | 0.3 |
| 10/5/10 | Review and respond to emails regarding Demurrer and CMC in related case; review file materials re: same | 0.4 |
| 10/6/10 | Prep email re: conference with co-counsel | 0.1 |
| 10/12/10 | Review and respond to email re: status and strategy | 0.2 |

| 10/13/10 | Review/revise Opposition to Demurrer and Motion to Strike; research re: same; prep and review emails re: same | 2.6 |
| 10/14/10 | Review and respond to email re: CMC Statement; review/revise same | 0.8 |
| 10/26/10 | Prepare for, drive to, and attend hearing on Demurrer and Motion to Strike and CMC; prep email re: same | 6.7 |
| 10/27/10 | Review and respond to emails regarding related case and status and strategy | 0.4 |
| 10/29/10 | Review and respond to emails regarding conference with counsel in related case | 0.2 |
| 11/1/10 | Prep for and participate in call with counsel on related case; research re: same; prep emails re: same | 1.8 |
| 11/8/10 | Review Ex Parte Application in related case and email from defense counsel re: same; respond to same; prep emails to co-counsel and counsel in related case re: same and amending Complaint | 0.8 |
| 11/9/10 | Review and respond to email regarding amending Complaint | 0.2 |
| 11/10/10 | Review and respond to email re: conference with client; review file materials re: same | 0.3 |
| 11/12/10 | Review and respond to emails regarding conference with client and Amended Complaint | 0.3 |
| 11/16/10 | Review and respond to email re: conference with co-counsel | 0.1 |
| 11/17/10 | Review and respond to email re: Amended Complaint | 0.2 |
| 11/18/10 | Review and respond to emails regarding Amended Complaint and Ruling on Demurrer and Motion to Strike; prep email re: discovery issues | 0.4 |
| 11/19/10 | Prep and review emails regarding Amended Complaint, conference with client, and discovery issues | 0.4 |
| 11/23/10 | Prep for and participate in conference with co-counsel; prep and review emails re: same; review file materials re: same | 1.1 |
| 12/6/10 | Prepare and review emails re: Amended Complaint; Research re: same | 1.2 |
| 12/14/10 | Prepare and review emails re: discovery and certification motion on related case; research re: same | 1.2 |
| 12/17/10 | Research re: claim; review and revise Amended Complaint and Meet and Confer Letter; prepare and review emails re: same | 2.9 |
| 12/19/10 | Review and revise amended complaint research re: same; prepare and review emails re: same | 3.4 |
| 12/28/10 | Review file and prepare emails re: status and case management; review and revise meet and confer letter | 2.4 |
| 12/29/10 | Review and revise meet and confer letter; research re: same | 1.7 |
| 12/30/10 | Review and revise meet and confer letter; research re: same; prepare emails re: same | 2.4 |
| 1/4/11 | Review and respond to emails re: discovery and status | 0.2 |
| 1/5/11 | Prepare and review emails re: motion to compel | 0.1 |

| 1/19/11 | Prepare and review emails re: discovery responses and meet and confer | 0.3 |
| 1/21/11 | Review and respond to emails re: Amended Complaint; preview ex parte application re: same | 0.3 |
| 1/31/11 | Conference and emails re: discovery and status; review file re: same | 0.5 |
| 2/1/11 | Prepare for and participate in call with opposing counsel re: status; conference and emails re: same and discovery; review file materials re: discovery | 1.9 |
| 2/8/11 | Review Meet and Confer Letter; draft response; draft email re: same; review file and research re: same | 2.8 |
| 2/9/11 | Review and respond to emails re: discovery; review letter re: same | 0.4 |
| 2/14/11 | Review Meet and Confer Letter; research re: same; prepare email responding to same | 1.6 |
| 2/18/11 | Review Discovery Response and Meet and Confer Letter; prepare email re: same; research re: same | 2.7 |
| 3/1/11 | Prepare and review emails re: Motion to Compel and Discovery | 0.4 |
| 3/4/11 | Review emails and prepare emails re: discovery; review discovery responses; research re: claims; call counsel re: case status | 1.4 |
| 3/8/11 | Respond to emails re: discovery issues | 0.1 |
| 3/9/11 | Review and respond to emails re: discovery and class list; review file materials re: same | 0.8 |
| 3/11/11 | Review and respond to emails re: discovery, class list, and depositions | 0.3 |
| 3/15/11 | Review and respond to emails re: class list and discovery; review discovery requests | 0.8 |
| 3/17/11 | Prepare and review emails re: discovery issues; review documents and research re: same; review Proposed Opt-Out Notice | 1.6 |
| 3/18/11 | Prepare and review emails re: discovery issues | 0.2 |
| 3/22/11 | Prepare and review emails re: discovery status; review information produced by defense; research re: claims; investigation | 5.7 |
| 3/24/11 | Prepare and review emails re: letter to Class Members and discovery; review letter; research re: same | 1.4 |
| 3/28/11 | Prepare and review emails re: discovery and random sampling issues; review documents/discovery; review letter to class members; prepare and review emails re: same; research re: same | 4.4 |
| 3/30/11 | Prepare and review emails re: discovery and depositions; review file re: same | 0.3 |
| 3/31/11 | Prepare email re: discovery and case status; review emails re: same; review file re: same | 0.3 |
| 4/1/11 | Prepare and review emails re: discovery and depositions; review file re: same | 0.4 |

