UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| OLD FENM INC., *et al.*,[1] | : Case No. 13-12569 (KJC) |
|  | : |
| Debtors. | : |
|  | : (Jointly Administered) |
|  | : |

### DECLARATION OF JANE RUE WITTSTEIN AFFIRMING COMPLIANCE WITH THE COURT'S MARCH 31, 2014 ORDER PRELIMINARILY APPROVING THE WEATHERSPOON CLASS SETTLEMENT AGREEMENT AND CERTIFICATION OF COUNSEL WITH RESPECT TO FINAL ORDER APPROVING THE WEATHERSPOON CLASS SETTLEMENT AGREEMENT

I, Jane Rue Wittstein makes the following declaration:

1. On March 11, 2014, the above-captioned debtors (the "Debtors") and Deanna Weatherspoon, Rene F. Luna, Yessenia Martinez, and Dandre Jackson, (the "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, but excluding any opt outs, the "Class Members" or "Class"), by and through their respective counsel, filed a *Joint Motion Seeking to (I) Approve a Settlement, (II) Certify a Class of California Wage and Hour Claimants for Settlement Purposes Only, (III) Appoint Class Counsel And Class Representatives, (IV) Preliminarily Approve the Settlement Agreement, (V) Approve the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (VI) Schedule a Fairness Hearing to Consider Final*

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

-1-

*Approval of the Settlement, (VII) Finally Approve the Settlement After the Fairness Hearing and (VII) Grant Related Relief* (the "<u>Settlement Motion</u>") [Docket No. 611].[2]

2. The Court set a hearing for preliminary approval of the Settlement Motion for April 1, 2014, with responses due by March 25, 2014 at 4:00 p.m. (EDT). No party objected to the preliminary approval of the Settlement Motion. Informal comments from the United States Trustee were received and resolved in advance of a hearing.

3. On March 31, 2014, the Court entered an *Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023, 9014 and 9019 (I) Preliminarily Approving the Settlement Agreement Between the Debtors and the California Wage and Hour Class Plaintiffs, (II) Certifying a Class of Wage and Hour Employee Claimants for Settlement Purposes Only, (III) Appointing Class Counsel and Class Representatives, (IV) Approving the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (V) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Granting Related Relief* (the "<u>Preliminary Approval Order</u>") [Docket No. 677].

4. Among other things, the Preliminary Approval order: (i) set a fairness hearing (the "<u>Fairness Hearing</u>") for June 26, 2014 at 2:00 p.m. (EDT); (ii) preliminarily approved the *Settlement Agreement and Release*, dated as of March 11, 2014 (the "<u>Settlement Agreement</u>") (a copy of which is attached to the Settlement Motion as Exhibit C); (iii) directed Class Counsel to mail, within ten (10) business days following entry of the Preliminary Approval Order, the form of notice to be sent to all potential members of the Class (the "<u>Class Notice</u>"); (iv) required Debtors' counsel to file a declaration attesting to the service of notice to the

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Settlement Agreement (defined below).

appropriate federal and state officials as required by 28 U.S.C. § 1715; and (v) set May 15, 2014 as the deadline (the "Initial Deadline") for the submission of completed, executed opt out forms, objections or other responses to final approval of the Settlement Agreement and Settlement Motion.

5. On March 12, 2014, the Debtors' Administrative Agent served *Debtors Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC)'s 28 U.S.C. § 1715 Notice of Class Settlement* (the "CAFA Notice") on the relevant attorneys general, taxing authorities and state labor departments. [See Docket No. 639]. To date, upon information and belief, the Debtors have not received a response from any of the recipients of the CAFA Notices.

6. On or before April 14, 2014, the approved Class Notice was mailed to the individuals identified on Schedule 1 to the Settlement Agreement ("Schedule 1"). [See Docket No. 719]. Of the 5,978 Class Notices initially mailed, 583 Class Notices were returned as undelivered, after which a reasonable attempt was made to determine each intended recipient's current address. Second mailing attempts began on April 24, 2014. [See Docket No. 748].

7. As may be expected with a class of this size, a discrete number of individuals contacted Class Counsel or the Debtors' Administrative Agent asserting that they had been excluded from the Class in error. Upon further inquiry, fifty-five additional Class Notices were mailed to individuals that were inadvertently omitted from the first iteration of Schedule 1 [See Docket Nos. 748, 772, 781, 789 and 801]. Class Notices mailed after May 15, 2014 included a statement by the Debtors extending their deadline to file an Opt Out Form, objection or response to June 18, 2014 (the "Supplemental Deadline"). [See Docket Nos. 813 and 860]. A

redacted and revised form of Schedule 1,[3] which includes Class Members unintentionally omitted and removes Opt Outs (as defined below) and other non-Class Member individuals, is attached hereto as Exhibit 3.[4]

8.  To date, no objections to the Settlement have been received. Fifteen individuals chose to complete and return their Opt Out Form by the applicable Initial Deadline or Supplemental Deadline, thereby excluding themselves from the Class (the "Opt Outs").

