

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| OLD FENM INC., *et al.*,[1] | : | Case No. 13-12569 (KJC) |
|  | : |  |
| Debtors. | : |  |
|  | : | (Jointly Administered) |
|  | : |  |

## ORDER WITH RESPECT TO CONFIRMATION OF THE
## SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION
## OF OLD FENM INC. AND OLD FEPC LLC, AS MODIFIED AND RESTATED

---

[1]   The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in brackets): Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) [7028] and Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) [9636]. The address of each of the Debtors is 2120 Park Place, Suite 200, El Segundo, California 90245.

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

GENERAL PROVISIONS REGARDING CONFIRMATION OF THE PLAN AND
    APPROVAL OF PLAN-RELATED DOCUMENTS ......................................................... 3

I.      The Plan Modifications ............................................................................................... 3

II.     Confirmation of the Plan ............................................................................................ 3

III.    Approval, Modification and Execution of Plan-Related Documents ........................ 3

IV.    Conditions to Effective Date ...................................................................................... 4

V.     Effects of Confirmation .............................................................................................. 4

CLAIMS BAR DATES AND OTHER CLAIMS MATTERS ................................................ 4

I.      General Bar Date Provisions for Administrative Claims ........................................... 4

II.     Bar Date for Professional Fee Claims ....................................................................... 5

III.    Bar Date for Rejection Damages Claims .................................................................. 6

IV.    No Amendments to Claims ......................................................................................... 6

V.     Enforcement of Bar Date Order ................................................................................. 7

VI.    Special Provisions Regarding Insured Claims .......................................................... 7

MATTERS RELATING TO IMPLEMENTATION OF THE PLAN ..................................... 8

I.      Approval of the Tesco Settlement .............................................................................. 8

II.     Approval of General Settlement of Claims and Controversies .................................. 9

III.    Approval of Substantive Consolidation For Plan Purposes Only .............................. 9

IV.    Cancellation of Interests and Issuance of New Securities ....................................... 10

V.     Continued Corporate Existence; Change in Control ................................................ 10

VI.    Revesting of Reorganized Debtors' Assets in the Reorganized Debtors ................. 11

VII.   Corporate Action ...................................................................................................... 11

VIII.  Effectuating Documents; Further Transactions; Exemption from Certain Transfer
        Taxes ....................................................................................................................... 13

IX.    Release of Liens ....................................................................................................... 13

APPROVAL OF EXECUTORY CONTRACT AND UNEXPIRED LEASE
    PROVISIONS AND RELATED PROCEDURES ........................................................... 14

RELEASE AND LIMITATION OF LIABILITY PROVISIONS ......................................... 15

I.      General Release by the Debtors ............................................................................... 15

II.     Third Party Releases ................................................................................................ 16

III.    Injunction Related to Releases ................................................................................. 16

IV.    Limitation of Liability .............................................................................................. 17

## TABLE OF CONTENTS
### (continued)

INJUNCTIONS, SUBORDINATION OF RIGHTS AND THE AUTOMATIC STAY ............ 18

I.      Injunctions................................................................................................................. 18

II.     Subordination of Rights ............................................................................................ 20

III.    Automatic Stay.......................................................................................................... 20

OBJECTIONS TO CONFIRMATION ............................................................................... 20

OTHER PLAN RELATED MATTERS.............................................................................. 20

I.      Retention of Jurisdiction by the Bankruptcy Court ................................................. 20

II.     Retained Causes of Action........................................................................................ 21

III.    Post-Effective Date Committee ................................................................................ 21

IV.     Conflict Between Plan and Confirmation Order........................................................ 22

V.      Notice of Entry of Confirmation Order .................................................................... 22

## TABLE OF EXHIBITS

| Exhibit | Exhibit Name |
| --- | --- |
| A | Plan, as Modified and Restated |
| B | Plan Modifications (Blackline of Plan, as Modified and Restated, against Solicitation Version of Plan) |
| C | Notice of Effective Date of Plan |

## INTRODUCTION

WHEREAS, Old FENM Inc. (f/k/a Fresh & Easy Neighborhood Market Inc.) and

Old FEPC LLC (f/k/a Fresh & Easy Property Company LLC) (collectively, the "Debtors") have

filed, and seek confirmation of, their Second Amended Joint Plan of Reorganization of Old

FENM Inc. and Old FEPC LLC [Docket No. 854], as modified by the modifications set forth in

Exhibit B hereto and restated in its entirety as set forth in Exhibit A hereto (as it may be further

modified and inclusive of the Plan Exhibits, the "Plan");[2]

WHEREAS, the Bankruptcy Court has entered the Order Approving

(I) Disclosure Statement, (II) Form and Manner of Notice of Disclosure Statement Hearing,

(III) Form and Manner of Notice of Confirmation Hearing and (IV) Certain Related Relief

[Docket No. 864] (the "Disclosure Statement Order") and therefore has, among other items,

(i) approved the Debtors' proposed disclosure statement (the "Disclosure Statement") and

(ii) scheduled a hearing to consider confirmation of the Plan for July 2, 2014, at 9:00 a.m.