| 4/4/11 | Review letter to Class Members; conferences with staff re: same; research re: same | 4.3 |
|---|---|---|
| 4/5/11 | Review and respond to emails re: discovery and class certification; review file re: same | 0.4 |
| 4/6/11 | Conference with counsel re: depositions, discovery, and certification Date; review file re: same | 0.7 |
| 4/8/11 | Conference with counsel re: letter to Class Members; review same and research re: same; emails re: ex parte re: dates | 2.3 |
| 4/11/11 | Prepare and review emails re: depositions and discovery | 0.2 |
| 4/13/11 | Review ex parte documents; prepare and review emails re: same; research re: discovery issues | 1.4 |
| 4/14/11 | Prepare and review emails re: status and ex parte; conference with counsel re: same | 0.4 |
| 4/27/11 | Prepare and review emails re: discovery and status | 0.4 |
| 5/19/11 | Prep and review emails re: certification and discovery deadlines; review file materials re: same | 0.6 |
| 6/7/11 | Review and respond to emails regarding related case and Arbitration Agreement | 0.4 |
| 6/8/11 | Prep and review emails re: Arbitration Agreement | 0.3 |
| 6/16/11 | Prep email re: Cert Motion in related case | 0.1 |
| 6/17/11 | Prep and review emails re: mediation in related case and discovery | 0.3 |
| 6/20/11 | Prep email re: related case | 0.1 |
| 6/30/11 | Prepare random selection list in Excel; prep email re: same | 0.6 |
| 7/6/11 | Prep and review emails regarding exchange of class list and random sampling | 0.2 |
| 7/7/11 | Prep and review emails re: Belaire notice and discovery issues | 0.2 |
| 7/27/11 | Review deposition notices; conference with staff re: same; conference with co-counsel re: same | 0.5 |
| 8/4/11 | Prepare and review emails re: status and discovery | 0.3 |
| 8/9/11 | Research re: claims and related case; prepare and review emails re: same | 2.4 |
| 8/10/11 | Review and respond emails re: case management issues | 0.3 |
| 8/17/11 | Prepare email re: status | 0.1 |
| 8/19/11 | Review and respond to emails re: status and Opt-out; review file re: same | 0.8 |
| 8/22/11 | Prepare and review to emails re: Opt-out Notice and class certification data | 0.2 |
| 8/29/11 | Review and prepare emails re: status and case management; research re: same | 1.6 |
| 8/30/11 | Prepare, review, and revise Ex Parte Application and Stipulation and Order re: Class Certification Dates; research re: same; conference and emails re: same | 5.6 |
| 8/31/11 | Drive to and attend ex parte hearing; conference with Counsel re: same; review and revise Stipulation and Order re: Class Certification Dates; prepare and review emails re: same | 5.7 |