9.  Of the Fifteen Opt Outs, only two Opt Outs filed individual proofs of claim against the Debtors (Claim ## 116 and 328) alleging claims duplicative of or subsumed by the claims being settled under the Settlement Agreement (the "Opt Out Claimants"). Collectively, the face value of the Opt Out Claimants' proofs of claim is $11,377. Since the aggregate face value of the Opt Out Claimants' proofs of claim falls below the forty-five thousand dollar ($45,000) reserved from the Settlement Payment for such claims, the Debtors elect not to terminate the Settlement Agreement pursuant to Section 1 of the Settlement Agreement, which states:

> Notwithstanding anything to the contrary herein, in the event that the aggregate value of the claims of potential Class Members (as defined below) that opt-out of the Settlement Agreement exceeds $45,000 (as further discussed below in section 3(b)(v)), the Debtors may elect to terminate this Settlement Agreement by providing written notice to Co-Lead Class Counsel (as defined below) at least seven (7) days prior to the Fairness Hearing.

[Docket No. 611 Ex. C, at 6].

---

[3]  On April 1, 2014 the Court entered an *Order Pursuant to 11 U.S.C. §§ 105 and 107 Authorizing the Parties to File Under Seal a Redacted Schedule 1 to the Wage and Hour Class Settlement Agreement* [Docket No. 689], which states "the Parties are authorized to file a redacted version **or redacted versions**, as necessary, of Schedule 1 to the Settlement Agreement under seal" (emphasis added). The un-redacted version of Schedule 1 will be submitted to the Court and the United States Trustee.

[4]  A few Class Members contacted Class Counsel or the Debtors' Administrative Agent to dispute the Debtors' calculation of their gross wages from which their Individual Class Member Settlement Payments are derived. All such inquiries have been addressed and remedied, and any adjustments are reflected in the revised form of Schedule 1.

10. Class Counsel has represented that they are in the process of contacting the thirteen Opt Outs who did not timely file a proof of claim against the Debtors' estates. Class Counsel intends to explain to these individuals the consequences of opting out of the Class without having asserted a proof of claim against the Debtors prior to the Bar Date. The Debtors have consented to allowing these thirteen individuals to withdraw their executed Opt Out Forms and become a Class Member, receive an Individual Class Member Settlement Payment and consequently be bound by terms of the Settlement Agreement. To the extent an Opt Out decides to withdraw their Opt Out Form, the Debtors will provide the Court and the United States Trustee with a further revised version of Schedule 1 at or before the hearing.

11. Contemporaneously herewith, the Debtors anticipate that Co-Lead Class Counsel Scott B. Cooper will file a supplemental declaration supporting Class Counsel's expenses incurred after the filing of the Settlement Motion. Class Counsel's initial declarations in support of their fees and expenses are attached to the Settlement Motion and relate to their fees and expenses incurred prior to the filing of the Settlement Motion. [See Docket No. 611, Ex. D, Ex. E, and Ex. H-K]. Class Counsel is seeking aggregate fees of $660,000 and expenses of $61,485.56, which do not exceed the Settlement Agreement's fee cap of 33% of the two million dollar Settlement Payment and expense cap of $100,000.00. To date, no party has objected to the Settlement Agreement's cap of Class Counsel's fees and expenses.

12. Contemporaneously herewith, the Debtors anticipate that its Administrative Agent, Prime Clerk LLC, will file a declaration in support of its fees and expenses incurred in connection with this settlement. The Debtors' Administrative Agent is seeking estimated combined fees and expenses of $60,000, of which roughly $41,000 has been already been incurred, which does not exceed the Administrative Agent's combined fee and

expense cap of $65,000 set forth in the Settlement Agreement. However, because the final amount of the Administrative Agent's fees and expenses will not be known until after the distribution to Class Members, and because a second distribution to Class Members will likely be cost prohibitive, the Debtors propose that the entire amount of the Administrative Agent's fee and expense cap (*i.e.* $65,000) be deducted from the Settlement Payment prior to the distribution to Class Members, and be reserved for payment of the Administrative Agent's fees and expenses. The Debtors further propose, and Class Counsel has agreed, that, if the Administrative Agent's costs do not exceed or equal $65,000, the remainder of the $65,000 will be treated as Residual Funds under the Settlement Agreement. To date, no party has objected to the Settlement Agreement's cap of the Administrative Agent's fees and expenses.

        13. The Debtors have amended the proposed final order to reflect the docket number and date of the approval of the Preliminary Approval Order, the amounts of Class Counsel's and the Administrative Agent's fees and expenses, and certain other additions. The revised proposed final order is attached hereto as <u>Exhibit 1</u>, and a blackline version reflecting the changes is attached hereto as <u>Exhibit 2</u>.

-7-

14. The Debtors respectfully request that the Court enter the attached form of the proposed final order at its earliest convenience.

Dated: June 23, 2014
      New York, New York

Respectfully submitted,

/s/ Jane Rue Wittstein
Jane Rue Wittstein
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

ATTORNEY FOR DEBTORS