(Eastern Time) (the "Confirmation Hearing");

WHEREAS, the Bankruptcy Court has considered all of the proceedings held

before the Bankruptcy Court and taken judicial notice of the documents and pleadings filed in

the Bankruptcy Case;

WHEREAS the Bankruptcy Court held the Confirmation hearing on July 2, 2014

and, in connection therewith, considered, among other items, (i) the sole objection to

confirmation of the Plan filed by the United States Trustee for the District of Delaware [Docket

---

[2]    A copy of the Plan (without the Plan Exhibits) is attached hereto as Exhibit A and incorporated herein by
reference. Capitalized terms and phrases used herein have the meanings given to them in the Plan. The
rules of interpretation set forth in Section I.B.1 of the Plan apply to this Order (the "Confirmation Order")
and the Findings of Fact and Conclusions of Law With Respect To Confirmation of the First Amended
Joint Chapter 11 Plan of Reorganization of Old FENM Inc. and Old FEPC LLC, as Amended and Restated,
which are being entered concurrently herewith.

No. 921] (the "Objection"); (ii) the Memorandum of Law in Support of Confirmation of the Plan [Docket No. 941]; (iii) the Declaration of Dennis Stogsdill in Support of Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of Old FENM Inc. and Old FEPC LLC [Docket No. 942] and the testimony set forth therein; and (iv) all other evidence proffered or adduced during, memoranda and objections filed in connection with and arguments of counsel made at the Confirmation Hearing;

WHEREAS, the Bankruptcy Court has separately entered its Findings of Fact and Conclusions of Law With Respect To Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Old FENM Inc. and Old FEPC LLC, as Amended and Restated (the "Findings of Fact and Conclusions of Law"), which include findings that (i) the Bankruptcy Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code; (ii) this is a core proceeding pursuant to Section 157(b)(2) of Title 28 of the United States Code; (iii) the Debtors were, and are, qualified to be debtors under Section 109 of the Bankruptcy Code; and (iv) pursuant to Section 1408 of Title 28 of the United States Code, venue of these bankruptcy cases in the United States Bankruptcy Court for the District of Delaware was proper as of the Petition Date and remains proper;

WHEREAS, the Findings of Fact and Conclusions of Law and the Bankruptcy Court's oral findings of fact and conclusions of law stated on the record at the Confirmation Hearing establish just cause for the relief granted herein; and

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

- 2 -

## GENERAL PROVISIONS REGARDING CONFIRMATION
## OF THE PLAN AND APPROVAL OF PLAN-RELATED DOCUMENTS

**I.**       **The Plan Modifications**

1.      Pursuant to Section 1127(a) of the Bankruptcy Code and Bankruptcy

Rule 3019, the Plan Modifications are APPROVED in all respects. The Plan Modifications are

either technical changes or clarifications that do not materially or adversely affect or change the

treatment of any Claim or Interest under the Plan. Accordingly, the Debtors are authorized to

take any actions necessary to implement or effectuate any of the transactions and other matters

set forth in the Plan Modifications.

**II.**      **Confirmation of the Plan**

2.      Pursuant to Section 1129 of the Bankruptcy Code, the Plan and each of its

respective provisions and any exhibits thereto (whether or not specifically referenced herein,

collectively, the "Plan Exhibits") and all documents included as part of the Plan, including any

exhibits to such documents (whether or not specifically approved herein), are CONFIRMED in

each and every respect. The Plan's terms are incorporated herein by reference, are non-severable

and are an integral part of this Confirmation Order.

**III.**     **Approval, Modification and Execution of Plan-Related Documents**

3.      The Plan Exhibits, each as substantially in the form as they exist at the

time of the entry of this Confirmation Order, are APPROVED in all respects.

4.      All relevant parties, including the Debtors, the Reorganized Debtors and

the Tesco Entities, are authorized, without further action, notice or order of the Bankruptcy Court

to execute and implement, as applicable, (i) all necessary documents, including those documents

set forth in the Plan Exhibits and make modifications to such documents in accordance with the

Plan's terms; and (ii) all other agreements and transactions, as applicable.

- 3 -

IV.        **Conditions to Effective Date**

5.        Nothing in this Confirmation Order or in the Findings of Fact and

Conclusions of Law affect Article VIII of the Plan, which includes provisions regarding (i) the

conditions precedent to the Effective Date of the Plan and (ii) the effect that the non-occurrence

of such conditions may have with regard to the Plan and this Confirmation Order.

V.        **Effects of Confirmation**

6.        In accordance with Section 1141(a) of the Bankruptcy Code and

immediately upon the entry of this Confirmation Order, the terms of the Plan and this

Confirmation Order will be binding upon all Entities and, to the extent applicable, their

respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents,

representatives, attorneys, beneficiaries, guardians, successors or assigns, including, without

limitation, (i) the Debtors and holders of Claims or Interests (irrespective of whether such Claims

or Interests are impaired under the Plan or whether the holders of such Claims or Interests are

deemed to have accepted or rejected the Plan or will receive a distribution under the Plan);

(ii) non-Debtor parties to Executory Contracts or Unexpired Leases with any of the Debtors; and

(iii) Entities that are parties to or are subject to the Tesco Settlement and other settlements,

compromises, releases, waivers and injunctions described in this Confirmation Order, the

Findings of Fact and Conclusions of Law or the Plan.