| | | |
|---|---|---|
| 9/7/11 | Conference with counsel re: status and strategy; research re: claims and related case | 2.3 |
| 9/8/11 | Conference with staff and counsel and emails re: case management; review file re: same; review and respond to emails re: Discovery Ruling | 2.8 |
| 9/12/11 | Prepare and review emails re: contact information and PMK records; review file re: same; emails re: Ex Parte | 0.6 |
| 9/13/11 | Prepare and review emails re: Ex Parte and case management; review Ex Parte Papers | 0.5 |
| 9/15/11 | Review and revise Stipulation and Order re: Ex Parte; prepare and review emails re: same | 0.6 |
| 9/27/11 | Review Stip & Order re Ex Parte Application; emails and conferences re: same | 0.7 |
| 9/29/11 | Prep and review emails re related case; review documents from same; research re: same | 2.7 |
| 10/14/11 | Review and respond to emails regarding Status Conference and Petition for Coordination; review file materials re same; research re same | 1.2 |
| 10/19/11 | Review file materials and docket re coordination; research re same; prep and review emails re same and status conference | 2.3 |
| 10/21/11 | Prep for and participate in Status Conference; prep email re same; review file materials re same; review discovery responses | 2.9 |
| 11/18/11 | Review and respond to email re: CMC; review file materials re: same | 0.4 |
| 12/8/11 | Review and respond to emails regarding production of document and depositions; review documents produced by defendant | 1.4 |
| 12/9/11 | Review and respond to emails re: deposition and status and strategy | 0.3 |
| 12/28/11 | Review Order re: reassignment; prep email re: same; research re: same | 0.8 |
| 1/5/12 | Prep and review emails re: CMC Statement and status | 0.2 |
| 1/9/12 | Review and respond to emails regarding Judicial Council Coordination; review file materials and research re: same | 0.9 |
| 1/17/12 | Prep for and participate in CMC; review file materials re: same; prep and review emails re: same | 1.8 |
| 1/19/12 | Review documents filed in support of coordination; review documents and data produced by Defendant; prep email re: same | 3.8 |
| 3/7/12 | Prep and review emails re: coordination and hearing re: same | 0.4 |
| 3/8/12 | Review and respond to emails regarding Notice of Reassignment served by Defendant; research re: same | 0.6 |
| 3/9/12 | Review and respond to email regarding hearing on coordinating cases | 0.2 |
| 3/12/12 | Review and respond to emails regarding reassignment | 0.2 |
| 3/16/12 | Review and respond to emails re: association | 0.3 |

| 4/2/12 | Review and respond to emails regarding Status Conference and Petition for Coordination; review file materials re same; research re same | 0.2 |
|---|---|---|
| 4/3/12 | Prep and review emails regarding CMC and CMC Statement and coordination/transfer | 0.2 |
| 4/4/12 | Review Order re: Case Assignment; prep email re: same and pending CMC | 0.4 |
| 4/17/12 | Review and respond to emails regarding status and discovery and time records; review documents produced by Defendant; prep email re: time records | 0.7 |
| 4/18/12 | Prep for and participate in CMC; prep email re: same | 1.4 |
| 5/18/12 | Review Initial Status Conference Order and prep emails re: same | 0.3 |
| 6/13/12 | Prep and review emails re: Initial Status Conference Report | 0.2 |
| 6/19/12 | Prep and review emails regarding Status Conference, discovery, and certification issues; review file materials re: same | 0.5 |
| 6/21/12 | Review and respond to emails regarding Status Conference and related issues | 0.3 |
| 6/22/12 | Review and respond to emails re: Status Conference and issues raised at Conference | 0.2 |
| 6/27/12 | Review and respond to emails regarding Status Conference and electronic service provider; conference with staff re: same | 0.4 |
| 7/10/12 | Review/revise Stipulation to Consolidate Cases; prep emails re: same; conference with staff re: signatures | 0.8 |
| 7/25/12 | Review draft Consolidated Complaint and prep email re: same | 0.5 |
| 7/27/12 | Review and respond to email regarding deposition of client | 0.1 |
| 7/30/12 | Review and respond to emails regarding deposition dates | 0.1 |
| 7/31/12 | Review  and respond to emails regarding electronic service provider and deposition dates | 0.3 |
| 8/16/12 | Review and respond to emails regarding Status Conference | 0.2 |
| 9/5/12 | Prep and review emails regarding deposition and electronic time records | 0.3 |
| 9/20/12 | Prep and review emails re: documents produced by Defendants; review documents already produced | 0.7 |
| 9/11/12 | Prep and review emails regarding client's deposition; review documents produced by Defendants re: same | 1.3 |
| 9/18/12 | Prep and review emails regarding Status Conference and Statement | 0.1 |
| 9/26/12 | Prep for and defend deposition of Deanna Weatherspoon; review file materials re: same | 8.3 |
| 10/15/12 | Prep and review emails regarding Status Conference Statement; review and revise the same; conference with defense counsel re: same; legal research re: claims | 3.6 |
| 10/18/12 | Review/revise Joint Status Conference Statement; prep and review emails re: same | 1.3 |