## CLAIMS BAR DATES AND OTHER CLAIMS MATTERS

I.        **General Bar Date Provisions for Administrative Claims**

7.        Except as specified in Section III.A of the Plan and Sections III.B and

III.C of this Confirmation Order, requests for the payment of Administrative Claims for the

period from September 30, 2013 to the Effective Date must be Filed and served on the

Reorganized Debtors, Tesco and such other entities who are designated by the Bankruptcy Rules,

- 4 -

this Confirmation Order or other order of the Bankruptcy Court no later than 30 days after the

Effective Date. Any holder of an Administrative Claim for the period from September 30, 2013

to the Effective Date that is required to, but does not, File and serve a request for payment of

such Administrative Claim in accordance with Section III.A.1 of the Plan will be forever barred

from asserting such Administrative Claim against the Debtors or their respective property or any

assets of the Debtors' Estates, and such Administrative Claims will be deemed waived and

released as of the Effective Date. Objections to any Administrative Claim must be Filed and

served on the requesting party no later than 90 days after the Effective Date.

**II.        Bar Date for Professional Fee Claims**

    8.  Unless previously filed, Professionals or other Entities asserting a

Professional Fee Claim for services rendered before the Effective Date must File and serve on

the Reorganized Debtors, Tesco and such other Entities that are designated by the Bankruptcy

Rules, the Professional Fee Order, the Confirmation Order or other order of the Bankruptcy

Court an application for final allowance of such Professional Fee Claim no later than 45 days

after the Effective Date; provided, however, that any Professional who may receive

compensation or reimbursement of expenses pursuant to the Ordinary Course Professionals

Order may continue to receive such compensation and reimbursement of expenses for services

rendered before the Effective Date without further Bankruptcy Court review or approval in

accordance with the Ordinary Course Professionals Order.

    9.  A Professional may include any outstanding, non-Filed monthly or interim

request for payment of a Professional Fee Claim pursuant to the Professional Fee Order in its

Final Fee Application. Objections to any Professional Fee Claim must be Filed and served on

the Reorganized Debtors, Tesco and the requesting party by the later of (a) 60 days after the

Effective Date, (b) 20 days after the Filing of the applicable request for payment of the

- 5 -

Professional Fee Claim or (c) such other period of limitation as may be specifically fixed by a Final Order for objecting to such Professional Fee Claims. To the extent necessary, this Confirmation Order amends and supersedes any previously entered order of the Bankruptcy Court regarding payment of Professional Fee Claims.

**III.        Bar Date for Rejection Damages Claims**

10.    Notwithstanding anything in the Bar Date Order to the contrary, if the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan gives rise to a Claim by the other party or parties to such contract or lease, such Claim will be forever barred and will not be enforceable against the Reorganized Debtors unless a proof of Claim is Filed and served on the Reorganized Debtors no later than 30 days after the Effective Date. Objections to Claims relating to the rejection of an Executory Contract or Unexpired Lease occurring pursuant to Section V.A of the Plan must be Filed and served on the requesting party no later than 60 days after the Effective Date.

**IV.        No Amendments to Claims**

11.    On or after the Effective Date, the holder of a Claim (other than an Administrative Claim or a Professional Fee Claim) must obtain prior authorization from the Bankruptcy Court or Reorganized Debtors to file or amend a Claim. Any new or amended Claim (other than Claims filed by the deadline set forth in Section V.B of the Plan that are related to Executory Contracts or Unexpired Leases rejected pursuant to the Plan or a Final Order of the Bankruptcy Court) filed after the Effective Date without such prior authorization will not appear on the register of claims and will be deemed disallowed in full and expunged without any action required of the Debtors or the Reorganized Debtors and without the need for any court order. Objections to any new or amended Claim must be Filed by 30 days after the date on which the Bankruptcy Court authorizes the Filing of such new or amended Claim.

- 6 -

**V.**        **Enforcement of Bar Date Order**

12.     Except as specifically set forth in the Plan and this Confirmation Order, the Bar Date Order remains in full force and effect, including, without limitation, the establishment of January 22, 2014 as the Bar Date for the for the filing of General Unsecured Claims and Claims arising under Section 503(b)(9) of the Bankruptcy Code.

13.     In accordance with the Bar Date Order, any Entity that failed to File a proof of Claim by the applicable Bar Date or was not otherwise permitted to File a proof of Claim after the applicable Bar Date by a Final Order of the Bankruptcy Court is, and shall be, barred, estopped and enjoined from asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such Entity as undisputed, noncontingent and liquidated; or (ii) is of a different nature or a different classification than any Claim identified in the Schedules on behalf of such Entity.  All Claims (i) Filed after the applicable Bar Date and (ii) for which the Bankruptcy Court has not entered a Final Order determining that such Claims were timely Filed will be disallowed and expunged. Any Distribution on account of such Claims shall be limited to the amount, if any, listed in the applicable Schedules as undisputed, noncontingent and liquidated.