| 10/19/12 | Review Joint Status Conference Report; prep emails re: same; review file materials re: same | 1.3 |
|---|---|---|
| 10/25/12 | Prep for and participate in Further Status Conference; review file materials re: same; prep [Proposed] Order re: same; research re: claims | 2.3 |
| 10/26/12 | Review and respond to emails regarding Status Conference; review file materials re: same | 0.5 |
| 10/29/12 | Review and respond to emails regarding Status Conference; review Notice of upcoming dates; review file materials re: case status | 0.8 |
| 10/30/12 | Prep and respond to emails regarding Mediation; review file materials re: same; review discovery produced by Defendant | 1.3 |
| 11/2/12 | Prep and review emails regarding Mediation; review documents and data produced by Defendant | 1.6 |
| 11/5/12 | Review and respond to emails regarding Mediation; conferences with staff re: same; review documents and data produced by Defendant | 3.3 |
| 11/6/12 | Review and respond to emails regarding Mediation; review file materials re: same | 0.9 |
| 11/18/12 | Prep emails regarding case investigation status | 0.3 |
| 11/27/12 | Review Questionnaires; research re: claims; review documents produced by Defendant; prep and review emails regarding Mediation | 2.3 |
| 11/28/12 | Prep and review emails regarding contacting class members; review/revise Questionnaire; review completed Questionnaires; research re: claims | 3.6 |
| 12/4/12 | Review and analyze data produced by Defendant; research re: damages and claims | 3.6 |
| 12/5/12 | Review and analyze data produced by Defendant; research re: damages | 1.8 |
| 12/6/12 | Read articles regarding strategic review; prep and review emails re: same; research re: same | 2.7 |
| 12/17/12 | Prep email regarding discovery needed for Mediation; research re: same; review file materials and documents and data produced by Defendant re: same; analyze data produced by Defendant | 5.3 |
| 12/18/12 | Review and respond to emails regarding data produced by Defendant; research and analyze same; prep email re: same; review voicemail from consultant; prep email re: same | 3.1 |
| 12/21/12 | Review and analyze data produced by Defendant; review emails re: same; prep email re: same; research re: same | 2.6 |
| 12/26/12 | Conference with defense counsel re: Mediation; prep and review emails re: same; legal and factual research re: claims and status of Defendant; conference with co-counsel re: same | 3.6 |
| 12/27/12 | Prep email regarding Mediation and Case Management dates; review file re: same | 0.5 |

| 1/2/13 | Review and respond to emails regarding Mediation dates; review file materials re: same | 0.6 |
|--------|---|---|
| 1/3/13 | Prep and review emails regarding mediation dates | 0.4 |
| 1/4/13 | Prep and review emails regarding Mediation; review file materials re: same | 0.4 |
| 1/8/13 | Review and prep emails re: Mediation and case management dates; research re: claims and potential damages | 2.8 |
| 1/14/13 | Review and respond to email regarding related cases; review file materials and docket re: same | 0.7 |
| 1/15/13 | Prep and review emails re: case status, Mediation, and related cases; review file materials re: same | 0.7 |
| 1/17/13 | Review and respond to emails regarding related cases and case management | 0.3 |
| 1/30/13 | Prep and review emails regarding Stipulation to Continue Mediation Date | 0.1 |
| 2/4/13 | Review and respond to emails regarding related cases and case management | 0.1 |
| 2/5/13 | Prep email to defense counsel re: information needed for Mediation | 0.2 |
| 2/13/13 | Review and respond to emails regarding Status Conference | 0.1 |
| 3/8/13 | Prep and review emails regarding Mediation and information to be produced | 0.2 |
| 3/12/13 | Review and respond to emails regarding Mediation dates; conference with staff re: same | 0.3 |
| 3/13/13 | Prep email re: Mediation date | 0.1 |
| 3/15/13 | Prep and review emails re: Mediation dates | 0.1 |
| 3/25/13 | Review letter from Mediator; prep email re: same; prep email to defense counsel re: stip and order regarding Case Management dates | 0.3 |
| 3/28/13 | Prep emails to defense counsel re: Case Management and production of information | 0.2 |
| 3/29/13 | Review and respond to emails regarding Stipulation re Case Management Dates | 0.4 |
| 4/5/13 | Review and respond to emails regarding Stip and Order Re Case Management Dates | 0.2 |
| 4/18/13 | Review article re: Tesco purchase of Fresh & Easy; prep emails re: same; research re: same | 1.3 |
| 5/3/13 | Prep emails re: Mediation preparation and informal discovery; review documents from case investigation | 0.7 |
| 5/10/13 | Prep email to consultant re: damage model and Mediation; review documents and data produced by Defendant re: same | 1.3 |
| 5/21/13 | Prep and review emails re: location of Mediation and status of sale; review payroll records and prep emails re: same | 2.7 |
| 5/29/13 | Prep email to consultant re: employee headcount file; review class list; prep email to defense counsel re: same | 0.8 |