**VI.**       **Special Provisions Regarding Insured Claims**

14.     Distributions under the Plan to each holder of an Allowed Insured Claim will be in accordance with the treatment provided under the Plan for the Class in which such Allowed Insured Claim is classified, but solely to the extent that such Allowed Insured Claim is not satisfied from proceeds payable to the holder thereof under any pertinent insurance policies and applicable law.  Nothing in Section IV.E of the Plan shall constitute a waiver of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities that any Entity may hold against any other Entity, including the Debtors' insurance carriers.

- 7 -

15.     Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, any other Plan document or this Confirmation Order (collectively, the "Plan Documents"), nothing in the Plan Documents (including any provision that purports to be preemptory or supervening) shall in any way operate to, or have the effect of, impairing in any respect the legal, equitable or contractual rights and defenses of the insureds or insurers under any insurance policy issued by Liberty Mutual Insurance Company or its affiliates (collectively, "Liberty") for the benefit of the Debtors or their affiliates or any related agreement (collectively, the "Liberty Mutual Insurance Agreements") or under any applicable non-bankruptcy law, including without limitation Liberty's rights to draw on letters of credit issued for Liberty's benefit or to apply escrowed amounts held by Liberty, Liberty's rights of setoff and recoupment, and Liberty's rights to handle, control, direct and approve settlement of claims covered by the Liberty Mutual Insurance Agreements. The rights and obligations of the insureds and the insurers shall be determined under the Liberty Mutual Insurance Agreements, including all terms, conditions, limitations and exclusions thereof, which shall remain in full force and effect, and any applicable non-bankruptcy law.

## MATTERS RELATING TO IMPLEMENTATION OF THE PLAN

**I.          Approval of the Tesco Settlement**

16.     In accordance with Bankruptcy Rule 9019 and Section 1123(b)(3)(A) of the Bankruptcy Code, the Tesco Settlement set forth in Section IV.A of the Plan is ratified and APPROVED. The Tesco Settlement constitutes a good faith compromise and settlement, is in the best interests of the Debtors, the Reorganized Debtors and their respective property and Claim and Interest holders and is fair, equitable and reasonable. In exchange for, among other things, the release of any and all Claims and Causes of Action against the Tesco Released Parties

- 8 -

by the Debtors and holders of Claims that are unimpaired under the Plan, Tesco shall take the actions required by, and be entitled to the consideration set forth in, the Tesco Settlement.

**II.**          **Approval of General Settlement of Claims and Controversies**

17.    Pursuant to Bankruptcy Rule 9019 and Section 1123(b)(3)(A) of the Bankruptcy Code, the comprehensive settlement of Claims and controversies set forth in Section IV.B of the Plan is APPROVED. As of the Effective Date, the compromise or settlement of all Claims or controversies pursuant to the Plan constitutes a good faith compromise and settlement, is in the best interests of the Debtors, the Reorganized Debtors and their respective property and Claim and Interest holders and is fair, equitable and reasonable.

**III.**          **Approval of Substantive Consolidation For Plan Purposes Only**

18.    The limited substantive consolidation of the Debtors' Estates pursuant to Section IV.C.1 of the Plan is APPROVED. On and after the Effective Date, (i) all assets to be used for distributions to creditors of either Debtor will be treated as though they were merged into the Reorganized Debtors; (ii) any obligation of either Debtor and all guarantees thereof executed by, or joint liability of, either Debtor will be treated as one obligation of the Reorganized Debtors for distribution purposes pursuant to the Plan; and (iii) any Claims filed against either Debtor shall be treated as a single Claim filed against the Reorganized Debtors, for distribution purposes pursuant to the Plan.

19.    Notwithstanding the foregoing, the substantive consolidation of the Debtors for Plan purposes shall not affect or impair (i) any rights, Claims or remedies or defenses of the separate Debtors as of the Petition Date; (ii) the legal and organizational structure of either Debtor; and (iii) claims under or with respect to any insurance policy of either Debtor (or any right to the proceeds of any such policy or policies).

- 9 -

IV.         **Cancellation of Interests and Issuance of New Securities**

20.      Cancellation of Interests.  On the Effective Date and notwithstanding the substantive consolidation of the Debtors' Estates set forth in Section IV.C.1 of the Plan, (a) all of the issued and outstanding Interests in the Debtors will be cancelled; and (b)(i) Reorganized Old FENM Inc. shall issue the Old FENM Inc. New Securities to a Tesco Entity designated by Tesco and (ii) Reorganized Old FEPC LLC shall issue the Old FEPC LLC New Securities to a Tesco Entity designated by Tesco.