| 5/30/13 | Review and analyze data produced by Defendants; prep emails to consultant re: same; prep email to defense counsel re: same | 3.3 |
|---------|----------------------------------------------------------------------------------------------------------------------------|-----|
| 6/3/13 | Prep and review emails regarding damage analysis and Mediation; prep for and participate in conference with consultant re: same; review documents and data produced by Defendant | 2.9 |
| 6/4/13 | Review and respond to emails regarding Mediation and damage analysis; prep email to defense counsel re: data produced by Defendant | 2.2 |
| 6/5/13 | Review additional data produced by Defendant; prep email to consultant re: same; prep email to co-counsel re: status; prep email to counsel in related case re: class definition | 1.7 |
| 6/6/13 | Review additional data produced by Defendant; prep email to consultant re: same; prep email to defense counsel re: same | 0.7 |
| 6/7/13 | Prep emails re: damage analysis and Mediation Brief | 0.5 |
| 6/10/13 | Review and respond to emails with consultant re: defense data; prep email to defense counsel re: same; review and respond to email from defense counsel re: data and Mediation and transaction; review and respond to emails regarding Mediation Brief; review data produced by Defendant; review docket and pleadings from related case; research re: same | 4 |
| 6/11/13 | Prep and review emails with consultant re: damage analysis; pep email to Mediator re: Mediation Brief; conference with Mediator's office re: Mediation and related case | 0.8 |
| 6/12/13 | Review/revise Mediation Brief and prep emails re: same; prep and review emails with consultant re: damage model | 3.4 |
| 6/13/13 | Prep for and participate in call with consultant re: damage analysis; review data produced by Defendant | 0.8 |
| 6/14/13 | Review additional data produced by Defendant; prep and review emails with consultant re: same and damage analysis; prep and participate in call with counsel re: Mediation and sale status | 1.4 |
| 6/17/13 | Prep for and participate in Mediation; emails and conferences with consultant re: same | 8.6 |
| 6/21/13 | Prep email to defense counsel re: Mediation and Status Conference; prep and review emails re: Association in related case | 0.3 |
| 6/24/13 | Review/revise proposed Joint Status Conference Report; prep emails re: same; review file materials re: same | 1.5 |
| 6/25/13 | Review and respond to emails re: Joint Status Conference Report and Status Conference | 0.3 |
| 6/26/13 | Prep and review emails re: Status Conference | 0.2 |
| 6/27/13 | Prep for and participate in Status Conference; prep emails re: same and association | 0.7 |

| | | |
|---|---|---|
| 6/28/13 | Prep and review emails re: Further Status Conference and status | 0.2 |
| 7/5/13 | Prep email re: production of additional data from defense | 0.1 |
| 7/9/13 | Prep and review emails re: association | 0.2 |
| 7/12/13 | Review additional data produced by Defendant and prep email re: same | 0.8 |
| 7/16/13 | Prep email re: additional data from defense | 0.1 |
| 7/23/13 | Prep email re: following up with defense counsel | 0.1 |
| 8/1/13 | Review and respond to emails re: settlement negotiations and additional data from defendant | 0.2 |
| 8/5/13 | Review and respond to emails re: status and strategy | 0.3 |
| 8/6/13 | Review and respond to emails re: status and strategy | 0.1 |
| 8/14/13 | Prep/review/revise PMK Deposition Notice; prep emails re: same; prep email to Mediator re: status | 1.8 |
| 8/28/13 | Prep emails re: PMK depositions and information to be produced Defendants | 0.1 |
| 9/23/13 | Prep email to consultant re: additional information produced by Defendants | 0.4 |
| 9/25/13 | Prep and review emails re: settlement discussions and status; review file materials re: same; prep email to defense counsel re: same and Status Conference; conference with defense counsel re: same | 0.8 |
| 9/26/13 | Review and sign Stipulation Re: Status Conference; prep email re: same; prep and review emails from consultant re: status | 0.4 |
| 9/30/13 | Review articles re: bankruptcy; prep and review emails re: same; research re: same | 0.9 |
| 10/2/13 | Prep and review emails re: bankruptcy strategy | 0.3 |
| 10/8/13 | Review and respond to emails re: bankruptcy strategy; research re: same | 0.5 |
| 10/9/13 | Prep and review emails re: bankruptcy; conference with co-counsel re: same; research re: same | 1.8 |
| 10/10/13 | Review bankruptcy docket; prep and review emails re: Notice of Bankruptcy; prep email to consultant re: damage analysis; research re: bankruptcy claims | 1.7 |
| 10/16/13 | Prep email to Mediator re: status; prep and review emails re: bankruptcy | 0.4 |
| 10/17/13 | Conference with counsel re: status; prep and review emails re: damage analysis and bankruptcy | 0.3 |
| 10/23/13 | Prep and review emails regarding damage analysis and bankruptcy claims; review and analyze data produced by Defendant re: same; conference with consultant re: same | 2.8 |
| 10/29/13 | Prep and review emails regarding damage analysis and bankruptcy claims; conference with consultant re: same | 0.8 |
| 10/30/13 | Review and respond to emails regarding damage analysis and bankruptcy claims; review and analyze same; conference with consultant re: same | 2.8 |