21.      Good Faith Issuance of New Securities.  The Debtors and their Representatives and Tesco and its Representatives each have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code with respect to the issuance of the Old FENM Inc. New Securities and the Old FEPC LLC New Securities.  As such, (i) the Debtors and their Representatives and (ii) Tesco and its Representatives are entitled to the benefits and protections of Section 1125(e) of the Bankruptcy Code.

22.      Exemptions From Securities Laws.  The issuance and distribution of the Old FENM Inc. New Securities and the Old FEPC LLC New Securities to the holders of Class 4 Claims under the Plan are exempt from the registration and prospectus delivery requirements of Section 5 of the Securities Act and any similar federal, state or local law pursuant to Section 1145(a) of the Bankruptcy Code.

V.         **Continued Corporate Existence; Change in Control**

23.      Continued Corporate Existence.  Except as otherwise provided in the Plan, each Debtor shall, as a Reorganized Debtor, continue to exist after the Effective Date as a separate legal entity, each with all the powers of corporation or limited liability company, as applicable, under the laws of its respective jurisdiction of organization and without prejudice to

- 10 -

any right to alter or terminate such existence (whether by merger or otherwise) under applicable state law.

24.    No Change in Control. The transactions contemplated under the Plan shall not be deemed or considered a change of control that would result in any acceleration, vesting or similar change of control rights under any agreements or arrangements triggered by the consummation of the Plan.

## VI.    Revesting of Reorganized Debtors' Assets in the Reorganized Debtors

25.    Pursuant to Sections 1123(a)(5), 1123(b)(3) and 1141(b) of the Bankruptcy Code and except as otherwise expressly provided in the Plan, all of the Reorganized Debtors' Assets will automatically be retained and revested in the relevant Reorganized Debtor or its respective successor, free and clear of all Claims, Liens, contractually-imposed restrictions, charges, encumbrances and Interests of creditors and equity security holders on the Effective Date, with all such Claims, Liens, contractually-imposed restrictions, charges, encumbrances and Interests being extinguished except as otherwise provided in the Plan. As of the Effective Date, the Reorganized Debtors may acquire and dispose of property and settle and compromise Secured Claims, Administrative Claims, Priority Tax Claims, Priority Claims and General Unsecured Claims without supervision of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than those restrictions expressly imposed by this Plan and the Confirmation Order. Without limiting the foregoing, the Reorganized Debtors may pay the charges they incur for professional fees, disbursements, expenses or related support services after the Effective Date without any application to the Bankruptcy Court.

## VII.    Corporate Action

26.    Pursuant to Section 1142 of the Bankruptcy Code, Section 303 of the Delaware General Corporation Law and any comparable provisions of the business corporation

- 11 -

law of any other state (collectively, the "Reorganization Effectuation Statutes") and without further action by the Bankruptcy Court or the stockholders, members, managers or board of directors of any Debtor or Reorganized Debtor, the officers of the appropriate Debtor or Reorganized Debtor the Debtors and the Reorganized Debtors (collectively, the "Responsible Officers") are authorized to (a) take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan, this Confirmation Order and the transactions contemplated thereby or hereby, including those transactions identified in Article IV of the Plan; and (b) execute and deliver, adopt or amend, as the case may be, any contracts, instruments, releases, agreements and documents necessary to implement, effectuate and consummate the Plan and all related documents (collectively, the "Plan-Related Documents"), including, without limitation, those contracts, instruments, releases, agreements and documents identified in Article IV of the Plan.

27.     To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the stockholders or directors of any of the Debtors or Reorganized Debtors, this Confirmation Order will, pursuant to Section 1142 of the Bankruptcy Code and the Reorganization Effectuation Statutes, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors and stockholders of the appropriate Debtor or Reorganized Debtor.

28.     The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of any Debtor or any Reorganized Debtor or any director or officer thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan, this Confirmation Order and the transactions contemplated thereby or hereby. In addition to the authority to execute and deliver,

- 12 -

adopt or amend the contracts, instruments, releases and other agreements specifically granted in this Confirmation Order and without any further action in the Bankruptcy Court or any further action by its directors, managers, trustees, members or stockholders, each of the Debtors and the Reorganized Debtors is authorized and empowered to take any and all such actions as any of its Responsible Officers may determine are necessary or appropriate to implement, effectuate and consummate the Plan, this Confirmation Order and the transactions contemplated thereby or hereby.

## VIII.     Effectuating Documents; Further Transactions; Exemption from Certain Transfer Taxes

29.     The Reorganized Debtors and Tesco or their designees, as applicable, are authorized to (i) execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan and (ii) certify or attest to any of the foregoing actions. Pursuant to Section 1146(a) of the Bankruptcy Code, the following transactions and related items are exempt from taxation under stamp, real estate transfer, mortgage recording, sales or use or other similar tax: (i) any transaction undertaken to implement the terms of this Plan, including, without limitation, the transfer of any assets or property to the Reorganized Debtors; and (ii) the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including, without limitation, any merger agreements or agreements of consolidation, disposition, liquidation or dissolution executed in connection with any transaction pursuant to the Plan.