| 10/31/13 | Conferences with consultant re: damage analysis; review documents and data produced by Defendant re: same; prep and review emails re: same | 2.2 |
|---|---|---|
| 11/1/13 | Review and revise damage schedule; prep and review emails re: same; prep email re: Proof of Claim in the Bankruptcy Court | 1.9 |
| 12/3/13 | Review and respond to emails regarding bankruptcy status and Class Certification Motion; review and sign Status Conference Report; review and respond to emails regarding status of Bankruptcy Claim | 1.2 |
| 12/4/13 | Prep for and participate in conference call re: bankruptcy and proof of claim; prep emails re: same; research re: same | 2.1 |
| 12/5/13 | Review and respond to emails re: class certification and bankruptcy; research re: same; review file materials re: same | 1.3 |
| 12/9/13 | Prep email re: bankruptcy and potential proof of claim; research re: same | 0.8 |
| 12/12/13 | Review Orders from Bankruptcy Court; prep email re: same | 0.3 |
| 1/8/14 | Review documents from Bankruptcy Court; prep/review emails re: bankruptcy, settlement, and status | 0.6 |
| 1/9/14 | Review and respond to emails regarding proof of claims in Bankruptcy Court; analyze and review documents and data re: same; conferences with staff re: same | 2.8 |
| 1/10/14 | Review and respond to emails regarding proof of claim | 0.3 |
| 1/14/14 | Review draft proof of claims and emails re: same; prep emails re: same; research and review file materials re: analyzing data produced by defendant re: same | 1.8 |
| 1/15/14 | Review/revise proof of claims; prep emails re: same; view damage materials re: same | 1.5 |
| 1/16/14 | Review and respond to emails regarding Proof of Claims in Bankruptcy; review file materials and research re: same | 0.9 |
| 1/17/14 | Review/revise Proof of Claims in Bankruptcy Court; prep email re: same; research and review file materials re: same; review damage models re: same | 2.6 |
| 1/20/14 | Prep damage analysis for individual claims; review and analyze documents and data re: same; research re: same; prep and review emails re: same; conferences with staff re: same | 4.6 |
| 1/21/14 | Review final Proof of Claims filed in Bankruptcy Court; prep email re: same | 0.4 |
| 1/24/14 | Review and respond to emails regarding call from counsel with other potential case; prep for and participate in call with other counsel; review file materials and docket re: same; review and respond to emails regarding Mediation date; review and respond to email regarding Mediation | 1.9 |
| 1/27/14 | Prep and review emails regarding Mediation;  conferences with staff and counsel re: same | 0.4 |

| Date | Description | Hours |
|---|---|---|
| 1/31/14 | Review and respond to emails regarding Mediation and strategy; review file materials re: same; review damage analysis | 2.9 |
| 2/4/14 | Prep email re: mediation | 0.1 |
| 2/5/14 | Prep and review emails regarding mediation brief; conference with co-counsel re: same; review file materials re: same; legal research re: same | 2.9 |
| 2/7/14 | Review/revise Supplemental Mediation Brief; prep email re: same; research re: same; prep emails re: same | 2.4 |
| 2/10/14 | Review and respond to emails re: Mediation; review damage analysis; conference with consultant re: same; review documents and data produced by Defendant and analyze same; prep for and participate in teleconference with opposing counsel re: Mediation; prep email re: same | 4.4 |
| 2/11/14 | Prep for Mediation; conferences with co-counsel and consultants re: same; review damage analysis; review and analyze documents and data produced by Defendant; prep emails re: Mediation and strategy | 5.3 |
| 2/12/14 | Prep for and participate in Mediation; conferences with counsel and staff re: same; prep/review/revise term sheet and discuss with opposing counsel | 10.8 |
| 2/13/14 | Prep emails re: Mediation and settlement; review file materials re: same | 0.8 |
| 2/17/14 | Review and respond to emails regarding settlement; review file materials re: same | 0.4 |
| 2/18/14 | Prep and review emails regarding Mediation, settlement, and expenses | 0.3 |
| 2/26/14 | Conference with defense counsel re: status; prep and review emails re: same; prep email re: status of settlement | 0.6 |
| 3/4/14 | Review/revise proposed Settlement Agreement; prepare emails re: same; review file materials re: same; prep and review emails re: approval motion | 4.8 |
| 3/5/14 | Review file materials re: approval motion; prep and review emails re: same | 1.6 |
| 3/7/14 | Prep for and participate in call with counsel re settlement and approval papers; review/revise proposed Settlement Agreement and Joint Motion for Approval of Settlement; prep and review emails re same; confs. with staff re same | 2.3 |
| 3/10/14 | Prep/review/revise Declaration in Support of Approval Motion; review revised Settlement Agreement and related documents; prep and review emails re same; review/revise Joint Motion for Approval; compile declarations in support of same; review file materials and research re same | 5.4 |
| | | |
| | **Total** | **335.20** |