## IX.     Release of Liens

30.     Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document assumed, entered into or delivered in connection with

- 13 -

the Plan, on the Effective Date and consistent with the treatment provided for Claims and

Interests in Article III of the Plan, all Liens on, in or against the Reorganized Debtors' Assets

shall be fully released and discharged, and all of the right, title and interest of any holder of

Liens, including any rights to any Collateral thereunder, shall revert to the applicable

Reorganized Debtor and its successors and assigns.

## APPROVAL OF EXECUTORY CONTRACT AND UNEXPIRED LEASE PROVISIONS AND RELATED PROCEDURES

31.    The Executory Contract and Unexpired Lease provisions of Article V of

the Plan are specifically APPROVED.

32.    This Confirmation Order shall constitute an order of the Bankruptcy

Court, pursuant to Section 365 of the Bankruptcy Code, approving the rejections and

assumptions, assumptions and assignments described in Sections V.A and V.C of the Plan as of

the Effective Date.  The procedures for assumption of an Executory Contract or Unexpired

Leases as set forth in Section V.C.4 of the Plan are APPROVED in all respects.

33.    To the extent that Cure Amount Claims constitute monetary defaults and

in accordance with Section 365(b)(1) of the Bankruptcy Code, the Cure Amount Claims

associated with each Executory Contract and Unexpired Lease to be assumed pursuant to the

Plan will be satisfied at the option of the Debtor or Reorganized Debtor assuming such contract

or lease or the assignee of such Debtor or Reorganized Debtor, if any, (i) by payment of the Cure

Amount Claim in Cash on or after the Effective Date from the Administrative/Priority Claims

Reserve (which, pursuant to Section VI.E.1 of the Plan will be disbursed at the times specified in

Articles III and IV of the Plan), as and when such Claim becomes an Allowed Claim; or (ii) on

such other terms as are agreed to by the parties to such Executory Contract or Unexpired Lease.

- 14 -

34.     Pursuant to Section 365(b)(2)(D) of the Bankruptcy Code, no Cure

Amount Claim will be allowed for a penalty rate or other form of default rate of interest. If there

is a dispute regarding (i) the amount of any Cure Amount Claim; (ii) the ability of the applicable

Reorganized Debtor or any assignee to provide "adequate assurance of future performance"

(within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to be

assumed; or (iii) any other matter pertaining to assumption of such contract or lease, the

disbursement of any Cure Amount Claim required by Section 365(b)(1) of the Bankruptcy Code

will be made following the resolution of such dispute by the parties or the entry of a Final Order

resolving the dispute and approving the assumption.

## RELEASE AND LIMITATION OF LIABILITY PROVISIONS

35.     The Plan release, limitation of liability and injunction provisions as set

forth in, among others, Sections IV.A, IV.B, IV.D, IV.F and IX.A of the Plan are APPROVED in

all respects, are incorporated herein in their entirety, are so ordered and shall be immediately

effective on the Effective Date of the Plan without further action by the Bankruptcy Court, any

of the parties to such releases or any other party.

I.     **General Release by the Debtors**

36.     **Without limiting any applicable provisions of, or releases contained**

**in, the Sale Orders or the Plan, as of the Effective Date, the Debtors, on behalf of**

**themselves, their Estates and their respective successors, assigns and any and all Entities**

**who may purport to claim by, through, for or because of them, shall be deemed to forever**

**release, waive and discharge all Causes of Action, including but not limited to any**

**Chapter 5 Claims and Affiliate Causes of Action, arising prior to the Effective Date that**

**such Entity has, had or may have against each of the Released Parties; _provided, however_,**

**that the releases provided in this paragraph shall have no effect on: (a) the liability of any**

- 15 -

Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan, or any contract, instrument, release or other agreement or document to be assumed, entered into or delivered in connection with the Plan; or (b) the liability of any Entity that would otherwise result from any act, omission or occurrence since the Petition Date to the extent that such act, omission or occurrence is determined in a Final Order to have constituted gross negligence or willful misconduct.

II.        **Third Party Releases**

37.    Without limiting any applicable provisions of, or releases contained in, the Plan or the Bankruptcy Code, as of the Effective Date, in consideration for the consideration provided to the Debtors by the Tesco Settlement and the payment in full and unimpairment of Allowed Secured Claims, Administrative Claims, Priority Tax Claims, Priority Claims and General Unsecured Claims, each holder of a Secured Claim, Administrative Claim, Priority Tax Claim, Priority Claim, and General Unsecured Claim shall be deemed to forever release, waive and discharge all Claims and Causes of Action in any way relating to any Debtor, the Bankruptcy Case or the Plan that such Entity has, had or may have against any of the Released Parties (which release shall be in addition to the injunction of Claims provided herein and under the Confirmation Order and the Bankruptcy Code), excluding only any obligations of any of the Released Parties under the Plan.

III.       **Injunction Related to Releases**

38.    As further provided in Section IX.A of the Plan, the Confirmation Order enjoins permanently the commencement or prosecution by any Entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released pursuant to the Plan,

- 16 -

including, without limitation, the Chapter 5 Claims released pursuant to Section IV.A.2.c
of the Plan.