$217,880

# EXHIBIT B

11:55 AM
03/11/14
Cash Basis

# The Cooper Law Firm, P.C.
## Account QuickReport
### All Transactions

| Type | Date | Num | Name | Memo | Paid Amount | Balance |
|---|---|---|---|---|---|---|
| **Advanced Client Costs** | | | | | | |
| **Fresh & Easy** | | | | | | |
| General Journal | 06/25/2010 | 26 | Stamps.com | Postage | 5.00 | 5.00 |
| Bill | 12/01/2010 | 0441954-IN | Premier Business Centers | Parking Validation | 21.60 | 26.60 |
| Check | 12/27/2010 | | Scott Cooper | Parking for Demurrer | 12.00 | 38.60 |
| Check | 09/07/2011 | 3330 | Los Angeles Superior Court | Fresh & Easy | 40.00 | 78.60 |
| General Journal | 10/25/2011 | 52 | Stamps.com | Postage | 0.64 | 79.24 |
| Credit Card Charge | 10/28/2011 | | Courtcall | Court Call | 108.00 | 187.24 |
| Credit Card Charge | 01/29/2012 | | Ace Parking | Court Call | 78.00 | 265.24 |
| Credit Card Charge | 03/07/2012 | | LASC | Documents | 7.50 | 272.74 |
| Credit Card Charge | 04/27/2012 | | Courtcall | Courtcall | 78.00 | 350.74 |
| General Journal | 07/25/2012 | 357254 | Stamps.com | Postage | 1.95 | 352.69 |
| Bill | 07/31/2012 | 357254 | First Legal Network, LLC | 367254  Fresh & Easy | 25.00 | 377.69 |
| Credit Card Charge | 09/09/2012 | | Fedex | Postage | 23.52 | 401.21 |
| Check | 09/27/2012 | ACH | Scott Cooper | Parking for deposition | 40.00 | 441.21 |
| Bill | 10/01/2012 | 2012090694061101 | Lexis Nexis | 2012090694061101 Fresh & Easy | 11.00 | 452.21 |
| Credit Card Charge | 10/08/2012 | | Hahn & Bowersock | Deposition Transcript | 786.95 | 1,239.16 |
| Credit Card Charge | 10/23/2012 | | Courtcall | Fresh & Easy | 108.00 | 1,347.16 |
| General Journal | 10/25/2012 | | Stamps.com | Postage | 0.45 | 1,347.61 |
| Bill | 11/01/2012 | 2012100694061101 | Lexis Nexis | 2012100694061101 Fresh & Easy | 11.00 | 1,358.61 |
| General Journal | 11/25/2012 | | Stamps.com | Postage | 0.45 | 1,359.06 |
| Bill | 12/03/2012 | 2012110694061101 | File & ServeXpress LLC | 2012110694061101 | 6.00 | 1,365.06 |
| General Journal | 12/25/2012 | | Stamps.com | Postage | 0.45 | 1,365.51 |
| Bill | 01/02/2013 | 2012120694061101 | File & ServeXpress LLC | 2012120694061101 | 6.00 | 1,371.51 |
| General Journal | 01/25/2013 | | Stamps.com | Postage | 4.50 | 1,376.01 |
| Bill | 02/01/2013 | 201301694061101 | File & ServeXpress LLC | 201301694061101 | 6.00 | 1,382.01 |
| Bill | 03/01/2013 | 201302694061101 | File & ServeXpress LLC | 201302694061101 | 6.00 | 1,388.01 |
| Bill | 04/01/2013 | 201303694061101 | File & ServeXpress LLC | 201303694061101 | 6.00 | 1,394.01 |
| Bill | 04/01/2013 | 201304694061101 | File & ServeXpress LLC | 201303694061101 | 6.00 | 1,400.01 |
| Bill | 04/01/2013 | 201304694061101 | File & ServeXpress LLC | 201303694061101 | 11.35 | 1,411.36 |
| Bill | 04/15/2013 | 374937 | First Legal Network, LLC | 374463 Fresh & Easy | 25.00 | 1,436.36 |
| General Journal | 04/25/2013 | | Stamps.com | postage | 1.84 | 1,438.20 |
| General Journal | 06/01/2013 | | | Westlaw Charges | 7.83 | 1,446.03 |
| Bill | 06/03/2013 | 201305694061101 | File & ServeXpress LLC | 201305694061101 | 6.00 | 1,452.03 |