IV.        **Limitation of Liability**

39.    From and after the Effective Date, the Exculpated Parties shall neither

have nor incur any liability to any Entity or be subject to any Cause of Action for any act taken

or omitted to be taken in connection with, related to or arising out of the Bankruptcy Cases, the

Debtors, their Estates or the consideration, formulation, preparation, dissemination,

implementation, Confirmation, consummation or administration of the Plan, the Disclosure

Statement, the Sales, any Other Sales or any transaction proposed in connection with the

Bankruptcy Cases or any contract, instrument, release or other agreement or document created or

entered into, or any other act taken or omitted to be taken, in connection therewith; provided,

however, that the provisions of Section IV.D.4 of the Plan shall have no effect on:  (i) the

liability of any Entity that would otherwise result from the failure to perform or pay any

obligation or liability under the Plan, or any contract, instrument, release, or other agreement or

document to be assumed, entered into or delivered in connection with the Plan; or (ii) the

liability of any Entity that would otherwise result from any act, omission or occurrence to the

extent that such act, omission or occurrence is determined in a Final Order to have constituted

gross negligence or willful misconduct.

40.    Notwithstanding any other provision of the Plan, no holder of a Claim or

Interest, no other party in interest, none of their respective agents, employees, representatives,

financial advisors, attorneys or affiliates and no successors or assigns of the foregoing shall have

any right of action against any Exculpated Party for any act or omission in connection with,

relating to or arising out of the Bankruptcy Cases, the Debtors, their Estates or the consideration,

formulation, preparation, dissemination, implementation, Confirmation, consummation or

- 17 -

administration of the Plan, the Disclosure Statement, the Sales, any Other Sales or any

transaction or document created or entered into, or any other act taken or omitted to be taken, in

connection therewith, except for: (i) the liability of any Entity that would otherwise result from

the failure to perform or pay any obligation or liability under the Plan, or any contract,

instrument, release, or other agreement or document to be assumed, entered into or delivered in

connection with the Plan; or (ii) the liability of any Entity that would otherwise result from any

act, omission or occurrence since the Petition Date to the extent that such act, omission or

occurrence is determined in a Final Order to have constituted gross negligence or willful

misconduct.

## INJUNCTIONS, SUBORDINATION OF RIGHTS AND THE AUTOMATIC STAY

**I.**          **Injunctions**

           41.    **Claims Enjoined.  Except as provided in the Plan or this**

**Confirmation Order, as of the Effective Date, all Entities that have held, currently hold or**

**may hold a Claim or other debt or liability that would be discharged upon Confirmation**

**but for the provision of Section 1143(d)(3) of the Bankruptcy Code or an Interest or other**

**right of an equity security holder that is terminated pursuant to the terms of the Plan shall**

**be permanently enjoined from taking any of the following actions on account of any such**

**Claims, debts or liabilities, Interests or rights:  (a) commencing or continuing in any**

**manner any action or other proceeding against the Debtors or the Reorganized Debtors,**

**other than to enforce any right pursuant to the Plan; (b) enforcing, attaching, collecting or**

**recovering in any manner any judgment, award, decree or order against the Debtors or the**

**Reorganized Debtors, other than as permitted pursuant to (a) above; (c) creating,**

**perfecting or enforcing any Lien or encumbrance against the Debtors, the Reorganized**

**Debtors or their respective property; (d) asserting a setoff (except as otherwise permitted**

- 18 -

under the Plan) or a right of subrogation of any kind against any debt, liability or obligation due to the Debtors or the Reorganized Debtors; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

42.    **Enforcement Enjoined.**  Except as provided in the Plan or herein, as of the Effective Date, all Entities that have held, currently hold or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities that are released, waived, settled or deemed satisfied pursuant to the Plan shall be permanently enjoined from taking any of the following actions against any released Entity or its property on account of such Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities:  (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any Lien or encumbrance; (d) asserting a setoff (except as otherwise provided in Section IX.A.2 of the Plan) or any right of subrogation of any kind against any debt, liability or obligation due to any released Entity; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

43.    **Consent to Injunction.**  By accepting distributions pursuant to the Plan, each holder of an Allowed Claim that receives a distribution under the Plan will be deemed to have specifically consented to the injunctions set forth in Section IX.A of the Plan.

- 19 -

## II.        Subordination of Rights

44.      The classification and manner of satisfying Claims and Interests under the

Plan does not take into consideration subordination rights among and between holders of Claims

against the Debtors, and nothing in the Plan or Confirmation Order shall affect any subordination

rights among and between holders of Claims against the Debtors with respect to any distribution

to be made pursuant to the Plan, whether arising under general principles of equitable

subordination, contract, Section 510(c) of the Bankruptcy Code or otherwise.

## III.       Automatic Stay

45.      Except as provided herein or otherwise determined by order of the

Bankruptcy Court, the automatic stay imposed by operation of Section 362 of the Bankruptcy

Code shall remain in full force and effect until the earlier of the time the Bankruptcy Cases are

closed or dismissed.