| Check | 06/04/2013 | 3500 | James Toney | Retainer | 1,250.00 | 2,702.03 |
| Check | 06/04/2013 | 3505 | Mark S. Rudy, APC | Mediation | 2,600.00 | 5,302.03 |
| Credit Card Charge | 06/08/2013 | | Fedex | Postage | 62.83 | 5,364.86 |
| General Journal | 06/25/2013 | | Stamps.com | Postage | 0.92 | 5,365.78 |
| Credit Card Charge | 06/25/2013 | | Courtcall | Fresh & Easy | 108.00 | 5,473.78 |
| General Journal | 06/30/2013 | | | Westlaw Charges | 59.55 | 5,533.33 |
| Bill | 06/30/2013 | 377646 | First Legal Network, LLC | Filing | 25.00 | 5,558.33 |
| Bill | 07/01/2013 | 201306694061101 | File & ServeXpress LLC | 201306694061101 | 11.35 | 5,569.68 |
| Bill | 07/01/2013 | 201306694061101 | File & ServeXpress LLC | 201306694061101 | 6.00 | 5,575.68 |
| Bill | 07/08/2013 | 1307 | James Toney | Consultation Fees | 4,375.00 | 9,950.68 |
| General Journal | 07/25/2013 | | Stamps.com | Postage | 2.64 | 9,953.32 |
| Bill | 07/26/2013 | 0662817-IN | Premier Business Centers | Parking Validation | 36.00 | 9,989.32 |
| General Journal | 07/31/2013 | | | Westlaw Charges | 53.84 | 10,043.16 |
| Bill | 08/01/2013 | 201307694061101 | File & ServeXpress LLC | 201307694061101 | 6.00 | 10,049.16 |
| General Journal | 08/25/2013 | | Stamps.com | Postage | 2.44 | 10,051.60 |
| Bill | 09/03/2013 | 201308694061101 | File & ServeXpress LLC | 201308694061101 | 6.00 | 10,057.60 |
| Credit Card Charge | 09/07/2013 | | Fedex | Postage & Delivery | 55.48 | 10,113.08 |
| General Journal | 09/25/2013 | | Stamps.com | Postage | 0.46 | 10,113.54 |
| Bill | 10/01/2013 | 201309694061101 | File & ServeXpress LLC | 201309694061101 | 6.00 | 10,119.54 |
| Bill | 11/01/2013 | 201310694061101 | File & ServeXpress LLC | 201310694061101 | 6.00 | 10,125.54 |
| Bill | 12/02/2013 | 201311694061101 | File & ServeXpress LLC | 201311694061101 | 6.00 | 10,131.54 |
| Bill | 12/05/2013 | 383539 | First Legal Network, LLC | Filing | 25.00 | 10,156.54 |
| General Journal | 12/25/2013 | | Stamps.com | Postage | 2.44 | 10,158.98 |
| Bill | 12/30/2013 | 201312694061101 | File & ServeXpress LLC | 201312694061101 | 6.00 | 10,164.98 |
| Check | 01/08/2014 | 3606 | Clerk of the Court | Complex Fees | 1,000.00 | 11,164.98 |
| Bill | 01/21/2014 | 457882 | Morris James LLP | 457882 Fresh & Easy | 5,044.54 | 16,209.52 |
| Bill | 01/30/2014 | 21146 | Mark S. Rudy, APC | Mediation | 2,080.00 | 18,289.52 |
| Bill | 02/04/2014 | 201401694061101 | File & ServeXpress LLC | 201401694061101 | 6.00 | 18,295.52 |
| Check | 02/19/2014 | 3623 | Luis Cuevas | Expense Reimbursement | 17.59 | 18,313.11 |
| Deposit | 02/24/2014 | 7547 | | RRC costs reimbursement | -2,017.82 | 16,295.29 |
| General Journal | 02/25/2014 | | Stamps.com | Postage | 3.99 | 16,299.28 |
| Bill | 02/26/2014 | 459293 | Morris James LLP | 459293 Fresh & Easy | 1,470.93 | 17,770.21 |
| Bill | 03/03/2014 | 201402694061101 | File & ServeXpress LLC | 201402694061101 | 6.00 | 17,776.21 |
| Deposit | 03/07/2014 | 10614 | | MLG/Costs Reimbursements | -1,008.91 | 16,767.30 |
| Total Fresh & Easy | | | | | 16,767.30 | 16,767.30 |
| Total Advanced Client Costs | | | | | 16,767.30 | 16,767.30 |
| **TOTAL** | | | | | 16,767.30 | 16,767.30 |

Page 1