## OBJECTIONS TO CONFIRMATION

46.      The Plan Modifications resolve the United States Trustee's objection to the

Plan in its entirety.

## OTHER PLAN RELATED MATTERS

## I.        Retention of Jurisdiction by the Bankruptcy Court

47.      Notwithstanding the entry of this Confirmation Order and the occurrence

of the Effective Date, pursuant to Article X of the Plan, the Bankruptcy Court shall retain such

exclusive jurisdiction over the Bankruptcy Cases and any matter related to the Bankruptcy Cases

after the Effective Date as is legally permissible, including exclusive jurisdiction over the matters

described in Sections X.1.-16 of the Plan. To the extent that it is not legally permissible for the

Bankruptcy Court to have exclusive jurisdiction over any of the matters described in Article X of

the Plan, the Bankruptcy Court shall have nonexclusive jurisdiction over such matters to the extent legally permissible.

**II.**        **Retained Causes of Action**

48.        Except as expressly provided in the Plan, nothing contained in the Plan or this Confirmation Order will be deemed to be a waiver or relinquishment of any rights or Retained Causes of Action that the Debtors or the Reorganized Debtors may have or that the Reorganized Debtors may choose to assert on behalf of their respective Estates under any provision of the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, any and all Retained Causes of Action against any Entity, to the extent such Entity asserts a crossclaim, counterclaim and/or claim for setoff that seeks affirmative relief against the Debtors, the Reorganized Debtors, their officers, directors or representatives.

49.        Except as set forth in the Plan, nothing contained in the Plan or this Confirmation will be deemed to be a waiver or relinquishment of any rights or Retained Causes of Action that the Debtors had immediately prior to the Petition Date or the Effective Date against or with respect to any Retained Causes of Action.  The Reorganized Debtors will have, retain, reserve and be entitled to assert all such rights and Retained Causes of Action as fully as if the Bankruptcy Case had not been commenced, and the Reorganized Debtors' legal and equitable rights respecting any Retained Causes of Action may be asserted after the Confirmation Date to the same extent as if the Bankruptcy Case had not been commenced.

**III.**        **Post-Effective Date Committee**

50.        On the Effective Date, the Creditors' Committee shall be reconstituted as the Post- Effective Date Committee consisting of the holders of Allowed Claims in Class 3 identified on a notice that the Creditors' Committee shall file with the Bankruptcy Court no later than 14 days prior to the Confirmation Hearing.  The members of the Creditors' Committee who

- 21 -

are not members of the Post-Effective Date Committee shall be released and discharged from all

duties and obligations arising from or related to their membership. The Professionals retained by

the Creditors' Committee and the respective members thereof shall not be entitled to assert any

Professional Fee Claims for any services rendered or expenses incurred on behalf of the

Creditors' Committee after the Effective Date, except for fees for time spent and expenses

incurred: (i) in connection with any applications for allowance of compensation and

reimbursement of expenses pending on the Effective Date or Filed and served after the Effective

Date pursuant to Section III.A.1.c.ii of the Plan; or (ii) in connection with any appeal pending as

of the Effective Date, including any appeal of the Confirmation Order.

51.    The Post-Effective Date Committee's duties shall consist solely of

monitoring the Reorganized Debtors' performance under the Plan and conduct of the Claims

resolution process. The Reorganized Debtors shall pay the Post-Effective Date Committee Fees

as post-Effective Date obligations, provided that in no event shall the Post-Effective Date

Committee Fees exceed $25,000. The Post-Effective Date Committee shall dissolve upon

resolution and/or payment of all Class 3 Claims.

**IV.         Conflict Between Plan and Confirmation Order**

52.    If there is any direct conflict between the terms of the Plan and the

Confirmation Order, the terms of the Confirmation Order shall control.

**V.          Notice of Entry of Confirmation Order**

53.    Service of Notice of the Confirmation Order.  Pursuant to Bankruptcy

Rules 2002(f)(7) and 3020(c), the Reorganized Debtors are directed to serve, within 7 days after

the occurrence of the Effective Date, a notice of the entry of this Confirmation Order, which

shall include notice of the bar dates established by the Plan and this Confirmation Order and

notice of the Effective Date, substantially in the form of Exhibit C attached hereto and

- 22 -

incorporated herein by reference (the "Notice of Effective Date"), on all parties that received notice of the Confirmation Hearing; provided, however, that the Reorganized Debtors shall be obligated to serve the Notice of Effective Date only on the record holders of Claims or Interests as of the Confirmation Date; provided, further, that the Reorganized Debtors shall not be required to serve the Notice of Effective Date on any holder of Claims or Interests where the prior service of the notice of the Confirmation Hearing was returned to the Debtors as undeliverable and no forwarding address has been provided.

54.     Publication Notice of Confirmation Order.  No later than 7 days after the Effective Date, the Reorganized Debtors are directed to publish the Notice of Effective Date, substantially in the form attached hereto as Exhibit C, once in *The Los Angeles Times* and the national edition of *The Wall Street Journal*.

Dated:  July 2, 2014

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

- 23 -